

DANNY JAMES COHEA
NAME
CDCR # J13647
PRISON NUMBER
CALSP- Calipatria State Prison
P.O. BOX 5002, 7018 Blair RD.
CURRENT ADDRESS OR PLACE OF CONFINEMENT
Calipatria, CA. 92233-5002
CITY, STATE, ZIP CODE

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓ ProSe

FILED
OCT 17 PM 3:46
US DIST... COURT
N DISTRICT OF CALIFORNIA
RM
DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,
(FULL NAME OF PETITIONER)
**PETITIONER**

v.

L. E. SCRIBNER, WARDEN
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])
**RESPONDENT**
and

EDMUND G. BROWN, JR.,
The Attorney General of the State of
California, Additional Respondent.

'07 CV 2013 J    JMA

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: (Prison Discipline) Imperial County (California) AFTER FILING OF THE ADMINISTRATIVE REMEDIES

2. Date of judgment of conviction: November 21, 2006 (Denial Order)

3. Trial court case number of the judgment of conviction being challenged: EHC 00790 (REGARDING TWO C.D.C.R. Rule Violation Reports (RVR) Guilty Finding)

4. Length of sentence: Loss of Good-Time Credit (60 & 90 days) + Ad-Seg.

CIV 68 (Rev. 11/98)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: _PLACED IN ADMINISTRATIVE (AD) SEGREGATION (SEG) ON FEBRUARY 21, 2006 UNTIL MARCH 29, 2007_

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _FOUND GUILTY OF CALIFORNIA CODE OF REGULATION (CCR) TITLE 15 SECTION 3007 (RVR ISSUED 2/22/06 -- FOUND GUILTY ON 3/29/06)(RVR 3/11/06 - Guilty 4/19/06)_

7. What was your plea? (CHECK ONE)
   (a) Not guilty     ☒
   (b) Guilty         ☐
   (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ☐
   (b) Judge only   ☒   _(HABEAS CORPUS PETITION)_

9. Did you testify at the trial?
   ☒ Yes   ☐ No   _(TESTIFIED AT THE RVR HEARINGS)._

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes   ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _TWO (2) DENIALS (WITH TWO DIFFERENT CASE NUMBERS),_
    (b) Date of result, case number and citation, if known: _MARCH 27, 2007/MAY 10, 2007 (#D049926) + MAY 10, 2007 (#D050641)_
    (c) Grounds raised on direct appeal: _(ALL ISSUES RELATED TO PRISON DISCIPLINE RVR VIOLATIONS, AND ADDITIONAL GROUND OF SUPERIOR COURT'S CLEARLY ERRONEOUS HABEAS CORPUS REVIEW), AND PROCEDURAL DUE PROCESS VIOLATIONS._

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _N/A_
    (b) Date of result, case number and citation, if known: _N/A_
       _N/A_
    (c) Grounds raised: _N/A_
       _N/A_
       _N/A_
       _N/A_

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

   (a) Result: _____ *N/A*

   (b) Date of result, case number and citation, if known: _____ *N/A*

   _____ *N/A*

   (c) Grounds raised: _____ *N/A*

   _____ *N/A*

   _____ *N/A*

   _____ *N/A*

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
  ☒ Yes ☐ No

15. If your answer to #15 was "Yes," give the following information:

   (a) <u>California Superior Court</u> Case Number: *EHC 00790*

   (b) Nature of proceeding: *HABEAS CORPUS PETITION*

   (c) Grounds raised: *PROCEDURAL DUE PROCESS VIOLATIONS OF WOLFF V. McDONNELL (1974) 418 U.S. 539 FOR THE INSTITUTIONAL CLASSIFICATION COMMITTEE (ICC); AND PROCEDURAL DUE PROCESS VIOLATION REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES.*

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☒ No

   (e) Result: *DENIED*

   (f) Date of result: *NOVEMBER 21, 2006*

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
  ☒ Yes ☐ No

17. If your answer to #17 was "Yes," give the following information:

   (a) <u>California Court of Appeal</u> Case Number: *D049926 AND D050641*

   (b) Nature of proceeding: *HABEAS CORPUS PETITION*

   (c) Grounds raised: *PROCEDURAL DUE PROCESS VIOLATIONS, WOLFF, SUPRA, FOR*

CIV 68 (Rev. 11/98)

K:\COMMON\FORMS\CIV-68.

*ICC AND EXHAUSTION; PROCEDURAL DUE PROCESS VIOLATIONS BY BIAS RVR HEARING OFFICER; HILL & EDWARDS VIOLATIONS; ADMINISTRATIVE GRIEVANCE VIOLATIONS FIRST & FOURTEENTH AMND.*

(d)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

(e)  Result: *DENIED (#D049926) AND (D050641)*

(f)  Date of result: *MARCH 27, 2007 AND MAY 10, 2007*

18.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes  ☐ No

19.  If your answer to #19 was "Yes," give the following information:

(a)  **California Supreme Court** Case Number: *S154383*

(b)  Nature of proceeding: *HABEAS CORPUS PETITION AND "SUPPLEMENTAL PLEADING"*

(c)  Grounds raised: *PROCEDURAL DUE PROCESS VIOLATIONS, WOLFF, EDWARDS, HILL, SUPRA, FOR ICC AND EXHAUSTION; PROCEDURAL DUE PROCESS VIOLATIONS BY BIAS RVR HEARING OFFICERS; ADMINISTRATIVE GRIEVANCES VIOLATIONS FIRST AND FOURTEENTH AMENDMENT; SUPERIOR COURT REVIEW VIOLATIONS & ETC....*

(d)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

(e)  Result: *DENIED (#S154383)*

(f)  Date of result: *July 25, 2007*

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

*N/A*
*N/A*
*N/A*
*N/A*

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☒ Yes ☐ No    (IF "YES" SKIP TO #11)

    (a)  If no, in what federal court was the prior action filed? _____ *N/A*

      (i) What was the prior case number? _____ *N/A*

      (ii) Was the prior action (CHECK ONE):

          ☐ Denied on the merits?

          ☐ Dismissed for procedural reasons?

      (iii) Date of decision: _____ *N/A*

    (b)  Were any of the issues in this current petition also raised in the prior federal petition?

      ☐ Yes ☐ No      *N/A*

    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?

      ☐ Yes ☐ No      *N/A*

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION WHEN FAILING TO APPOINT REQUESTED INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE AND WITNESS FOR "ICC" ON "SEGREGATION ORDER"!

Supporting FACTS (state *briefly* without citing cases or law) ON FEBRUARY 21, 2006 (WHILE PETITIONER WAS IN "ORIENTATION" STATUS WAITING TO BE SEEN BY INSTITUTION CLASSIFICATION ("ICC") COMMITTEE OF "CALIPATRIA" STATE PRISON, FOLLOWING PETITIONER'S FEBRUARY 09, 2006 TRANSFER FROM "CORCORAN" STATE PRISON), CORRECTIONAL COUNSELOR (I) A. ARIAS HAD PETITIONER REMOVED FOR ORIENTATION STATUS FOR PLACEMENT IN ADMINISTRATIVE SEGREGATION ("AD-SEG") BY ISSUING PETITIONER A "SEGREGATION ORDER" ("CDC 114-D") FORM, ALLEGING THAT PETITIONER AT "3:00 P.M. ENGAGED IN 'SUSTAINED MASTURBATION WITHOUT EXPOSURE' IN HIS ASSIGNED CELL 'C3-110' WHICH IS LOCATED ACROSS FROM THE COUNSELOR'S OFFICE WINDOW IN HOUSING UNIT C3", PETITIONER'S ASSERTIONS ARE THAT THE CDC-114-D OF COUNSELOR A. ARIAS CONTENDING "SUSTAIN MASTURBATION 'WITHOUT EXPOSURE'" VIOLATED THE PROCEDURAL DUE PROCESS RIGHT REQUIREMENT OF CALIFORNIA CODE OF REGULATIONS ("CCR") RULE SECTION ("§") 3338(e) WHICH STATE IN PERTINENT PART "... THE HEARING [i.e., ICC] WILL ASSUME THE ALLEGED MISCONDUCT OR CRIMINAL ACTIVITIES TO BE FACTUAL AS REPORTED IN THE SEGREGATION ORDER...." (QUOTATION MARKS AND UNDERSCORES ADDED.) THEREFORE, PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS WERE FURTHER

Did you raise GROUND ONE in the California Supreme Court?
☒ Yes ☐ No.

CIV 68 (Rev. 11/98)

K:\COMMON\FORMS\CIV-68.

VIOLATED BY CORRECTIONAL SERGEANT R. SILVAS AND CORRECTIONAL LIEUTENANT D. R. GONZALES ON FEBRUARY 21, 2006 WHEN BOTH FAILED (AS REQUIRED PURSUANT TO CCR RULE § 3339(a)) TO "WITHDRAW" COUNSELOR A. ARIAS' FEBRUARY 21, 2006 "SEGREGATION ORDER BEFORE IT [WAS] ACTED UPON OR PRIOR TO A[N ICC] HEARING ON THE ORDER"; DUE TO COUNSELOR A. ARIAS' ALLEGATION OF "PETITIONER'S 'SUSTAINED MASTURBATION' WITHOUT EXPOSURE" "WASN'T "FACTUAL AS REPORTED". (SEE CCR RULE §§ 3338(e), 3339(a); CF CCR RULE § 3312(a)(3)(A).)

THEREUPON, PETITIONER'S FEBRUARY 21, 2006 AD-SEG #2 (WHICH IS FACILITY "A" BUILDING "5") PLACEMENT, PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS WERE FURTHER VIOLATED AS WAS REQUIRED BY CCR RULE § 3337 WHEN ON FEBRUARY 22, 2006 CORRECTIONAL CAPTAIN LEAPHEART (WITH CORRECTIONAL OFFICER ("C/O") S.F. "ARIAS" COUNSELOR A. ARIAS BROTHER OR HUSBAND STANDING GUARD OVER PETITIONER) BIASLY RETAINED PETITIONER IN AD-SEG "DUE TO SEXUAL MISCONDUCT POSES AS THREAT TO SAFETY AND SECURITY"; WHEN IT WAS EVIDENT COUNSELOR A. ARIAS' CDC-114-D ALLEGATIONS WERE NOT "FACTUAL AS REPORTED" REQUIRING PETITIONER TO HAD BEEN RELEASED FROM "AD-SEG".

HENCEFORTH, SINCE PETITIONER'S AD-SEG PLACEMENT ON COUNSELOR A. ARIAS' FEBRUARY 21, 2006 UNFACTUAL REPORTED CDC 114-D SEGREGA-TION ORDER HADN'T BEEN "WITHDRAWN" ON FEBRUARY 21, 2006 AND CAUSED PETITIONER TO BE "RETAINED" IN AD-SEG ON FEBRUARY 22, 2006 PENDING ICC HEARING REVIEW OF THE CDC 114-D, PETITIONER BECAUSE THE CLEAR BIAS, THEN EXERCISED HIS PROCEDURAL DUE PROCESS RIGHTS EXPRESSING HIS DESIRE TO CALL WITNESSES AND TO BE ASSIGNED A STAFF ASSISTANCE ("SA") AND INVESTIGATIVE EMPLOYEE ("IE") FOR THE MARCH 02, 2006 ICC HEARING.

6(a)

PETITIONER ON FEBRUARY 27, 2006 (FOUR DAYS PRIOR TO THE MARCH 02, 2006 ICC HEARING REGARDING COUNSELOR A. ARIAS' FEBRUARY 21, 2006 CDC 114-D UNFACTUALLY REPORTED ALLEGATIONS) SUBMITTED A "WRITTEN" REQUEST(S) (i.e., A GA-22 CDC FORM "INMATE REQUEST FOR INTERVIEW") PURSUANT TO CCR RULE §§ 3336 (a) AND 3337 (b) TO AD-SEG #2 (A5) COUNSELOR AND THE OFFICE THE OMNIBUSMAN EXPLICITLY REQUESTING TO BE APPOINTED AN INVESTIGATIVE EMPLOYEE FOR THE PRESENTING OF "DOCUMENTARY EVIDENCE" AND FOR THE QUESTIONING AND CALLING OF "WITNESS(ES) (GIVING "WRITTEN" NOTICE OF THE WITNESSES DESIRED)" FOR THE MARCH 02, 2006 INSTITUTION CLASSIFICATION COMMITTEE (ICC), AND THAT "WITHOUT PETITIONER DESIRING ADDITIONAL TIME TO PREPARE FOR THE 'CLASSIFICATION HEARING' AS SET FORTH IN 3337(d)."

NEVERTHELESS, THE MARCH 02, 2006 ICC HEARING WAS HELD CONCERNING COUNSELOR A. ARIAS' FEBRUARY 21, 2006 UNFACTUALLY REPORTED ALLEGATIONS, PETITIONER WAS RECOMMENDED (TO THE CLASSIFICATION STAFF REPRESENTATIVE ("CSR")) FOR "90 DAYS 'AD-SEG' RETENTION" PENDING THE DISPOSITION OF COUNSELOR A. ARIAS' RULE VIOLATION REPORT ("RVR") (THAT AS OF MARCH 02, 2006 PETITIONER HADN'T BEEN ISSUED COUNSELOR A. ARIAS' RVR ALLEGATIONS), THAT CSR APPROVED THE AD-SEG "90 RETENTION" "WITHOUT PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS TO "IE AND WITNESSES, AND TO PRESENT 'DOCUMENTARY EVIDENCE' FOR THE MARCH 02, 2006 'ICC' HEARING" EVERY BEING HONORED BY INSTITUTION STAFF.

6(b)

**(b) GROUND TWO:** FIRST AND FOURTEENTH AMENDMENTS VIOLATIONS TO PETITION THE GOVERNMENT OF REDRESS OF GRIEVANCE AND PROCEDURAL DUE PROCESS VIOLATION ON ADMINISTRATIVE GRIEVANCE

Supporting **FACTS** (state *briefly* without citing cases or law): FOLLOWING THE "UNFACTUALLY REPORTED" ALLEGATIONS IN COUNSELOR A. ARIAS' FEBRUARY 21, 2006 COC 114-D (WHICH PLACED PETITIONER IN AD-SEG) AND CORRECTIONAL SERGEANT R. SILVAS AND CORRECTIONAL LIEUTENANT D. R. GONZALES FEBRUARY 21, 2006 BIASLY FAILURE TO "WITHDRAW" COUNSELOR A. ARIAS' COC-114-D BEFORE IT WAS ACTED UPON OR PRIOR TO ICC HEARING. AND ALSO FOLLOWING CORRECTIONAL CAPTAIN LEAPHEART'S FEBRUARY 22, 2006 BIASLY "RETENTION" OF PETITIONER IN AD-SEG (WHERE C/O S.F. "ARIAS" STOOD GUARD OVER PETITIONER AT THAT "SEGREGATION ORDER 'REVIEW' "), AND AFTER PETITIONER'S FEBRUARY 27, 2006 "WRITTEN" REQUEST FOR "IE AND WITNESSES FOR THE MARCH 02, 2006 ICC HEARING" HAD BEEN IGNORED COMPLETELY BEFORE, DURING AND AFTER THE ICC HEARING ON MARCH 02, 2006 BY ICC COMMITTEE MEMBERS, PETITIONER SUBMITTED AN ADMINISTRATIVE GRIEVANCE (COC FORM 602 "APPEAL") DATED MARCH 05, 2006 EXPRESSING ALL OF THE AFOREMENTIONED, SUPRA, PROCEDURAL DUE PROCESS VIOLATIONS, REQUESTING AN "INVESTIGATION" BE CONDUCTED INTO THE MATTERS REGARDING COUNSELOR A. ARIAS PURSUANT TO CCR Rule § 3391 (WITH STAFF COMPLAINT ATTACHED RELATING TO COUNSELOR A. ARIAS). ON MARCH 21, 2006, CALIPATRIA'S INMATE APPEALS OFFICE ASSIGNED APPEAL LOG # "CAL-A-06-0639" AS APPEAL ISSUE "SEGREGATION HEARING" AND ASSIGNED A "DUE DATE" FOR COMPLETION OF "MAY 03, 2006" BY "SECOND LEVEL REVIEW ('AW C/O')".

Did you raise GROUND TWO in the California Supreme Court?
☒ Yes ☐ No.

PETITIONER ASSERTS, THE PROCEDURAL DUE PROCESS VIOLATIONS ARE:) THE APPEAL (CAL-A-06-00639) WAS ASSIGNED TO "CORRECTIONAL COUNSELOR (II) 'J. MUDRA' FOR 'SECOND LEVEL REVIEW' AND INTERVIEW OF PETITIONER ON APRIL 04, 2006"; COUNSELOR "J. MUDRA" WAS THE CALIPATRIA STAFF MEMBER THAT PETITIONER'S FEBRUARY 27, 2006 "INMATE REQUEST FOR INTERVIEW" FOR "IE AND WITNESSES FOR THE MARCH 02, 2006 ICC HEARING" (THAT WAS IGNORED) HAD BEEN ROUTED TO (AND HE RECEIVED) PRIOR TO THE MARCH 02, 2006 ICC CDC 114-D HEARING. AND COUNSELOR "J. MUDRA" WAS ALSO ONE OF THE ICC MARCH 02, 2006 MEMBERS. THUS, CLEARLY VIOLATING CCR RULE § 3084.5 (c), (e); cf. CCR RULE § 3320 (h); 2) THE APPEAL "TIME LIMITS" REQUIREMENT WAS VIOLATED, BECAUSE THOUGH APPEAL (CAL-A-06-00639) WAS FILED ON "MARCH 21, 2006" WITH A COMPLETION "DUE DATE OF 'MAY 03, 2006'"; AFTER THE HAD BEEN FILED FOR CLOSE TO FIVE (5) MONTHS AND THE "DUE DATE" HAD PASSED OVER THREE (3) MONTHS, ON "AUGUST 18, 2006" SECOND LEVEL APPEAL REVIEW FINALLY FILED ITS "RESPONSE" (WITHOUT ONCE DOING THE REQUIRED "WRITTEN REASON FOR THE 'DELAY'") THUS CLEARLY VIOLATING CCR RULE §§ 3084.5 (c), (e), (e)(1), 3084.6 (b) (3), (6); 3) WHEN SECOND LEVEL APPEAL REVIEW FILED THEIR AUGUST 18, 2006 BELATED "RESPONSE" NONE OF PETITIONER'S APPEAL "REQUESTED ACTION" (IN CAL-A-06-00639) WAS OFFICIALLY ADDRESSED.

MOREOVER, WHEN THE DIRECTOR'S LEVEL APPEAL DECISION WAS FILED ON JANUARY 30, 2007 (CONCERNING CAL-A-06-00639) IT COMPLETELY IGNORE PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS AND ASSERTED CLAIMS ON APPEAL. ADDITIONALLY, THE DIRECTOR'S DECISION SIMPLY REITERATE THE SECOND LEVEL APPEAL RESPONSE'S PROCEDURAL DUE PROCESS VIOLATIONS, TAKING INTO ACCOUNT ONLY THE DEPARTMENT'S AGENDA'S POSITION IGNORING PETITIONER'S RIGHTS.

7 (a)

(c) **GROUND THREE:** FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS AND EQUAL PROTECTION VIOLATIONS WHEN EXCULPATORY EVIDENCE WAS IGNORED BY BIAS HEARING OFFICE & STAFF

Supporting FACTS (state *briefly* without citing cases or law): ON FEBRUARY 22, 2006 COUNSELOR A. ARIAS RVR WAS FILED AND WAS ISSUED TO PETITIONER ON MARCH 07, 2006 ALLEGED IN PERTINENT PART: "[PETITIONER] HAD POSITIONED HIMSELF ACROSS THE UPPER BUNK WITH HIS BACK AGAINST THE WALL, FACING IN [HER] DIRECTION. AS [SHE] LOOKED INTO CELL C3-110, [SHE] 'CLEARLY SAW' [PETITIONER] 'STROKING HIS PENIS WITH HIS HAND UNDERNEATH A STATE ISSUED SHEET.' [PETITIONER] CONTINUED TO INTENTIONALLY MASTURBATE EVEN AFTER [PETITIONER] SAW [HER] OBSERVING [PETITIONER] UNACCEPTABLE BEHAVIOR...." PETITIONER BEING PLACED IN AD-SEG SINCE FEBRUARY 21, 2006 (ON COUNSELOR A. ARIS' CDC-114-D), REQUIRED PROCEDURAL DUE PROCESS TO BOTH INVESTIGATIVE EMPLOYEE (IE) AND STAFF ASSISTANCE (SA) DUE TO PETITIONER'S AD-SEG HOUSING STATUS "ALREADY DETERMINED THAT THE INMATE IS NOT COMPETENT TO PROCEED ON HIS OWN". THE BIAS SENIOR HEARING OFFICER ("SHO") VIOLATED PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS TO "CONFIDENTIALITY" WHEN DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF "SA". AS THE SHO BIASLY SCREENED-OUT "THIRTY-TWO (32)" OF PETITIONER'S QUESTIONS FOR WITNESSES THROUGH APPOINTED "IE", AS THE BIAS SHO DETERMINED PETITIONER'S QUESTIONS AS "IRRELEVANT" (AS NOTED WITHIN THE IE'S MARCH 09, 2006 FILED "IE REPORT") WHICH "SHUT OFF LINE OF VITAL DEFENSE" AND EXCLUDED OTHER EVIDENCE.

Did you raise GROUND THREE in the California Supreme Court?

☒ Yes ☐ No.

PETITIONER'S IE QUESTIONING OF COUNSELOR A. ARIAS ON MARCH 09, 2006 CLEARLY ILLUSTRATED PETITIONER'S "ACTUAL INNOCENCE" OF THE FEBRUARY 22, 2006 RVR ALLEGATIONS, AS "COUNSELOR A. ARIAS' ANSWERS (IN THE MARCH 09, 2006 "IE REPORT") ILLUSTRATED TO THE BIAS SHO THAT NONE OF THE RVR WERE TRUE. MOREOVER, PETITIONER'S IE QUESTIONING OF INMATE PHILLIP SANDERS (INMATE SANDERS WAS HOUSED IN C3-110 WITH PETITIONER AND WAS IN C3-110 AT THE TIME OF COUNSELOR A. ARIAS' ALLEGATIONS OCCURRED), PROVED TO THE BIAS SHO (IN THE MARCH 09, 2006 FILED "IE REPORT") THAT AT "3:00 P.M." PETITIONER WASN'T EVEN "UNDERNEATH A STATE ISSUED SHEET (NEVERTHELESS BEING ACCUSED OF 'MASTURBATING UNDERNEATH A STATE ISSUED SHEET')", AS INMATE STATEMENTS ILLUSTRATE THAT INMATE SANDERS WAS "STANDING AT THE SINK AREA (IN C3-110) AT '3:00 P.M.' TALKING TO PETITIONER AND SEEING PETITIONER WASN'T MAKING THESE ALLEGED 'SEXUAL BEHAVIOR' ACTS". BUT, THE BIAS SHO HAD CLEARLY IGNORED ALL THIS EXCULPATORY EVIDENCE PRIOR TO HAVING THE RVR HEARING ON MARCH 29, 2006.

AS THE PROCEDURAL DUE PROCESS VIOLATIONS BY THE BIAS SHO (WHEN IGNORING ALL OF PETITIONER'S PRESENTED IN THE MARCH 09, 2006 "IE REPORT" EXCULPATORY EVIDENCE), ALONG WITH THE CLEAR EQUAL PROTECTION VIOLATIONS CONTINUED IN THE SHO'S BIAS RVR HEARING HELD ON MARCH 29, 2006, WHERE PETITIONER BY QUESTIONING CORRECTIONAL SERGEANT PAYNE EXPLICITLY PROVED THAT

Counselor A. Arias had <u>LIED</u> about talking to Sergeant Payne regarding his <u>Reprimand</u> to Counselor A. Arias <u>on</u> February 15, 2006 the institution's "policy regarding 'PRIVACY',." That Petitioner (following the testimony of Sergeant Payne) <u>Explicitly</u> pointed out Counselor A. Arias had <u>LIED</u> on the record (i.e., <u>LIED</u> to the IE in the IE Report Question(s) concerning Sergeant Payne), to no avail... The <u>BIAS</u> SHO <u>IGNORE</u> Counselor A. Arias <u>LIE</u>. <u>Compare</u> CCR Rule § 3084.5 (h)(1)(A).

Moreover, in the March 29, 2006 RVR Hearing (regarding Counselor A. Arias' February 22, 2006 RVR), the <u>BIAS</u> SHO (after <u>Humiliating</u> inmate witness Sanders for Five (5) minutes before questioning him for the RVR Hearing), <u>Refused</u> Petitioner's request to question inmate Sanders further then noted within the "IE Report" <u>RECORD</u>, as the BIAS SHO asked inmate Sanders three (3) questions attempting to discredit inmate Sanders' IE Report statement (instead of trying to seek the truth about Counselor A. Arias' lies contained in her RVR of February 22, 2006), as inmate Sanders state "None of it happened".

8(b)

ADDITIONALLY, WHEN THE BIAS SHO QUESTIONED COUNSELOR A. ARIAS (IN THE RVR HEARING), THREE (3) OUT OF THE FOUR (4) QUESTIONS ASKED TO COUNSELOR A. ARIAS ANSWER QUESTIONS #2, #3 AND #4 WITH LIES, AND ANSWERED QUESTION #1 CLEARLY INDICATING SHE COULD NOT "SEE" MY "PENIS" FROM UNDER THE SHEET (THAT PETITIONER WAS NEVER UNDER), AND SHE "THINK" PETITIONER WAS "MASTURBATING UNDERNEATH A SHEET" (BECAUSE ACCORDING TO COUNSELOR A. ARIAS' TESTIMONY) 'SEE[N] SOMETHING GOING BACK AND FORTH'." TO WHICH INMATE SANDERS AND PETITIONER's TESTIMONIAL STATEMENTS PROVED THAT COUNSELOR A. ARIAS RVR "ALLEGATION RELATING TO 3:00 P.M. ON FEBRUARY 21, 2006 'PETITIONER BEING UNDERNEATH A STATE ISSUE SHEET'" IS SIMPLY NOT TRUE, THUS REQUIRED THE BIAS SHO FINDING PETITIONER NOT GUILTY OF THE FEBRUARY 21, 2006 RVR.

NEVERTHELESS, DESPITE PETITIONER PRESENTING ALL THE EXCULPATORY EVIDENCE DISCREDITING COUNSELOR A. ARIAS' FEBRUARY 22, 2006 RVR ALLEGATIONS, AND DESPITE PETITIONER PROVING COUNSELOR A. ARIAS HAD CLEARLY LIED IN HER RVR, IE REPORT STATEMENTS, AND HER RVR HEARING TESTIMONY, THE BIAS SHO FOUND PETITIONER "GUILTY" BASED SOLELY ON COUNSELOR A. ARIAS' RVR ALLEGATIONS (WITHOUT ANY SUPPORTING FACTS).

8(c)

To Which THE BIAS SHO's MARCH 29, 2006 "DISPOSITION" FIND PETITIONER GUILTY BY THE "PREPONDERANCE" OF EVIDENCE IS NOT SUPPORTED BY THE DUE PROCESS CLAUSE OR THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION.

FURTHERMORE, PETITIONER ASSERTS, THE PROCEDURAL DUE PROCESS RIGHTS (TO REVERSE THE BIAS SHO's MARCH 29, 2006 GUILTY "DISPOSITION" THAT'S CLAIMED TO BE BY (i.e., BASED ON) "PREPONDERANCE OF EVIDENCE") WAS ADDITIONALLY VIOLATED WHEN SECOND LEVEL INMATE APPEAL (ON JULY 05, 2006) AND DIRECTOR'S LEVEL INMATE APPEALS BRANCH (ON NOVEMBER 30, 2006) SIMPLE ACCEPTED AND ADOPTED THE BIAS SHO's CLAIM THAT HIS "DISPOSITION" WAS BASED ON THE "PREPONDERANCE OF EVIDENCE". WHILE THE DIRECTOR'S LEVEL DECIDED TO ALSO MANIPULATE THE EVIDENCE TO COMPENSATE FOR THE LACK OF INCULPATORY EVIDENCE.

HENCEFORTH, PETITIONER ASSERTS NEITHER THE BIAS SHO, OR THE SECOND LEVEL AND DIRECTOR'S LEVEL APPEAL REVIEW KNOWS WHAT THE MEANING OF "PREPONDERANCE OF EVIDENCE" IS. WHICH MEANS: "EVIDENCE PREPONDERATES WHERE IT IS MORE CONVINCING TO THE TRIER [OF FACT] THAN THE OPPOSING EVIDENCE." THUS, IN THE MARCH 29, 2006 RVR HEARING THE PREPONDERANCE OF EVIDENCE WASN'T MET FOR A "GUILTY" DISPOSITION.

8 (d)

(d) **GROUND FOUR**: FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS AND EQUAL PROTECTION VIOLATIONS DURING THE RULE VIOLATION REPORT (RVR) HEARING PROCESS AND THE ADMINISTRATIVE GRIEVANCE PROCESS

Supporting FACTS (state *briefly* without citing cases or law): WHILE PETITIONER WAS IN AD-SEG #2 ON COUNSELOR A. ARIAS' FEBRUARY 21, 2006 COC-114-D AND FEBRUARY 22, 2006 RVR, ON MARCH 11, 2006 WAS CITED YET ANOTHER RVR ACCUSING PETITIONER OF "INDECENT EXPOSURE", AND AFTER BEING MOVED FROM AD-SEG #2 TO THE ADMINISTRATIVE SEGREGATION UNIT ("ASU OR AD-SEG #1"), PETITIONER WAS ISSUED ON MARCH 21, 2006 THE ADDITIONAL "RVR" AND ON MARCH 29, 2006 ISSUED THE MARCH 11, 2006 "INCIDENT REPORT" WHICH CORRECTIONAL OFFICER ("C/O") T. ARMSTRONG (WORKING AS AD-SEG #2 CONTROL BOOTH OFFICE) ACCUSED PETITIONER OF: ON MARCH 11, 2006 SHE OBSERVED PETITIONER "WHILE 'SHOW- ERING' IN 'C' UPPER SECTION SHOWER, STROKING HIS BARE ERECT PENIS, CONTINUED STROKING HIS PENIS OFF AND ON FOR 'APPROXIMATELY TWENTY (20) MINUTES, GLANCED AT HER A FEW TIMES WHILE HE STROKED HIS PENIS." PETITIONER ASSERTS, WHEN BEING ISSUED THESE "RVR" AND "INCIDENT REPORT" (ON MARCH 21, 2006 AND MARCH 29, 2006) WAS WHEN THE FIRST THREE (3) PROCEDURAL DUE PROCESS AND EQUAL PROTECTION VIOLATIONS OCCURRED. FIRST VIOLATION WAS THE FACT THAT BOTH REPORTS INDICATORS ILLUSTRATED THAT THE "MARCH 11, 2006" INCIDENT "WAS NOT A 'D.A. REFERRAL'" (AS PETITIONER EXPLICITLY ASKED C/O WIZNANSKY WHO ISSUED BOTH THE "RVR" AND "INCIDENT REPORT" WAS IT A "D.A. REFERRAL" AND WAS TOLD "NO"), BUT IT WAS A

Did you raise GROUND FOUR in the California Supreme Court?

☒ Yes ☐ No.

"D.A. REFERRAL" AS THE Calpatria "REFERRAL 'CHRONO'" (DATED "SEPTEMBER 05, 2006"-- WHICH PETITIONER RECEIVED MONTHS AFTER BEING FOUND "GUILTY" OF THE "RVR" AND MONTHS AFTER PETITIONER STARTED THE "APPEAL" PROCESS OF THE "GUILTY" FINDING -- AS THE SEPTEMBER 05, 2006 "REFERRAL 'CHRONO'" EXPLICITLY INDICATES CORRECTIONAL OFFICIAL KNEW THE MARCH 11, 2006 INCIDENT WAS A "D.A. REFERRAL" AS SOON AS "MARCH 28, 2006" WHEN THE "INCIDENT REPORT" WAS SENT TO AND RECEIVED BY THE Calpatria "SECURITY AND INVESTIGATIONS UNIT" -- WHICH PETITIONER ASSERTS WAS THE DAY BEFORE PETITIONER WAS ISSUED THE "INCIDENT REPORT" ON "MARCH 29, 2006" (WHERE ALL THE INDICATORS AND PETITIONER WAS TOLD THE "MARCH 11, 2006 INCIDENT 'WAS NOT A' D.A. REFERRAL").

THIS REFUSAL TO INFORM PETITIONER THAT THE "MARCH 11, 2006" INCIDENT WAS A "D.A. REFERRAL" AND DELIBERATELY MISLEADING PETITIONER TO BELIEVE IT WASN'T A "D.A. REFERRAL" (WHEN TELLING PETITIONER IT WASN'T AND ALL THE ISSUED DOCUMENTS, i.e., THE MARCH 21, 2006 ISSUED "RVR" OF MARCH 11, 2006 AND THE MARCH 29, 2006 ISSUED "INCIDENT REPORT", BOTH INDICATING IT WASN'T A "D.A. REFERRAL"), CLEARLY VIOLATED PETITIONER'S PROCEDURAL DUE PROCESS AND EQUAL PROTECTION RIGHT TO "REQUEST POSTPONEMENT OF THE DISCIPLINARY HEARING 'PENDING THE OUTCOME' OF THE REFERRAL." (SEE CCR RULE §§ 3316(c) et seq., 3320(f)(3),(4), 3338(e).

SECOND, THE BIAS SHO DENIAL TO APPOINT PETITIONER THE "CONFIDENTIALITY" OF A STAFF ASSISTANT (SA) (IN LIGHT OF THE CASE) FACT OF THE MARCH 28, 2006 INTENT OF "D.A. REFERRAL" OF CASE)

9(a)

AND APPOINT OF A (SA) IN LIGHT OF PETITIONER'S HOUSING STATUS (IN AD-SEG/ASU) AS THE "PRISON ITSELF HAD ALREADY DETERMINED THAT PETITIONER WAS NOT COMPETENT TO PROCEED ON HIS OWN."

HERE TOO, THIS WAS A CLEAR PROCEDURAL DUE PROCESS AND EQUAL PROTECTION VIOLATION. (SEE CCR Rule §§ 3315 (d)(1)(A)(1)(2); (2)(A)(2)(3), 3318 (b)(4);(2)(A)(B),(4); Cf. 3318 (2)(3)(4).)

THIRD, THERE IS THE FACT THAT THE BIAS SHO (WHO IS/WAS THE LIEUTENANT OF AD-SEG #2 WHERE C/O ARMSTRONG WORKS), APPOINTED AS INVESTIGATIVE EMPLOYEE (IE) TO THE MARCH 11, 2006 "RVR" INCIDENT, C/O R. WIDMANN WHO IS/WAS A REGULAR C/O IN "AD-SEG #2" (WORKING WITH C/O ARMSTRONG—THE RVR REPORTING OFFICER—AT LEAST FIVE (5) DAYS A WEEK), THIS WAS CLEAR BIAS TO PETITIONER'S DUE PROCESS RIGHTS TO A FAIR AND IMPARTIAL RVR HEARING. (COMPARE, CCR Rule § 3320(h).)

ADDITIONALLY, CONCERNING C/O ARMSTRONG'S MARCH 11, 2006 UNFOUNDED ALLEGATIONS ISSUED TO PETITIONER (BY C/O WIDMANN) ON MARCH 21, 2006, ATTACHED THERETO WAS A "SUPPLEMENTAL 'C'" REPORT BY "AD-SEG #2" C/O C. RODDLES WHICH WAS A DECEITFUL ATTEMPT AT BOASTING C/O ARMSTRONG'S UNFOUND ALLEGATION, WHERE THEREIN C/O C. RODDLES BY STATING THAT PETITIONER SOMEHOW CONFESSED TO HIM TO C/O ARMSTRONG'S UNFOUND ALLEGATIONS, WHICH PETITIONER NEVER MADE ANY SUCH STATEMENT(S) TO C/O C. RODDLES CONCERNING THE MATTER OF C/O T. ARMSTRONG, BECAUSE THEY NEVER HAPPEN.

9(b)

FOURTH, AS THE DUE PROCESS AND EQUAL PROTECTION VIOLATIONS CONTINUED, WHEN PETITIONER GAVE THE QUESTIONS TO BE ASKED OF THE THREE (3) PEOPLE WHO NAMES THAT APPEARED IN C/O ARMSTRONG'S MARCH 11, 2006 "RVR + INCIDENT REPORT" FOR QUESTIONING BY IE C/O WIDMANN (i.e., C/O ARMSTRONG, C/O RODILES, AND SERGEANT VELASCO). C/O IE WIDMANN REPORTED PETITIONER'S QUESTIONS FOR SCREENING BY THE BIAS SHO (SEE CCR RULE § 3318(a)(3)(4)), IN WHICH THE BIAS SHO SCREENED-OUT 23 OF THE 39 QUESTIONS FOR C/O ARMSTRONG, AND SCREENED-OUT 8 OF THE 16 QUESTIONS FOR C/O RODILES AS ALL BEING "NOT RELEVANT TO RVR", WHEN EVERY ONE OF THE QUESTIONS (SCREENED-OUT) WERE "RELEVANT" TO THE RVR. (SEE C/O IE WIDMANN'S "IE REPORT" FILED APRIL 11, 2006.) (COMPARE, CCR RULE § 3320 (L).)

FIFTHLY, WHEN THE RVR HEARING WAS HELD ON APRIL 19, 2006, THE BIAS SHO DEPRIVED PETITIONER FROM QUESTIONING C/O ARMSTRONG (WHEN THE SHO HAD CLEARLY BIASLY SCREENED-OUT 23 OF PETITIONER'S QUESTIONS FOR C/O ARMSTRONG THROUGH C/O IE WIDMANN). AS THE BIAS SHO PERSONALLY QUESTIONED C/O ARMSTRONG (TWO (2) QUESTIONS--PRETEND TO BE QUESTIONING C/O ARMSTRONG FOR PETITIONER), WHICH BOTH OF C/O ARMSTRONG'S ANSWERS (IN THE RVR HEARING) PROVED ADDITIONALLY THAT HER HER ALLEGATIONS WERE/ARE UNFOUNDED.

AS THE BIAS SHO (IN THE "RVR" HEARING) PRETEND TO

9(c)

ASKS PETITIONER TWO (2) QUESTIONS (WHICH WASN'T QUEST-
IONS AT ALL -- BUT WAS INSTEAD ACCUSATIONS OF GUILTY)
WHICH PETITIONER PLAINLY DENIED THE SHO'S BIAS
QUESTIONAL/ACCUSATIONS, AS THE ANSWERS TO THE TWO
QUESTIONS POSSED TO PETITIONER WAS CLEARLY TAINTED
BY THE SHO.

AFTER BEING FOUND "GUILTY" AT THE "RVR HEARING"
FOR "SUSTAIN MASTURBATION WITH EXPOSURE" (ALLEGEDLY
ON THE "PREPONERANCE OF THE EVIDENCE") ASSESSED
NINTY (90) DAYS LOSS/FORFEITURE OF CREDIT AND 10 DAYS
LOSS OF YARD, THE RVR HEARING WAS CONCLUDED AND
PETITIONER WAS RETURNED TO HIS HOUSING UNIT.

BUT, WHEN PETITIONER RECEIVED THE "FINAL COPY" OF
THE SHO'S "FINDINGS AND DISPOSITION" ON MAY 10, 2006.
THE SHO HAD BIASLY CHANGED THE "GUILTY" FINDING OF
"SUSTAINED MASTURBATION WITH EXPOSURE" (AS CLEARLY
INDICATED ON THE "FINAL COPY"), TO, i.e., "INSTEAD" TO
"GUILTY" OF "INDECENT EXPOSURE" (AS PER INMATE MISCONDUCT
(SEXUAL) REDUCTION POLICY DATED JUNE 22, 2005)'" (AS WAS NOW
HAND WRITTEN IN THE "FINAL COPY" -- THUS CHANGING WHAT
PETITIONER WAS TOLD HE WAS FOUND "GUILTY" OF IN THE
"RVR HEARING" ON APRIL 19, 2006). AND THESE ELEVENTH
HOUR CHANGES BY THE BIAS SHO WAS MADE TO PROTRUDE C/O
ARMSTRONG'S UNFOUNDED ALLEGATION FOR D.A. PROSECUTION FOR
CRIMINAL CHARGES, AS THE BIAS SHO'S "FINAL COPY" CHANGES
ALSO INCLUDES FALSE CLAIMS OF "PETITIONER 'PARTIALLY

9(d)

ADMITTING[d] TO C/O ARMSTRONG'S MARCH 11, 2006 FILE ALLEGATIONS, THATS NOT SUPPORTED BY ANY STATEMENT IN THE RVR HEARING'S "FINAL COPY" MADE BY PETITIONER (NEITHER IN PETITIONER'S RVR HEARING "STATEMENT" OR ANY "QUESTIONS 'ANSWERED' BY PETITIONER[e]). THE SHO IN HIS ELEVENTH HOUR CHANGE TO HIS "RVR HEARING 'FINAL COPY'" SIMPLY STATES IT ON THE RECORD WITHOUT ANY PROOF OF HOW PETITIONER ENTERED THIS (SO CALLED) "PARTIALLY ADMITTING" INTO THE RECORD. PETITIONER ASSERTS, THE SHO COULD PRODUCE ANY PROOF OF PETITIONER "PARTIALLY ADMITTING" TO ANYTHING, BECAUSE PETITIONER NEVER DID ANYTHING TO "PARTIALLY ADMITTING" TO REGARDING C/O ARMSTRONG'S MARCH 11, 2006 UNFOUNDED ALLEGATIONS. NEVERTHELESS, THE SHO BIASLY CHANGING HIS FINDINGS AND DISPOSITION AFTER THE APRIL 19, 2006 "RVR HEARING", WHERE PETITIONER RECEIVED THESE CHANGES (OF THE FINDINGS AND DISPOSITION) FOR THE FIRST TIME WHEN RECEIVING THE "FINAL COPY" ON MAY 10, 2006 CLEARLY IS A DUE PROCESS VIOLATION. (SEE CCR RULE §§ 3315(F)(1)(2)(3), 3320(L).) COMPARE CCR RULE § 3312(b)(1)(2).

PETITIONER ASSERTS, THE ONLY BASES OF THE BIAS SHO FINDING PETITIONER "GUILTY" OF THE (NEW CHARGES) AS TO THE "PREPONDERANCE OF THE EVIDENCE" WAS C/O ARMSTRONG'S MARCH 11, 2006 UNFOUND ALLEGATIONS IN HER "RVR", WHICH CERTAINLY WASN'T ENOUGH TO FIND PETITIONER "GUILTY".

SIXTHLY, PETITIONER ASSERTS, THE DUE PROCESS AND EQUAL PROTECTION VIOLATIONS CONTINUED WHEN PETITIONER PRESENTED THE CLEAR VIOLATIONS TO DEPARTMENTAL STAFF IN THE "APPEAL" PROCESS, WHERE PETITIONER APPEALED THE THE SHO'S BIAS "GUILTY" FINDINGS AND DISPOSITIONS, PETITIONER POINTED OUT EVERY ELEMENT OF THE DUE PROCESS VIOLATIONS TO SECOND LEVEL APPEAL REVIEW (AT CALIPATRIA). SECOND LEVEL SIMPLY REFUSED TO NOTE OR ACKNOWLEDGE THE CLEARLY CONSTITUTIONAL VIOLATIONS AND SIMPLY "DENIED" PETITIONER'S APPEAL (AND THE ASSERTIONS OF THE CONSTITUTIONAL VIOLATIONS), BASICLY ADOPTING THE BIAS SHO'S ERRONEOUS FINDINGS.

SEVENTHLY, AS PETITIONER'S LAST RESULT TO ACHIEVE DEPARTMENTAL RELIEF FOR THESE CLEARLY CONSTITUTIONAL VIOLATIONS, PETITIONER APPEALED TO THE DIRECTOR'S LEVEL INMATES APPEAL BRANCH, WHERE THERE TOO PETITIONER'S CONSTITUTIONAL CLAIMS WERE IGNORED, SIDESTEPPED AND PLAINLY "DENIED" UNJUSTIFIABLY. AS PETITIONER'S APPEAL EXPLICITLY POINTED OUT EACH CLAIM INDIVIDUALLY TO THE DIRECTOR'S LEVEL APPEAL REVIEW, TO NO AVAIL ... THE CONSTITUTION WAS NOT THEIR CONCERN EITHER, THE DEPARTMENT'S RESPONSE TO PETITIONER'S CLAIMS SEEMS TO ENCOURAGE THE RESOLUTION OF CONSTITUTIONAL CLAIMS IN THIS CONSTITUTIONAL COURT.

9(P)

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____ N/A _____

(b) Case Number: _____ N/A _____

(c) Date action filed: _____ N/A _____

(d) Nature of proceeding: _____ N/A _____
_____ N/A _____

(e) Grounds raised: _____ N/A _____
_____ N/A _____
_____ N/A _____
_____ N/A _____
_____ N/A _____

(f) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No       N/A

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____ N/A _____
_____ N/A _____

(b) At arraignment and plea: _____ N/A _____
_____ N/A _____

(c) At trial: _____ N/A _____
_____ N/A _____

(d) At sentencing: _____ N/A _____
_____ N/A _____

(e) On appeal: _____ N/A _____

(f) In any post-conviction proceeding: _____ N/A _____
_____ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
_____ N/A _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

N/A

CIV 68 (Rev. 11/98)

K:\COMMON\FORMS\CIV-68.

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☒ Yes  ☐ No

(a) If so, give name and location of court that imposed sentence to be served in the future: *(COMMITMENT OFFENSE) LOS ANGELES SUPERIOR COURT (CALIFORNIA)*

(b) Give date and length of the future sentence: *(MAXED OUT ON LIFE -- LOSS OF GOOD-TIME MAKES NO DIFFERENCE)*

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes  ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
*OCTOBER 12, 2007*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

*N/A*
_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*OCTOBER 12, 2007*  *Warren James Cohen*
(DATE)                         SIGNATURE OF PETITIONER

CIV 68 (Rev. 11/98)                    -11-                    K:\COMMON\FORMS\CIV-68.

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, *DANNY JAMES COHEA* DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE *PETITIONER* IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS *10TH* DAY OF: *OCTOBER* 20 *07* AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) *Danny James Cohea*

(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, *DANNY J. COHEA* AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002. CALIPATRIA, CALIFORNIA #92233-5002.

ON *OCTOBER 10TH,* 20 *07* I SERVED THE FOREGOING: *U.S. D.C. FOR THE SOUTHERN DISTRICT OF CALIFORNIA: PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PRISONER IN STATE CUSTODY*

**(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)**

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002:

*CLERK OF:*
*U.S. DISTRICT COURT*
*ROOM 4290*
*880 FRONT STREET*
*SAN DIEGO, CA. 92101-8900*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: *OCTOBER 10TH, 2007* *Danny James Cohea*

(DECLARANT/PRISONER)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

2254   1983

FILING FEE PAID   Yes ___   No ✓

IFP MOTION FILED   Yes ___   No ___

COPIES SENT TO   Court ___   Prtds ___

**Danny James Cohea**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

DEFENDANTS

**LE Scribner, et al**

FILED
2007 OCT 17  PM 3: 46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Danny James Cohea**
**PO Box 5002**
**Calipatria, CA 92233**
**J-13647**

ATTORNEYS (IF KNOWN)

'07 CV 2013 J    JMA

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ _____   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   October 17, 2007

SIGNATURE OF ATTORNEY OF RECORD