1  DANNY JAMES COHEA (J13647)
2  CALIPATRIA STATE PRISON
3  P.O. BOX 5002, ASU 139L
   CALIPATRIA, CA. 92233-5002
4  IN PRO PER



FILED
NOV 3 0 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA

11  DANNY JAMES COHEA,                CASE NO. 07-2013 J (JMA)
12                    PETITIONER,     EX PARTE MOTION FOR
13        V.                          TEMPORARY RESTRAINING
                                      ORDER FORTHWITH
14  L.E. SCRIBNER, WARDEN,            (PURSUANT TO FED.R.CIV.P. 62, 65;
15                    RESPONDENT.      IN ACCORDANCE WITH 18 U.S.C. §3626(b)(3))

17                    AFFIDAVIT

19        PLEASE TAKE NOTICE, ATTORNEY GENERAL OF THE STATE
20  OF CALIFORNIA, EDMUND G. BROWN, JR., AND CALIFORNIA STATE
21  PRISON L.E. SCRIBNER, WARDEN, PETITIONER IN THE ABOVE-
22  ENTITLED MATTER MOVES THIS UNITED STATES DISTRICT COURT
23  ON EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)
24  FORTHWITH, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
25  ("FED.R.CIV.P.") RULES 62 AND 65, IN ACCORDANCE WITH TITLE
26  18 OF THE UNITED STATES CODE ("U.S.C.") SECTION 3626(b)(3),
27  WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
28  THEREOF.

                    (1)

                                      07CV2013

MEMORANDUM OF POINTS AND AUTHORITIES

A. STATEMENT OF THE CASE

PETITIONER, A STATE PRISONER PROCEEDING ON A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 SUBMITTED ON OCTOBER 10TH, 2007 PRO SE, AND PROCEEDS IN FORMA PAUPERIS GRANTED BY ORDER OF THE COURT DATED OCTOBER 30, 2007. SEE SAFFOLD V. NEWLAND, 250 F.3d 1262, 1268 (9TH CIR. 2001); AND ANTHONY V. CAMBRA, 236 F.3d 568, 574-575 (9TH CIR. 2000).

ON OCTOBER 29, 2007, THE UNITED STATES MAGISTRATE JUDGE ISSUED AN ORDER TO SHOW CAUSE ("OSC") PURSUANT TO FED. R. CIV. P.; RULES 4 & 5 OF THE RULES GOVERNING PETITIONS FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 IN ACCORDANCE WITH 28 U.S.C. § 636(b)(1)(B). SEE THOMAS V. ARN, 474 U.S. 140 (1985); MATHEWS V. WEBER, 423 U.S. 261 (1976).

PETITIONER'S FEDERAL HABEAS CORPUS FOUR GROUND PETITION ASSERTS VIOLATIONS OF THE UNITED STATES CONSTITUTION. 28 U.S.C. § 2254, RULE 1. PETITIONER'S PETITION GROUND ONE ASSERTS DUE PROCESS VIOLATIONS CONCERNING A FEBRUARY 21, 2006 FALSIFIED "SEGREGATION ORDER"; GROUND TWO ASSERTS DUE PROCESS VIOLATIONS IN THE "ADMINISTRATIVE GRIEVANCE" PROCESS CONCERNING THE FEBRUARY 21, 2006 "SEGREGATION ORDER"; GROUND THREE ASSERTS DUE PROCESS AND EQUAL PROTECTION VIOLATIONS CONCERNING THE FEBRUARY 22, 2006 FALSIFIED "RULE VIOLATION REPORT (RVR)" AND SEVERAL CONSTITUTIONAL VIOLATIONS CLAIM SURROUNDING THE FEBRUARY 22, 2006 FALSIFIED RVR; GROUND FOUR ASSERTS VIOLATIONS OF DUE PROCESS AND EQUAL PROTECTION CONCERNING THE FALSIFIED

07CV2013

1  RVR DATED "MARCH 11, 2006" AND SEVERAL CONSTITUTIONAL
2  VIOLATIONS CLAIM SURROUNDING THE "MARCH 11, 2006" RVR.

3     THIS COURT'S OCTOBER 29, 2007 OSC TENATIVE DATES
4  OF DECEMBER 21, 2007 AND JANUARY 11, 2008 FOR RESPONDENTS
5  TO FILE RESPONSES TO THE ALLEGATIONS RAISED IN THE PETITION,
6  AND TENATIVE DATES OF JANUARY 18, 2008 AND FEBRUARY 15,
7  2008 FOR PETITIONER TO FILE RESPONSIVE PLEADINGS. (CO 4.)

8     THEREFORE, BECAUSE OF THE "DIRECT INJURY" PETITIONER
9  HAS ALREADY SUFFERED BECAUSE OF RESPONDENTS "TRANSFER"
10  POLICIES WHICH IS CURRENTLY A "REALISTIC THREAT OF BEING
11  REPEATED (AS A CONSTITUTIONAL VIOLATION)", ALONG WITH THE
12  "IMMINENT DANGER OF A CONSTITUTION VIOLATION" CURRENTLY
13  BEING EXPERIENCED BY PETITIONER FROM THE RESPONDENT(S),
14  PETITIONER IS LEFT WITH NO CHOSE EXCEPT TO MOVE THIS
15  COURT FOR A TRO TO PRESERVE THE STATUS QUO PENDING A
16  FULLER HEARING, PURSUANT TO FED. R. CIV. P. RULE 62 (SEE
17  ILLINOIS BELL TELEPHONE CO. V. WORLDCOM TECHNOLOGIES, 157
18  F. 3d 500, 502-503 (7TH CIR. 1998), AND ALDASORO V. KENNERSON,
19  915 F. Supp. 188 (S. D. Cal. 1995)), PURSUANT TO FED. R. CIV. P. 65,
20  A COURT MAY ISSUE INJUNCTIVE RELIEF IF THE MOVING
21  PARTY DEMONSTRATES EITHER A COMBINATION OF PROBABLE SUCCESS
22  ON THE MERITS AND THE POSSIBILITY OF IRREPARABLE
23  INJURY OR THAT SERIOUS QUESTIONS ARE RAISED AND THE BALANCE
24  OF HARDSHIPS TIPS SHARPLY IN HIS FAVOR, MARTIN V. INTERNA-
25  TIONAL OLYMPIC COMM., 740 F. 2d 670, 675 (9TH CIR. 1984)(QUOTING
26  WILLIAM INGLIS & SON BAKING CO. V. ITT CONTINENTAL BAKING CO.,
27  526 F. 2d 86, 88 (9TH CIR. 1975)), AND IN ACCORDANCE WITH 18 U.S.C.
28  § 3626(b)(3), GILMORE V. CALIFORNIA, 220 F. 3d 987 (9TH CIR. 2000).

(3)                                           07CV2013

**B. STATEMENT OF THE FACTS**

ACCORDINGLY, PETITIONER ASSERTS, IN ADDITION TO THE INSTANT CASE "FEBRUARY 21, 2006" FALSIFIED "SEGREGATION ORDER", THE "FEBRUARY 22, 2006" FALSIFIED "RVR", AND "MARCH 11, 2006" FALSIFIED "RVR" WHICH IS THE SUBJECT OF THE PETITION'S GROUNDS ONE THROUGH FOUR (THAT PETITIONER SERVED OVER THIRTEEN (13) MONTHS IN ADMINISTRATIVE SEGREGATION ("AD-SEG OR ASU") UNCONSTITUTIONALLY BECAUSE OF). AND AFTER BEING RELEASED FROM AD-SEG (ASU) ON MARCH 29, 2007 AND UNJUSTIFIABLY PLACED IN A NINTY (90) DAY BEHAVIOR MODIFICA-TION UNIT ("BMU") PROGRAM (THAT RESPONDENT CONFISCATED AND DESTROYED ALL PETITIONER'S PERSONAL PROPERTY.) THAT BEFORE COMPLETING THE BMU PROGRAM, PETITIONER WAS PLACED IN AD-SEG AGAIN ON JUNE 22, 2007 ON YET ANOTHER FALSIFIED "RVR" THAT GOT "DISMISSED 'IN THE INTEREST OF JUSTICE'!!! (SEE ATTACHED EXHIBIT "A") AFTER PETITIONER SERVED TWO (2) AND A HALF (½) MONTHS IN AD-SEG (ASU) FOR NOTHING (FROM JUNE 22, 2007 UNTIL SEPTEMBER 13, 2007), AS PETITIONER WAS PLACED BACK IN THE BMU PROGRAM UNJUSTIFIABLY (BECAUSE PETITIONER WOULD HAVE COMPLETED BMU PROGRAM ON JULY 03, 2007 IF HAD NOT BEEN FALSELY PLACED IN AD-SEG (ASU) ON JUNE 22, 2007), WHICH BRINGS PETITIONER TO THE POINTS OF FACTS RELATING TO THE RELIEF.

ON SEPTEMBER 17, 2007, PETITIONER WAS PLACED BACK IN AD-SEG (ASU), JUST AFTER BEING RELEASED ONLY FOUR (4) DAYS BEFORE. (SEE ATTACHED EXHIBIT "B" AND EXHIBIT "A".) JUST AS PETITIONER HAD PROVED HIS INNOCENSE IN THE TWO "RVR" OF THE INSTANT PETITION'S GROUND ONE-FOUR (THAT PETITIONER WAS BIASLY FOUND "GUILTY" OF), HERE TOO IN YET THE

(4)

07CV2013

1  FOURTH FALSIFIED "RVR" PETITIONER WAS AGAIN FOUND

2  "GUILTY" BY YET ANOTHER BIAS SENIOR HEARING OFFICER (SHO)

3  (DESPITE ALL THE DUE PROCESS AND EQUAL PROTECTION VIOLATIONS,

4  AND DESPITE PETITIONER CLEARLY PROVING HIS INNOCENCE YET

5  AGAIN). (SEE ATTACHED EXHIBIT "C".)

6        ON SEPTEMBER 27, 2007, PETITIONER APPEARED BEFORE

7  THE INSTITUTION CLASSIFICATION COMMITTEE (ICC) MEMBERS WITH

8  REGARD TO THE SEPTEMBER 17, 2007 FALSIFIED "RVR" AD-SEG

9  PLACEMENT. TO WHICH THE ICC MEMBERS "RETAINED" PETITIONER

10 IN AD-SEG "90 DAYS" AND INFORMED PETITIONER IF FOUND

11 GUILTY OF THE SEPTEMBER 17, 2007 "RVR" PETITIONER "COULD

12 BE ASSESSED A 6 MONTH SHU TERM PURSUANT TO MEMORANDUM

13 DATED APRIL 06, 2007, THE CALIFORNIA CODE OF REGULATIONS

14 (CCR), TITLE 15, SECTION 3341.5 (C)(9)(K) HAS BEEN ADAPTED TO

15 REQUIRE ASSESSMENT OF A SHU TERM FOR THE CONDUCT FOR

16 WHICH PETITIONER IS CHARGED. (SEE ATTACHED EXHIBIT

17 "D" AND EXHIBIT "B".)

18        ON OCTOBER 24, 2007, PETITIONER WAS FOUND "GUILTY"

19 OF THE SEPTEMBER 17, 2007 FALSIFIED "RVR" AND REFERRED

20 TO ICC FOR RECOMMENDATION OF A "SHU TERM". (SEE

21 ATTACHED EXHIBIT "C".)

22        ON NOVEMBER 08, 2007, THE CHIEF DISCIPLINARY

23 OFFICER (CDO) FINALIZED THE RVR SHO's OCTOBER 24, 2007

24 "DISPOSITION", AND ON NOVEMBER 12, 2007 PETITIONER WAS

25 ISSUED THE "FINAL COPY" OF THE RVR. (SEE EXHIBIT "C".)

26        ON NOVEMBER 16, 2007, PETITIONER APPEARED BEFORE

27 ICC MEMBERS WHO INFORMED PETITIONER HE WAS BEING

28

(5)

07CV2013

1   ASSESSED A "9 MONTH" "SHU TERM" PURSUANT TO CCR RULE

2   § 3341.5 (C)(9)(K), AND WAS BEING REFERRED TO THE CLASSIFI-

3   CATION STAFF REPRESENTATIVE (CSR) FOR "TRANSFER" TO

4   A "SHU PROGRAM". IN THE NOVEMBER 16, 2007 ICC

5   HEARING, PETITIONER INFORMED THE ICC COMMITTEE

6   MEMBERS THAT THERE WERE SEVERAL DUE PROCESS AND

7   EQUAL PROTECTION VIOLATIONS REGARDING THE SHO AND

8   HIS BIAS PRESIDING OVER THE SEPTEMBER 17, 2007 "RVR"

9   HEARING. MOREOVER, PETITIONER INFORMED ICC MEMBERS

10  ON NOVEMBER 16, 2007 THAT THE LANGUAGE OF CCR RULE

11  § 3341.5 (C)(9)(K) EXPLICITLY STATED THAT A "SHU TERM" COULD

12  ONLY BE ASSESSED IF PETITIONER HAD "(TWO OR MORE

13  OFFENSES WITHIN A TWELVE MONTH PERIOD)", AND THAT

14  PETITIONER DIDONLY QUALIFY FOR ASSESSMENT OF A "SHU

15  TERM" BECAUSE THE LAST "RVR" "GUILTY" FINDING FOR THE

16  "SAME TYPE OFFENSE" WAS ON "MARCH 11, 2007" "OVER

17  NINTEEN MONTHS AGO". AT THAT POINT THE NOVEMBER

18  16, 2007 ICC COMMITTE MEMBER ELECTED TO POSTPONE

19  PETITIONER ICC HEARING IMMEDIATELY FOR TO "VERIFY"

20  PETITIONER'S ASSERTIONS, WITH A RETURN ICC HEARING

21  SET FOR NOVEMBER 21, 2007 (THE DAY BEFORE THE THANKSGIVING

22

23  HOLIDAY).

24      ON NOVEMBER 21, 2007, PETITIONER AGAIN APPEARED

25  BEFORE ICC MEMBERS, WHERE THEREIN THE ICC MEMBERS

26  INFORMED PETITIONER THERE WAS "NO DUE PROCESS CONCERNS

27  REGARDING THE 'SHO' ON THE 'RVR' "AND THAT THE LANGUAGE

28  "(TWO OR MORE OFFENSE WITHIN A TWELVE MONTH PERIOD)"

(6)                                    07CV2013

1  DIDN'T APPEAR ANYWHERE IN "CCR Rule § 3341.5(c)(9)(K)"

2  AND AT THAT POINT THE NOVEMBER 21, 2007 ICC MEMBERS

3  ASSESS PETITIONER A "9 MONTH 'SHU TERM'" THEREIN

4  USING PETITIONER'S "MARCH 16, 2006 'RVR' 'GUILTY'

5  FINDING TO GIVE PETITIONER THE '3 MONTHS' EXTRA 'SHU'

6  TERM AS 'AGGRAVATION FACTORS' (TOTAL '9 MONTHS)

7  SHU TERM." (SEE ATTACHED EXHIBIT "#1".)

8        THEREFORE, PETITIONER SUBMITS AS EVIDENTIARY

9  PROOF OF CCR Rule § 3341.5(c)(9)(K) CONTAINS THE LANGUAGE

10  "(WITH TWO OR MORE OFFENSES WITHIN A TWELVE MONTH PERIOD)"

11  WITH REGARD TO THE LANGUAGE "FOR THE SAME OFFENSE". (SEE

12  IN RE SCOTT (2003) 113 Cal.App. 4TH 38, 45 N.4.) [1] PETITIONER HERE

13  SUBMITS A COPY OF CALIFORNIA CODE OF REGULATIONS, TITLE 15,

14  CRIME PREVENTION AND CORRECTIONS, DEPARTMENT OF CORRECTIONS

15  AND REHABILITATION "NOTICE OF ADOPTION OF EMERGENCY

16  REGULATIONS" DATED JANUARY 10, 2007 WHICH CONTAINS THE NEW

17  LANGUAGE IN CCR Rule § 3341.5(c)(9)(K). (SEE ATTACHED EXHIBIT

18  "#2".) SEE KOLENDER V. LAWSON, 461 U.S. 352, 358 (1983)(THE

19  "VAGUENESS AND OVERBREADTH DOCTRINES"). VILLAGE OF

20  HOFFMAN ESTATES V. FLIPSIDE, 455 U.S. 489 (1982); AND SEE

21  GRAYNED V. CITY OF ROCKFORD, 408 U.S. 104, 108-109 (1972).

22  _____

23  [1]. IN INTERPRETING STATE LAW, FEDERAL COURTS ARE BOUND BY THE
PRONOUNCEMENTS OF THE STATE'S HIGHEST COURT. DAVIS V. METRO PRODS.,

24  INC., 885 F.2d 515, 524 (9TH CIR. 1989). IF THE PARTICULAR ISSUE HAS
NOT BEEN DECIDED, FEDERAL COURTS MUST PREDICT HOW THE STATE'S

25  HIGHEST COURT WOULD RESOLVE IT. DIMIDOWICH V. BELL+HOWELL,
803 F.2d 1473, 1482 (9TH CIR. 1986), MODIFIED AT 810 F.2d 1517

26  (9TH CIR. 1987). IN MAKING THAT PREDICTION, FEDERAL COURTS LOOK
TO EXISTING STATE LAW WITHOUT PREDICTING POTENTIAL CHANGES

27  IN THAT LAW. MOORE V. R.G. INDS., INC., 789 F.2d 1326, 1327 (9TH CIR. 1986).

28

07CV2013

C. THE CONSTITUTIONAL VIOLATIONS WARRANTING TRO

1. THE EX POST FACTO CLAUSE VIOLATION

THE PURPOSE IN ISSUING A TEMPORARY RESTRAINING ORDER IS TO PRESERVE THE STATUS QUO PENDING A FULLER HEARING. "FEDERAL COURTS POSSESS WHATEVER POWERS ARE NECESSARY TO REMEDY CONSTITUTIONAL VIOLATIONS BECAUSE THEY ARE CHARGED WITH PROTECTING THESE RIGHTS." STONE V. CITY & COUNTY OF SAN FRANCISCO, 968 F.2d 850, 861 (9TH CIR. 1992).

THE EXERCISE OF JUDICIAL POWER UNDER ARTICLE III OF THE CONSTITUTION DEPENDS ON THE EXISTENCE OF A CASE OR CONTROVERSY. JUDGMENTS MUST RESOLVE "A REAL AND SUBSTANTIAL CONTROVERSY ADMITTING OF SPECIFIC RELIEF THROUGH A DECREE OF A CONCLUSIVE CHARACTER, AS DISTINGUISHED FROM AN OPINION ADVISING WHAT THE LAW WOULD BE UPON A HYPO- THETICAL STATE OF FACTS." AETNA LIFE INS. CO. V. HAWORTH, 300 U.S. 227, 241 (1937). "THE POWER TO INTERPRET THE Constitution IN A CASE OR CONTROVERSY REMAINS IN THE JUDICIARY... IF CONGRESS COULD DEFINE ITS OWN POWERS BY ALTERING THE FOURTEENTH AMENDMENT'S MEANING, NO LONGER WOULD THE CONSTI- TUTION BE 'SUPERIOR PARAMOUNT LAW, UNCHANGEABLE BY ORDINARY MEANS.'" CITY OF BOERNE V. FLORES, 521 U.S. 507, 524, 529 (1997)(QUOTING MARBURY V. MADISON, 5 U.S. (1 CRANCH) 137, 177, 2 L.Ed. 60 (1803)). SEE NORTHERN PIPELINE CONSTR. CO. V. MARATHON PIPE LINE CO., 458 U.S. 50, 83-84 (1982)(PLURALITY OPINION) ([THERE IS A] CRITICAL DIFFERENCE BETWEEN RIGHTS CREATED BY FEDERAL STATUTE AND RIGHTS RECOGNIZED BY THE CONSTITUTION.... NO COMPARABLE JUSTIFICATION EXISTS, HOWEVER, WHEN THE RIGHT

(8)

1   BEING ADJUDICATED IS NOT OF CONGRESSIONAL CREATION. IN

2   SUCH A SITUATION, SUBSTANTIAL INROADS INTO FUNCTIONS THAT

3   HAVE TRADITIONALLY BEEN PERFORMED BY THE JUDICIARY CANNOT

4   BE CHARACTERIZED AS INCIDENTAL EXTENTIONS OF CONGRESS'

5   POWER TO DEFINE RIGHTS THAT IT HAS CREATED. RATHER, SUCH

6   INROADS SUGGEST UNWARRANTED ENCROACHMENTS UPON THE

7   JUDICIAL POWER OF THE UNITED STATES, WHICH OUR CONSTITUTION

8   RESERVES FOR ARTICLE III COURTS.). SEE ALSO, MARBURY, 5

9   U.S. AT 163 ("THE GOVERNMENT OF THE UNITED STATES HAS BEEN

10  EMPHATICALLY TERMED A GOVERNMENT OF LAWS, AND NOT OF

11  MEN. IT WILL CERTAINLY CEASE TO DESERVE THIS HIGH

12  APPELLATION, IF THE LAWS FURNISH NO REMEDY FOR THE

13  VIOLATION OF A VESTED RIGHT.").

14          THIS APPROACH NOT ONLY REFLECTS THE PRUDENTIAL

15  CONCERN THAT CONSTITUTIONAL ISSUES NOT BE NEEDLESSLY

16  CONFRONTED, BUT ALSO RECOGNIZES THAT CONGRESS, LIKE THIS

17  COURT, IS BOUND BY AND SWEARS AN OATH TO UPHOLD THE

18  CONSTITUTION. THE COURTS WILL THEREFORE NOT LIGHTLY ASSUME

19  THAT CONGRESS INTENDED TO INFRINGE CONSTITUTIONALLY PRO-

20  TECTED LIBERTIES OR USURP POWER CONSTITUTIONALLY FORBIDDEN IT.

21          PETITIONER ASSERTS, IN THE INSTANT CASE EX POST

22  FACTO CLAUSE VIOLATION CLAIM FOR TRO RELIEF, RESPONDENT(S)

23  WHEN IGNORING THEIR OWN REGULATION'S LANGUAGE WHICH STATES

24  IN PERTINENT PART (TO HAVE ASSESSED PETITIONER THE "9 MONTH

25  SHU TERM"), "(WITH TWO OR MORE OFFENSES WITHIN A TWELVE

26  MONTH PERIOD)" (CCR RULE § 3341.5(c)(9)(k)), SEE EXHIBIT "#2", AS

27

28

(9)                    07CV2013

1  RESPONDENT(S) USES THE "MARCH 11, 2006" "RVR 'GUILTY'
2  FINDING" (WHICH IS THE DUE PROCESS AND EQUAL PROTECTION
3  VIOLATIONS ASSERTED IN THE INSTANT HABEAS CORPUS PETITION
4  "GROUND FOUR"), TO DETERMINE AS THE REPEATED PATTERN OF
5  THE SAME TYPE OF OFFENSE (SEE SCOTT, 113 CAL.APP. 4TH AT 45)
6  AND ALSO USED THE "MARCH 11, 2006" "RVR 'GUILTY' FINDING
7  TO ASSESS PETITIONER AN ADDITIONAL "3 MONTHS" AS "AGGRAVA-
8  TION FACTORS" (SEE EXHIBIT #1), HERE IS A DOUBLE VIOLATION
9  OF THE EX POST FACTO LAW (USING THE SAME "MARCH 11, 2006"
10 "RVR 'GUILTY' FINDING").
11      THE CONSTITUTION PROHIBITS THE STATES FROM PASSING
12 ANY "EX POST FACTO LAW." (U.S. CONST. ART. I, § 10; CF. CAL. CONST.
13 ART. I, § 9.) A LAW IS AN EX POST FACTO LAW IF IT MEETS
14 TWO CONDITIONS. FIRST, "IT MUST APPLY TO EVENTS OCCURRING
15 BEFORE ITS ENACTMENT." WEAVER V. GRAHAM, 450 U.S. 24, 29
16 (1981). IN OTHER WORDS, IT MUST BE RETROSPECTIVE. SECOND,
17 IT "MUST DISADVANTAGE THE OFFENDER AFFECTED BY IT,"
18 ... BY ALTERING THE DEFINITION OF CRIMINAL CONDUCT
19 OR INCREASING THE PUNISHMENT FOR THE CRIME." LYNCE V.
20 MATHIS, 519 U.S. 433, 441 (1997) (QUOTING WEAVER, 450 U.S. AT
21 29, AND CITING COLLINS V. YOUNGBLOOD, 497 U.S. 37, 50 (1990)).
22      PRISON OFFICIALS WHO ENGAGE IN DEPRIVING PRISONERS
23 OF THEIR CONSTITUTIONAL RIGHTS WILL BE ALLOTTED NO DEFERENCE
24 FROM THE FEDERAL COURTS. ADDITIONALLY, THE INSTITUTION HEADS
25 HAVE A STATE-MANDATED DUTY TO FOLLOW THE RULES AND REGULA-
26 TIONS PRESCRIBED BY THE DIRECTOR OF THE ADMINISTRATION OF STATE

07CV2013

1  PRISONS. CAL. ADMEN. CODE, TIT. 15, DIV. 3; CAL. PEN. CODE §2079; SEE

2  ALSO IN RE FRENCH (1980) 106 CAL. APP. 3d 24, 85 N. 24, 164 CAL.

3  RPTR. 800. TOUSSAINT V. RUSHEN, 553 F. SUPP. 1365, 1378 (N.D. CAL. 1983).

4       THE GENERAL STANDARD FOR GRANTING PROSPECTIVE

5  RELIEF DIFFERS LITTLE FROM THE STANDARD SET FORTH IN §

6  3626(b)(2) FOR TERMINATING PROSPECTIVE RELIEF, OR FROM

7  THE STANDARD SET FORTH IN § 3626(b)(3) FOR PRESERVING

8  RELIEF TO CORRECT A CURRENT AND ONGOING VIOLATION. THE

9  LIMITS ON FEDERAL COURT JURISDICTION ARE ESSENTIALLY THE

10 SAME — NO MORE THAN NECESSARY TO CORRECT THE UNDERLYING

11 CONSTITUTIONAL VIOLATION. IF AN UNLAWFUL PRACTICE RESUMES

12 OR IF A PRISONER IS IN IMMINENT DANGER OF A CONSTITUTIONAL

13 TIONAL VIOLATION, THE PRISONER HAS PROMPT AND COMPLETE

14 REMEDIES THROUGH A NEW ACTION FILED IN STATE OR

15 FEDERAL COURT AND PRELIMINARY AND INJUNCTIVE RELIEF.

16 SEE GILMORE V. CALIFORNIA, 220 F.3d 987, 1006, 1009 FN. 27 (9TH

17 CIR. 2000). (SEE ATTACHED EXHIBITS "C", "D", "#1" AND "#2".)

18

19      THEREFORE, PETITIONER ASSERTS, WITH THE AFOREMENTIONED

20 DULY NOTED, INJUNCTIVE RELIEF IS WARRANTED REGARDING THE

21 RESPONDENT(S)' VIOLATION OF THE EX POST FACTO CLAUSE RELATING

22 TO THE CLAIMS OF DUE PROCESS AND EQUAL PROTECTION CLAUSE

23 VIOLATIONS ASSERTED IN THE INSTANT HABEAS CORPUS CASE

24 GROUND FOUR. COMPARE MURPHY V. JOHNSON, 205 F.3d 809, 813 - 814

25 (5TH CIR. 2000), CITING AND QUOTING HARRIS V. NELSON, 394 U.S. —, 89

26 S. Ct. 1082, 1086 (1969); AND GIBBS V. JOHNSON, 154 F.3d 253, 258

27 (5TH CIR. 1998), CERT. DENIED, —U.S.—, 119 S. Ct. 1501, 143 L. Ed. 2d

28 654 (1999).

07CV2013

2. THE FIRST AND FOURTEENTH AMENDMENTS VIOLATIONS

PETITIONER ASSERTS, RESPONDENT(S) EXPOST FACTO CLAUSE VIOLATIONS TO ASSESS PETITIONER THE UNCONSTITUTIONAL "9 MONTH 'SHU TERM'" (EXHIBITS "#1" & "#2") IS FURTHER ILLUSTRATION OF RESPONDENT(S) RETALIATORY TREATMENT FOR EXERCISING HIS CONSTITUTIONAL RIGHTS TO SUBMIT ORAL AND WRITTEN GRIEVANCES, TO FILE LAWSUITS AND TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES. AND RESPONDENTS ASSESSING PETITIONER THIS "SHU TERM" (AS WITH KEEPING PETITIONER IN AD-SEG (ASU) FOR CLOSE TO TWO YEARS), AND PLACING PETITIONER UNCONSTITUTIONALLY ON A "TRANSFER" LIST FOR A "SHU" PROGRAM IS SOLELY BEING DONE TO SEPERATE PETITIONER FROM HIS "LEGAL MATERIALS" AS YET ANOTHER ATTEMPT TO SUPPRESS PETITIONER'S PROTECTED SPEECH. SEE PRATT V. HOWLAND, 856 F.SUPP. 565, 569-570 N.8 (N.D. CAL. 1994), ILLUSTRATING PRISON OFFICIALS USING THE "TRANSFER POLICY'" TO RETALIATE FOR EXERCISING FREE PROTECTED SPEECH.

A STATE OFFICIAL MAY NOT RETALIATE AGAINST AN INDIVIDUAL FOR EXERCISING OF A CONSTITUTIONAL RIGHT. ACLU V. WICOMECO COUNTY, 999 F.2d 780, 785 (4TH CIR. 1993) (CITING MT. HEALTHY CITY SCHOOL DIST. BD. OF EDUC. V. DOYLE, 429 U.S. 274 (1977)). PRISONERS HAVE A PROTECTED FIRST AMENDMENT RIGHT TO SUBMIT WRITTEN AND ORAL COMPLAINTS ABOUT PRISON CONDITIONS, AND WHERE THERE IS EVIDENCE OF RETALIATION AGAINST CONSTITUTIONALLY-PROTECTED SPEECH, THE PROTECTION OF PRISONERS' DUE PROCESS RIGHTS DOES NOT SHIELD

(12)                    07CV2013

1  PRISON EMPLOYEES. FILING A PRISON GRIEVANCE IS PROTECTED
2  BY THE FIRST AMENDMENT. *HINES V. GOMEZ*, 108 F.3d 265 (9TH
3  CIR. 1997).[2]

4      PETITIONER ASSERTS, RESPONDENTS AS ILLUSTRATED
5  (SEE PETITION FOR HABEAS CORPUS AND INSTANT PLEADING
6  EXHIBITS "A" – "D" AND "#1" – "#2") HAS CONTINUELY
7  PLACED PETITIONER IN AD-SEG FOR THE PAST TWO YEARS, AND
8  HAS CONTINUELY DEPRIVE OF HIS "COURT DOCUMENTS" AND OTHER
9  PERSONAL PROPERTY DURING HIS STAY IN SEGREGATION.

10     THE U.S. SUPREME COURT HAS HELD THAT THE FEDERAL
11  CONSTITUTION ITSELF DOES NOT CREATE A LIBERTY INTEREST
12  IN REMAINING OUT OF TEMPORARY SEGREGATION; TO THE
13  CONTRARY, "ADMINISTRATIVE SEGREGATION IS THE SORT OF
14  CONFINEMENT THAT INMATES SHOULD REASONABLY ANTICIPATE
15  RECEIVING AT SOME POINT IN THEIR INCARCERATION." *HEWITT V.*
16  *HELMS*, 459 U.S. 460, 467-468 (1983). HOWEVER, EVEN WHERE
17  PROCEEDINGS ARE NOT OTHERWISE CONSTITUTIONALLY DEFICIENT,
18  THEY MAY BE INVALIDATED BY EVIDENCE THAT THEY WERE
19  RETALIATORY IN NATURE. *CAIN V. LANE*, 857 F.2d 1139, 1145
20  (7TH CIR. 1988).

21      2. PETITIONER ASSERTS, RESPONDENT(S) HAVE FILED A TOTAL OF FOUR
22  (4) FALSIFIED "RVR'S" AGAINST HIM AT THE PRESENT INSTITUTION IN THE
23  LAST TWO YEARS (INCLUDING THE CLAIMS RAISED IN THE INSTANT PETITIONS
24  FOUR GROUNDS). INMATES HAVE A RIGHT TO BE FREE FROM RETALIATORY
25  FALSE DISCIPLINARY CHARGES DUE TO THE EXERCISE OF CONSTITUTIONALLY
26  PROTECTED RIGHTS. *PRATT V. ROWLAND*, 65 F.3d 802, 807 (9TH CIR. 1995). *COMPARE*
27  *SCHROEDER V. MCDONALD*, 55 F.3d 454, 461 (9TH CIR. 1995)(INMATE MAY STATE A CONSTITU-
28  TIONAL CLAIM BASED ON ALLEGATIONS OF FILING FALSE DISCIPLINARY REPORTS.
   *WOODS V. SMITH* 60 F.3d 1161, 1164 (5TH CIR. 1995)(INMATE MAY STATE A CONSTITU-
   IN RETALIATION FOR EXERCISING RIGHT OF ACCESS TO THE COURTS...), CERT.
   DENIED, 516 U.S. 1084 (1996)

(13)                                    07CV2013

1    In EBEL V. CITY OF CORONA, 698 F.2d 390 (9TH CIR. 1983),
2  THE PLAINTIFFS CHALLENGED, ON FIRST AMENDMENT GROUNDS, GOVERN-
3  MENT ACTION WHICH WAS INTENDED TO SUPPRESS SPEECH. THE COURT
4  IN EBEL, CITING ELROD V. BURNS, 427 U.S. 347, 373 (1976), FOUND
5  THAT PURPOSEFUL UNCONSTITUTIONAL SUPPRESSION OF SPEECH
6  CONSTITUTES IRREPARABLE HARM FOR PRELIMINARY INJUNCTION
7  PURPOSES. AND AS THE NINTH CIRCUIT HELD IN CANELL V. LIGHTNER,
8  143 F.3d 1210, 1213 (9TH CIR. 1998), "[T]HE DEPRIVATION OF FIRST
9  AMENDMENT RIGHTS ENTITLES A PLAINTIFF JUDICIAL RELIEF
10  WHOLLY ASIDE FROM ANY PHYSICAL INJURY HE CAN SHOW, OR ANY
11  MENTAL OR EMOTIONAL INJURY HE MAY HAVE INCURRED." (Ibid.)
12  SEE SHAHEED-MUHAMMAD V. DIPADLO, 138 F.Supp.2d 99, 109-110
13  (D. MASS. 2001). AN ALLEGED CONSTITUTIONAL INFRINGEMENT WILL
14  OFTEN ALONE CONSTITUTE IRREPARABLE HARM. SEE WRIGHT + MILLER,
15  11 FEDERAL PRACTICE AND PROCEDURE § 2948 AT 440 (1973). COMPARE,
16  GOLDIE'S BOOKSTORE V. SUPER. CT. OF STATE OF CAL., 739 F.2d 466,
17  468-470 (9TH CIR. 1984)(CITING MITCHUM V. FOSTER, 407 U.S. 225, 243
18  (1972); MIDDLESEX COUNTY ETHICS COMM. V. GARDEN STATE BAR, ASS'N,
19  457 U.S. 423, 432 (1982); AND NICOFSKY V. SUPERIOR COURT, 703 F.2d
20  332 (9TH CIR. 1983); CHAMPION INTERNATIONAL CORP. V. BROWN, 731
21  F.2d 1406 (9TH CIR. 1984)).
22       THEREFORE, PETITIONER ASSERTS, IN THE INSTANT CASE
23  PLEA FOR TRO RELIEF FOR RESPONDENT(S) PREVIOUS AND CURRENT
24  ATTEMPTS TO SUPPRESS PETITIONER'S CONSTITUTIONAL PROTECTED-SPEECH
25  (BY RESPONDENT(S) ISSUING PETITIONER THE UNCONSTITUTIONAL "SHU
26  TERM (OF 9 MONTHS)", TO NOW BE PLACED ON A LIST FOR "POLICY
27  'TRANSFER' TO A SHU PROGRAM") IN ORDER TO AGAIN CONFISCATE ALL
28  PETITIONER'S "LEGAL MATERIALS" IN RETALIATION FOR FILING LAWSUITS

(14)                            07CV2013

1  COMPELLS PETITIONER TO ASSERT RESPONDENT(S) ACTS THAT HAS

2  HAD AN ADVERSE IMPACT ON PETITIONER'S RIGHTS TO ACCESS

3  TO THE COURTS, AND THESE ACTS OF RESPONDENT(S) IS THE CLEAR

4  SUBSTANTIAL AND MOTIVATING FACTOR(S) FOR GIVING PETITIONER

5  THE "9 MONTH 'SHU TERM' TO _TRANSFER_" PETITIONER.[3/] WHEN

6  PLAINTIFF CLAIMS THAT HE SUFFERED RETALIATION FOR FILING A

7  LAWSUIT, HE MUST SHOW THAT THE RETALIATORY ACTS ADVERSELY

8  IMPACTED HIS RIGHT TO ACCESS THE COURTS. _WICOMICO COUNTY_,

9  999 F.2d AT 785. THE ADVERSE IMPACT MUST BE MORE THAN A

10 _DE MINIMIS_ INCONVENIENCE. _Id_. AT 786 N.6. IN ADDITION, PLAINTIFF

11 MUST DEMONSTRATE CAUSATION —THAT THE PROTECTED CONDUCT WAS

12 A "SUBTANTIAL" OR "MOTIVATING FACTOR" IN THE DEFENDANTS'

13 DECISION. _MT. HEALTHY CITY SCHOOL DIST_, 429 U.S. AT 287.

14      PETITIONER NOTES, IN HIS FIFTEEN YEARS OF INCARCERATION,

15 HAS HAD TWO (2) _NON-ADVERSE_ "TRANSFERS" (BOTH _TRANSFERS FOLLOWED_

16 PETITIONER FILING HIS (AND SERVING THE DEFENDANT_S_ WITH) THE DECEMBER

17 27, 2000 (JULY 11, 2003) "SECOND AMENDED COMPLAINT" IN _COHEA V._

18 _PLILER, WARDEN_, CV-00-2799-FCD (EFB), WHICH NAMED TWENTY DEFENDANTS

19 FOR "ACCESS TO COURTS" AND "RETALIATION" VIOLATIONS DURING 1995 THRU

20 2001 THATS _STILL_ _PENDING_ IN THE U.S.D.C. EASTERN DISTRICT OF CALIFORNIA

21 IA (SACRAMENTO), AND HAS FILED THREE ADDITIONAL LAWSUITS IN THE

22 YEARS 2006 AND 2007 ALLEGING FALSIFIED RVRS AND RETALIATION CLAIMS.

23      3. PETITIONER CURRENTLY HAVE FOUR (4) CIVIL RIGHTS COMPLAINTS, i.e.,
LAWSUITS IN THE EASTERN DISTRICT COURT OF CALIFORNIA. THERES THE 2000

24 LAWSUIT _COHEA V. PLILER, WARDEN, et al_, CV-00-2799-FCD (EFB), THE "SECOND
AMENDED COMPLAINT" WAS FILED ON JULY 11, 2003 AND SERVED ON THE TWENTY (20)

25 DEFENDANTS AND WAS SET FOR TRIAL, BUT TAKEN OFF CALENDAR PENDING COURT
REVIEW OF PRETRIAL MOTIONS. _COHEA V. SALTER_, 2:06-CV-2260-GEB (KJM) WAS

26 FILED ON OCTOBER 13, 2006, AND WAS SERVED ON FOUR DEFENDANTS. _COHEA V. JONES_,

27 2:07-CV-0694 FCD (DAD) WAS FILED ON APRIL 11, 2007 AND SERVED ON TWO
DEFENDANTS. AND _COHEA V. CALIFORNIA DEPARTMENT AND CORRECTIONS_, 1:07-CV-

28 0469-LJO-(WMW) WAS FILED ON MARCH 26, 2007, AND IS STILL UNDER REVIEW BY
THE COURT IN FRESNO, CALIFORNIA. RESPONDENTS ARE AWARE OF _ALL_ THESE LAWSUITS.

ON OCTOBER 05, 2004, THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA, U.S. MAGISTRATE JUDGE IN
CIVIL CASE COHEA v. PLILER, WARDEN, CV-00-2799-FCD (DAN) ISSUED AN
ORDER GRANTING PETITIONER A SECOND AND FINAL THIRTY (30) DAYS
EXTENSION OF TIME TO FILE AN "OPPOSITION" TO THE THEREIN
DEFENDANT'S JUNE 25, 2004 MOTION TO DISMISS AND SUMMARY
JUDGMENT MOTION. ON OCTOBER 26, 2004, ALL PETITIONER'S PROPERTY
(WHICH INCLUDED ALL PETITIONER'S "LEGAL MATERIALS") WERE CONFIS-
CATED AND PACKED FOR "TRANSFER" TO CALIFORNIA STATE PRISON-
"CORCORAN", AND ON OCTOBER 27, 2004 PETITIONER WAS TRANSFERRED
FROM CALIFORNIA STATE PRISON-SACRAMENTO ("NEW FOLSOM") TO
CORCORAN (RIGHT IN THE MIDDLE OF PETITIONER ATTEMPTING TO
COMPLY WITH THE EASTERN DISTRICT U.S.D.C.'s OCTOBER 05, 2004
COURT ORDER TO FILE AN "OPPOSITION". (IN OTHER WORDS, RIGHT
IN THE MIDDLE OF THE DISTRICT COURT'S DEADLINE ORDER OF 30 DAYS
THE DEFENDANTS "TRANSFERRED" PETITIONER.) AND WHEN PETITIONER
ARRIVED AT CORCORAN ON OCTOBER 27, 2004 NONE OF THE
PROPERTY OF PETITIONER (CONTAINING ALL PETITIONER'S "LEGAL
MATERIALS") WAS PUT ON THE TRANSFERRING BUS. (PETITIONER HAD
COMPLETELY NOTIFIED NEW FOLSOM CORRECTIONAL STAFF AND CORCORAN
CORRECTIONAL STAFF THAT HIS "LEGAL MATERIALS" WERE NEEDED,
AND WERE NOTIFIED (CONSTANTLY) THAT HE WAS UNDER "FEDERAL
COURT 'ORDER'", TO NO AVAIL...). AFTER PETITIONER CONTINUED
REQUESTING HIS "LEGAL MATERIALS 'PROPERTY'" FOR OVER THREE
WEEKS, PETITIONER FILED ON NOVEMBER 22, 2004 AN "OBSTRUCTION
OF JUSTICE (i.e., AN OBSTRUCTION OF THE FEDERAL COURT'S OCTOBER 05,
2004 ORDER) MOTION (SERVING THE THEREIN DEFENDANTS THE MOTION)".

(16)                                              07CV2013

1   AFTER THE EASTERN DISTRICT COURT ALLOWED THE THEREIN
2   DEFENDANTS TO FILE A RESPOND TO PETITIONER'S NOVEMBER 22, 2004
3   OBSTRUCTION MOTION (AND THEY DID NOT), THE EASTERN DISTRICT
4   ISSUED AN ORDER DENYING THE THEREIN DEFENDANTS JUNE 25,
5   2004 MOTION TO DISMISS AND SUMMARY JUDGMENT MOTION. (SEE
6   ATTACHED EXHIBIT "E".) PETITIONER DIDN'T RECEIVE HIS
7   "LEGAL MATERIALS" FOR HIS CIVIL CASE UNTIL DECEMBER 12,
8   2004 (AND WAS ONLY ALLOWED "ONE BOX", i.e., ONE CUBIC FEET, AND
9   THE REMAINING "LEGAL MATERIALS" FOR THE CIVIL CASE & ETC...
10  WAS PLACED IN INSTITUTIONAL STORAGE). 4/ (SEE 18 U.S.C. §§1506, 1509.)

11      ALL PETITIONER'S "LEGAL MATERIALS 'PROPERTY'" THAT
12  WAS IN EXCESS OF THE ALLOWED "ONE CUBIC FEET", THAT WAS STORED
13  IN THE CORCORAN'S INSTITUTION STORAGE AREA, i.e., "HOT (ROOM) BOX", STAYED
14  IN "STORAGE" FROM DECEMBER 12, 2004 (WHEN IT WAS PUT IN STORAGE)
15  UNTIL FEBRUARY 09, 2006 WHEN PETITIONER WAS AGAIN "TRANSFERRED"
16  THIS TIME TO "CALIPATRIA" STATE PRISON WHERE PETITIONER IS NOW
17  (WHERE CALIPATRIA OFFICIAL ARE HERE TRYING TO UNCONSTITUTIONALLY
18  "TRANSFER" PETITIONER TO A "SHU PROGRAM" WHERE NOT ONLY WILL
19  PETITIONER'S "LEGAL MATERIALS" WILL AGAIN COME UP MISSING
20  IN "TRANSPORTATION", BUT ALSO IN A "SHU PROGRAM" THE QUESTION
21  OF "HOW MUCH 'LEGAL MATERIALS' IS ALLOWED COMES INTO PLAY,"
22  (PER CCR RULES AND REGULATIONS). THE "MOTIVATING FACTOR" DECISION.

23      MOREOVER, WHEN PETITIONER WAS "TRANSFERRED" FROM CORCO-
24  RAN ON FEBRUARY 09, 2006 TO CALIPATRIA, PETITIONER'S "PROPERTY,
25  CONTAINING ALL PETITIONER'S 'LEGAL MATERIALS' WEREN'T ON THAT BUS!"

26  4. PETITIONER NOTES: THE MARCH 26, 2007 CIVIL RIGHTS COMPLAINT,
    COHEA V. CDC, 1:07-CV-0469-LJO (WMW) ASSERTS CONSTITUTIONAL VIOLATIONS
27  OF THE DEPARTMENT'S "POLICY" ON "PROPERTY" AND "TRANSFERS" AS A
    SYSTEM-WIDE PROBLEM ON "ACCESS TO THE COURTS" VIOLATIONS AND ETC...
28  (SEE CCR RULE §§ 3161, 3164; AND DOM 54030.9, 54030.9.1.)
                (17)                        07CV2013

1  AFTER A MONTH OF REQUESTING HIS "PROPERTY (CONTAINING ALL
2  PETITIONER'S CIVIL CASE 'LEGAL MATERIALS')", TO NO AVAIL.... AGAIN
3  PETITIONER HAD TO MOVE THE EASTERN DISTRICT COURT TO ORDER
4  THE THEREIN DEFENDANTS (AND THEIR AGENTS AT CALIPATRIA AND
5  CORCORAN) TO "RETURN PETITIONER'S 'LEGAL MATERIALS' TO HIM."
6  (SEE ATTACHED EXHIBIT "F".) THERE WAS NO ANSWER TO THE
7  DISTRICT COURT'S ORDER UNTIL "JUNE 28, 2006" (DESPITE THE COURTS
8  ORDER EXPLICITLY ORDERED A "RESPONSE WITHIN '10 DAYS' OF THE
9  DISTRICT COURT'S MARCH 24, 2006 ORDER"). IN FACT, THE ONLY
10  REASON WHY THERE WAS AN ANSWER ON "JUNE 28, 2006" (REGARDING
11  RETURNING PETITIONER'S "LEGAL MATERIALS" -- WHICH IN THEIR COURT
12  ORDER RESPONSE THE THEREIN DEFENDANTS (AND THEIR AGENTS AT CALIPATRIA
13  STATE PRISON) FILED "FALSE STATEMENTS" IN THE EASTERN DISTRICT COURT
14  IN VIOLATION OF 18 U.S.C. § 1001(a)), WAS BECAUSE PETITIONER ON
15  "JUNE 21, 2006" HAD TO YET AGAIN FILE AN ADDITIONAL "OBSTRUCTION
16  OF JUSTICE" MOTION PURSUANT TO 18 U.S.C. §§ 241, 242, 1506, 1509.
17  IN JULY OF 2006, PETITIONER WAS ALLOWED ONLY "ONE CUBIC FOOT"
18  OF HIS "LEGAL MATERIALS" (WHILE IN AD-SEG(ASU)) FROM JULY 2006
19  THROUGH MARCH 29, 2007 (DESPITE PETITIONER HAD BEEN REQUESTING ALL
20  HIS CIVIL CASE + ETC... "LEGAL MATERIALS 'BE RETURNED TO HIM'" SINCE
21  FEBRUARY 09, 2006 AT CALIPATRIA, AND THOUGH PETITIONER HAVE BEEN
22  RELEASE AND ALLOWED TO HAVE MORE THAN THE "ONE CUBIT FEET" IN AD-
23  SEG(ASU) SINCE BEING PLACED BACK IN AD-SEG IN JUNE 2007 AND SEPTEMBER
24  2007, THERE REMAIN MANY OF PETITIONER'S CIVIL CASE AND ETC... "LEGAL
25  MATERIALS" NEEDED THATS PRESENTLY IN "STORAGE" AT CALIPATRIA.
26        PETITIONER ASSERTS, DURING PETITIONER'S ATTEMPTS TO HAVE
27  HIS "PROPERTY 'LEGAL MATERIALS'" RETURNED TO HIM FROM FEBRUARY
28  09, 2006 AND MARCH 29, 2007 (WHILE IN AD-SEG DURING LITIGATION),

(18)                    07CV2013

1  THE EASTERN DISTRICT COURT (IN COHEA V. PLILOR, WARDEN, SUPRA) ON
2  MARCH 08, 2006 ISSUED FINDINGS AND RECOMMENDATION, WITH ORDER
3  DISMISSING TWO (2) OF PETITIONER'S DEFENDANTS (FROM THEREIN)
4  AND ORDER PETITIONER TO FILE LEAVE TO AMEND TO FILE A "THIRD
5  AMENDED COMPLAINT" THAT PLAINTIFF WAS DEPRIVED FROM FILING
6  "OBJECTIONS" TO (BECAUSE PETITIONER AT THAT TIME HAD "NONE" OF
7  HIS CIVIL CASE "LEGAL MATERIALS"), NOR WAS PLAINTIFF/PETITIONER
8  AT THAT TIME ABLE TO COMPLY WITH THAT DISTRICT COURT'S ORDER
9  TO "FILE A THIRD AMENDED COMPLAINT" (BECAUSE PETITIONER DIDN'T
10  HAVE ANY OF HIS CIVIL CASE "LEGAL MATERIALS" (NOT EVEN A COPY
11  OF HIS JULY 11, 2003 "SECOND AMENDED COMPLAINT" IN ORDER TO
12  AMEND IT). ADDITIONALLY, THE EASTERN DISTRICT COURT ON MAY 31,
13  2006 (IN COHEA V. PLILOR, WARDEN, SUPRA) ISSUED THE CIVIL CASE
14  "SCHEDULING ORDER" AND "DISCOVERY ORDER" SETTING A "DISCOVERY
15  DEADLINE" FOR COMPLETION OF AUGUST 11, 2006 (WHICH PETITIONER
16  WAS DEPRIVED OF DOING ANY "DISCOVERY" ON HIS CIVIL CASE
17  BECAUSE WHEN PETITIONER WAS ALLOWED IN JULY 2006 "ONE CUBIT
18  FEET" OF HIS CIVIL CASE "LEGAL MATERIALS" (WHICH WASN'T ALL HIS
19  CIVIL CASE "LEGAL MATERIALS" NEEDED TO DO "DISCOVERY"), WHEN
20  THE DEADLINE TO COMPLETE "DISCOVERY" WAS IMPOSSIBLE TO BE
21  MET BY PETITIONER (DUE TO THE MONTHS PREVIOUSLY OBSTRUCTED FROM
22  HAVING HIS "LEGAL MATERIALS"); AFTER TWO REQUEST TO HAVE THE
23  DISTRICT COURT "EXTEND" THE "DISCOVERY DEADLINE", BOTH OF
24  PETITIONER'S REQUEST TO EXTEND THE DISCOVERY DEADLINE WERE DENIED
25  THEREFORE PETITIONER LOST HIS OPPORTUNITY TO DO "DISCOVERY" IN
26  HIS "TWENTY (20) DEFENDANTS CASE (MINUS TO TWO DEFENDANTS DISMISSED
27  WITHOUT HAVING A CHANCE TO FILE "OBJECTIONS" AS AFOREMENTIONED));
28  THIS CLEARLY CONSTITUTING "ACTUAL INJURY" TO PETITIONER'S CIVIL CASE;

(19)                    07CV2013

1  PETITIONER ASSERTS, WITHOUT TRO RELIEF FROM THIS

2  COURT, RESPONDENTS' UNCONSTITUTIONAL (IN VIOLATION OF THE EX

3  POST FACTO CLAUSE) "SHU TERM, 'SHU PROGRAM' TRANSFER" (SEE

4  EXHIBITS "#1 + #2), WILL RESULT INTO A REPEAT OF THE TYPE

5  OF FIRST AND FOURTEENTH AMENDMENT's CONSTITUTIONALLY

6  PROTECTED-SPEECH, ACCESS TO THE COURTS, PETITION THE GOVERNMENT

7  OF REDRESS OF GRIEVANCES VIOLATIONS THAT PETITIONER HAVE BEEN

8  SUBJECTED TO IN THE "OCTOBER 27, 2004 AND FEBRUARY 09, 2006

9  TRANSFERS". (SEE ATTACHED EXHIBITS "E AND F".) IN FACT,

10  PETITIONER ASSERTS, IF RESPONDENTS ARE ALLOWED TO ASSESS THIS

11  UNCONSTITUTIONAL "SHU TERM" AND "TRANSFER", AND WITHHOLD THE

12  "LEGAL MATERIALS" OF PETITIONER's CIVIL CASES, AND OTHER LEGAL

13  CASES PENDING (AND BEING PURSUED), ARE EVEN LOST OR DESTORY

14  PETITIONER's "LEGAL MATERIALS" (WHICH ALSO HAS BEEN THE RESULT

15  OF THESE TWO PREVIOUS "TRANSFERS" (SEE EXHIBIT "E AND F"), ALL

16  PETITIONER'S CASE PURSUITS WILL BE LOST, INCLUDING THIS CASE

17  (BECAUSE RESPONDENT'S SHU PROGRAM TRANSFER HAS THE FULL INTENT

18  TO OBSTRUCT THIS COURT'S OCTOBER 29, 2007 OSC ISSUED).

19      THE SUPREME COURT IN O'SHEA V. LITTLETON, 414 U.S. 488,

20  494 (1974) HELD THAT, A NAMED PLAINTIFF MUST HAVE PERSONALLY

21  SUSTAINED OR BE IN IMMEDIATE DANGER OF SUSTAINING "SOME

22  DIRECT INJURY AS A RESULT OF THE CHALLENGED STATUTE OR OFFICIAL

23  CONDUCT." THE HARM SUFFERED BY A PLAINTIFF MUST CONSTITUTE

24  "ACTUAL INJURY." LEWIS V. CASEY, 518 U.S. 343, 348-349 (1996).

25  MOREOVER, WHERE, AS HERE, A PLAINTIFF SEEKS PROSPECTIVE

26  INJUNCTIVE RELIEF, HE MUST DEMONSTRATE "THAT HE IS REALIST-

27  ICALLY THREATENED BY A REPETITION OF [THE VIOLATION]." SEE

28  CITY OF LOS ANGELES V. LYONS, 461 U.S. 95, 109 (1983) (EMPHASIS ADDED),

(20)                    07CV2013

1  (HOLDING THAT PLAINTIFF CANNOT ESTABLISH THE REQUISITE

2  TYPE OF HARM SIMPLY BY POINTING TO SOME PAST INJURY). THERE

3  ARE AT LEAST TWO WAYS IN WHICH TO DEMONSTRATE THAT SUCH

4  INJURY IS LIKELY TO RECUR. FIRST, A PLAINTIFF MAY SHOW THAT

5  THE DEFENDANT HAD, AT THE TIME OF THE INJURY, A WRITTEN

6  POLICY, AND THAT THE INJURY "STEMS FROM" THAT POLICY.

7  HAWKINS V. COMPARET-CASSANI, 251 F. 3d 1230, 1237 (9TH CIR. 2001).

8  IN OTHER WORDS, WHERE THE HARM ALLEGED IS DIRECTLY TRACEABLE

9  TO A WRITTEN POLICY, SEE GOMEZ V. VERNON, 255 F.3d 1118, 1127 (9TH

10 CIR. 2001), THERE IS AN IMPLICIT LIKELIHOOD OF ITS REPETITION

11 IN THE IMMEDIATE FUTURE. SECOND, THE PLAINTIFF MAY DEMONSTR-

12 ATE THAT THE HARM IS PART OF A "PATTERN OF OFFICIALLY

13 SANCTIONED . . . BEHAVIOR, VIOLATIVE OF PLAINTIFFS' [FEDERAL]

14 RIGHTS." LADUKE V. NELSON, 762 F.2d 1318, 1323 (9TH CIR. 1985). SEE

15 ARMSTRONG V. DAVIS, 275 F.3d 849, 860-861 (9TH CIR. 2001); AND

16 HODGERS-DURGIN V. DE LA VINA, 199 F.3d 1037, 1042-1044 (9TH CIR. 1999).

17      HENCEFORTH, PETITIONER ASSERTS, WITH THE AFOREMENTIONED

18 DULY NOTED, AS THE NINTH CIRCUIT HELD IN GOMEZ THAT, BECAUSE

19 THE RETROSPECTIVE RELIEF DOES NOT RAISE THE SAME FEDERALISM

20 CONCERNS AS A COURT'S ONGOING SUPERVISION IN A PRISON'S

21 AFFAIRS, AND BECAUSE IT WAS LIMITED TO REMEDYING THE

22 PRISON'S RETALIATORY ACTS, SUCH RELIEF PASSES CONSTITUTIONAL

23 MUSTER. GOMEZ, 255 F.3d AT 1130 (CITING LEWIS, 518 U.S. AT 357).

24 "IT IS THE ROLE OF THE COURTS TO PROVIDE RELIEF TO CLAIMANTS, IN

25 INDIVIDUAL OR CLASS ACTIONS, WHO HAVE SUFFERED, OR WILL

26 IMMINENTLY SUFFER, ACTUAL HARM . . . ." GILMORE, 220 F.3d AT

27 993, 1009 (CITING CASEY, 518 U.S. AT 349).

28

              (21)                              07CV2013

THUS, PETITIONER ASSERTS HE HAS DEMOSTRATED THE NECESSARY REQUIREMENTS TO WARRANT TRO INJUNCTIVE RELIEF. RESPONDENTS <u>CANNOT</u> CLAIM PETITIONER'S CONSTITUTIONAL CLAIMS ARE WEAK AND HAS NO PROBABILITY OF SUCCESS. IN FACT, THE <u>EX POST FACTO</u> CLAUSE VIOLATION OF ASSESSING PETITIONER A 9 MONTH SHU TERM (AND <u>TRANSFERRING</u> PETITIONER TO A SHU PROGRAM), <u>CANNOT</u> FAIL AS RESPONDENT(S) IS <u>IGNORING</u> THEIR OWN RULES AND REGULATIONS (CCR Rule § 3341.5(c)(9)(K)) VERY LANGUAGE TO ASSESS PETITIONER THE SHU, <u>i.e,</u> "(TWO OR MORE OFFENSES WITHIN A TWELVE MONTH PERIOD)", THE EXACT SAME RULE AND REGULATION THE RESPONDENT(S) IS USING TO ASSESS THE "SHU TERM", WHICH DOUBLELY VIOLATES THE EX POST FACTO LAWS. (<u>SEE</u> EXHIBITS "#1" AND "#2".)

PETITIONER ASSERTS, THE SAME IS TRUE WITH THE FIRST AND FOURTEENTH AMMONDMENTS CLAIMS OF VIOLATIONS OF PROTECTED-SPEECH, ACCESS TO COURTS, AND PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES, WHERE PETITIONER HAS ALREADY SUFFERED "ACTUAL INJURY, <u>i.e,</u> DISMISSAL OF TWO (2) DEFENDANTS FROM ONE CIVIL ACTION, AND LOST OF ABILITY TO DO "DISCOVERY" IN THAT SAME TWENTY (20) DEFENDANT CIVIL ACTION AND ETC...", WHICH RESPONDENT(S) <u>CANNOT</u> SAY WILL NOT REACCURE SHOULD PETITIONER GETS "<u>TRANSFERRED</u>" AGAIN (FOR THIS "SHU PROGRAM"), WHERE THE RECORD ILLUSTRATES ON TWO PRIOR OCCASIONS THERE HAS BEEN AN "OBSTRUCTION" IN RETURNING PETITIONER'S "PROPERTY `LEGAL MATERIALS'" FOLLOWING THESE "<u>TRANSFERS</u>". (<u>SEE</u> EXHIBITS "E" AND "F".) AS THE RECORD ALSO ILLUSTRATE THAT RESPONDENT(S) HAS A PRACTICE OF CLEARLY RETALIATORY ACTS AGAINST PETITIONER FOR EXERCISE OF HIS CONSTITUTIONAL RIGHT. (<u>SEE</u> INSTANT PETITION HABEAS °CORPUS GROUNDS ONE-FOUR; AND THE INSTANT PLEADING ATTACHED EXHIBITS "A-D".)

07CV2013

1  MOREOVER, IF PETITIONER IS MADE TO SERVE THIS
2  9 MONTH SHU TERM (AND TRANSFERRED TO A SHU PROGRAM) WHICH
3  IS LATER DETERMINED TO BE IN VIOLATION OF THE EX POST
4  FACTO CLAUSE (WHICH IT DOES VIOLATE U.S. CONST, ART. I, § 10), THIS
5  CLEARLY ILLUSTRATES AN "IRREPARABLE INJURY" THAT'S CURRENTLY
6  AN "IMMINENT DANGER" OF A CONSTITUTIONAL VIOLATION, HERE
7  THAT THIS SERIOUS QUESTION(S) ARE RAISED AND THE BALANCE TIPS
8  THE HARDSHIP(S) SHARPLY IN PETITIONER'S FAVOR. ADDITIONALLY,
9  THERE IS NO HARDSHIP RESPONDENT(S) WILL SUFFER, BECAUSE AS THE
10  RECORD SHOW (EXHIBIT #1) THAT PETITIONER HAS BEEN SERVING
11  THIS "SHU TERM" SINCE "SEPTEMBER 17, 2007" WHEN PETITIONER
12  WAS PLACED IN AD-SEG (ASU) ON THE "RVR" SEGREGATION ORDER
13  WAS ISSUED (AS PETITIONER HAS ALREADY SERVED OVER TWO MONTHS
14  OF THE SHU TERM IN CALIPATRIA'S AD-SEG AND COULD CONTINUE
15  TO SERVE THE SHU TERM IN AD-SEG (ASU) AT CALIPATRIA UNTIL THE
16  COURT RULE ON THE CONSTITUTIONAL VIOLATIONS. SEE GILMORE,
17  220 F.3d AT 1009 FN. 27.
18  D. THE CLEAN HANDS AND FRUITS OF THE POISONOUS TREE DOCTRINES
19      PETITIONER IS COMPELLED TO ASSERT THE CLEAN HANDS
20  AND FRUITS OF THE POISONOUS TREE DOCTRINES REGARDING THIS
21  MATTER OF TRO INJUNCTIVE RELIEF BEEN ALSO WARRANTED.
22  BECAUSE IF PETITIONER CAN PROVE IN THE HABEAS CORPUS
23  PLEADING CURRENTLY BEFORE THIS COURT, THAT THE CLAIMS
24  OF CONSTITUTIONAL VIOLATIONS RELATED TO THE "FEBRUARY 21,
25  2006" "SEGREGATION ORDER" AND "FEBRUARY 22, 2006" "RVR"
26  ALSO RELATED TO THE "FEBRUARY 21, 2006" ALLEGED INCIDENT ARE
27  FALSE AND NEVER OCCURRED (WHICH IS WHAT PUT PETITIONER IN AD-
28  SEG (ASU) IN THE FIRST PLACE), AND THE "MARCH 11, 2006" ALLEGED

(23)                    07CV2013

1 "RVR" INCIDENT WHICH OCCURRED WHILE IN AD-SEG (WHICH THIS
2 "MARCH 11, 2006" ALLEGED INCIDENT IS WHAT RESPONDENT(S) HAS
3 USED TO DETERMINE AS "ONE OF THE TWO OFFENSES" IN THE
4 TWELVE MONTH PERIOD AND HAS USED TO DETERMINE AS "AGGRAVATION
5 FACTORS" TO INCREASE PETITIONER'S "SHU TERM '3 MONTHS!" (SEE
6 EXHIBIT #1) INVIOLATION OF THE EX POST FACTO CLAUSE, SURELY
7 WOULD NULLIFIED. IN OTHER WORDS, IF PETITIONER CAN PROVE
8 THAT HE SHOULD NOT HAVE BEEN PLACED IN AD-SEG ON FEBRUARY
9 21, 2006 RELATING TO THAT INCIDENT (BECAUSE IT WAS FALSE AND
10 NEVER HAPPEN--"CLEAN HANDS DOCTRINE"), THAN THE "RVR" INCIDENT
11 WHICH ALLEGEDLY OCCURRED ON "MARCH 11, 2006" IN "AD-SEG"
12 COULD NEVER HAVE (ALLEGEDLY) HAPPEN IF PETITIONER WOULDN'T
13 HAVE BEEN PLACED IN AD-SEG FALSELY IN THE FIRST PLACE--
14 CONSTITUTING "FRUITS OF THE POISONOUS TREE (OF THE FEBRUARY
15 21, 2006 FALSE ACCUSATIONS) DOCTRINE. 371 U.S. 471, 484.

16 E. JUDICIAL NOTICE
17     PETITIONER REQUEST THIS COURT TO TAKE JUDICIAL
18 NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 201(a)-
19 (f) BECAUSE PETITIONER HAVE SUBMITTED AS EXHIBITS
20 SEVERAL CDC SOURCE DOCUMENTS FROM INSTITUTIONAL FINDINGS.
21 SEE PAPAI V. HARBOR TUG + BARGE CO., 67 F.3d 203, 207 N.5
22 (9TH CIR. 1995)(TAKING JUDICIAL NOTICE OF A DECISION AND
23 ORDER OF AN ADMINISTRATIVE LAW JUDGE), REV'D ON OTHER
24 GROUNDS, 520 U.S. 548, 137 L.Ed.2d 80 (1997). MATERIALS FROM A
25 PROCEEDING IN ANOTHER TRIBUNAL AR APPROPRIATE FOR
26 JUDICIAL NOTICE.

(24)                    07CV2013

ADDITIONALLY, SINCE PETITIONER ALSO HAVE FILED ORDER(S) AND FINDING(S) FROM ANOTHER UNITED STATES DISTRICT COURT THATS NOT PUBLISHED, HERE TOO PETITIONER REQUEST THAT JUDICIAL NOTICE BE TAKEN.

Rule 201 (b)(2)(d) MAKES TAKING JUDICIAL NOTICE MANDATED IF COURT IS SO REQUIRED AND SUPPLIED WITH THE NECESSARY INFORMATION. SEE HAYES V. U.S., 461 F.Supp. 1168 (1978, CO Cal). ALTHOUGH EACH CASE MAY BE VIEWED ON ITS OWN MERITS, COURT IS EMPOWERED TO SEE AND DOES TAKE JUDICIAL NOTICE OF COURT FILES AND RECORDS. SCHWEIZER V. SCOTT, 469 F.Supp. 1017 (1979, C.D.Cal.). AND WHERE FUNCTION OF COURT IS TO ACT AS FACT-FINDER OR EXERCISE ITS DISCRETION, MORE LEEWAY TO TAKE JUDICIAL NOTICE IS JUSTIFIED. KOREMATSU V. U.S., 584 F.Supp. 1406 (1984, N.D. Cal.).

A COURT NEED NOT ACCEPT AS TRUE MATTERS JUDICIALLY NOTED, AND THE "COURT MAY LOOK BEYOND THE PLAINTIFF's COMPLAINT TO MATTERS OF PUBLIC RECORD." FRANKLIN V. COUNTY OF RIVERSIDE, 971 F.Supp. 1332, 1334 (C.D. Cal. 1997) (CITING SHAW V. HAHN, 56 F.3d 1108, 1129 N.1 (9TH CIR.) CERT. DENIED, ___ U.S. ___, 116 S. Ct. 418, 133 L.Ed.2d 336 (1995)). SEE NGIC INDEM. CO. V. WEISMAN, 803 F.2d 500, 505 (9TH CIR. CIR. 1986); U.S. V. WILSON, 631 F.2d 118, 119 (9TH CIR. 1780). FED. R. EVID. 201(a)-(f). COMPARE LOTT V. MUELLER, 304 F.3d 918, 924 (9TH CIR. 2001); SPITSYN V. MOORE, 345 F.3d 796, 801 (9TH CIR. 2003); AND ESPINOZA-MATTEWS V. CALIFORNIA, THURSDAY, DEC. 29, 2005, D.A.R. 14879, AT 14881-14882 NN.6-9. 28 U.S.C. 2244(d)(1)(A).

(25)

07CV2013

## Conclusion

WHEREFORE, PRAYER IS ASSERTED WITH THE
AFOREMENTIONED Only NOTED THAT THIS COURT FINDS
TRO RELIEF IS WARRANTED IN THIS MATTER.

DATED: NOVEMBER 28, 2007

Respectfully Submitted,

DANNY JAMES COHEA

(26)                    07CV2013

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, *DANNY JAMES COHEA* DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE *PETITIONER* IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS *28TH* DAY OF: *NOVEMBER* 20 *07* AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

(SIGNATURE) *Danny James Cohea*
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, *DANNY JAMES COHEA* AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002. CALIPATRIA, CALIFORNIA #92233-5002.

ON *NOVEMBER 28*, 20 *07* I SERVED THE FOREGOING: *COHEA V. SCRIBNER, WARDEN, CV-07-2013 J (JMA) -- EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER FORTHWITH (PURSUANT TO FED.R.Cal.P. 62, 65, AND 18 U.S.C. §3626(b))*

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

*CALIFORNIA ATTORNEY GENERAL*
*SAN DIEGO OFFICE*
*110 WEST "A" STREET, SUITE 700*
*SAN DIEGO, CA. 92101*

*CLERK OF:*
*UNITED STATES DISTRICT COURT*
*ROOM 4290*
*880 FRONT STREET*
*SAN DIEGO, CA. 92101-8900*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: *NOVEMBER 28, 2007*

*Danny James Cohea*
(DECLARANT/PRISONER)