1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   DANNY JAMES COHEA,                    )    Civil No.07cv2013 JAH (JMA)
                                            )
11                    Petitioner,           )    **ORDER DENYING MOTION FOR**
                                            )    **TEMPORARY RESTRAINING**
     v.                                     )    **ORDER [Doc. No. 6]**
12                                          )
     L.E.SCRIBNER, Warden,                  )
13                                          )
                      Respondent.           )
14   _____   )

15          On October 17, 2007, Petitioner, a state prisoner proceeding *pro se*, filed a petition

16   for writ of habeas corpus.  Respondent was directed to file a response to the petition.  See

17   Order (Doc. No. 4)  Shortly thereafter, Petitioner filed the pending motion for temporary

18   restraining order in which he seeks an order preventing Respondent from transferring him

19   to a "SHU program."[1]  Respondent filed no response to the motion.  After a thorough

20   review of Petitioner's submissions, the Court DENIES the motion for temporary

21   restraining order.

22   **I.  Legal Standard**

23          The purpose of a temporary restraining order ("TRO") is to preserve the *status quo*

24   before a preliminary injunction hearing may be held; its provisional remedial nature is

25   designed merely to prevent irreparable loss of rights prior to judgment.  See Granny Goose

26   Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (noting

27   that a TRO is restricted to its "underlying purpose of preserving the *status quo* and

28   _____

              [1]"SHU" refers to the Security Housing Unit.

1    preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

2     As such, an applicant for a TRO is required to demonstrate "immediate and irreparable

3    injury, loss or damage." Fed. R. Civ. P. 65(b); see also Caribbean Marine Serv. Co., Inc.

4    v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

5         The standard for issuing a TRO is similar to the standard for issuing a preliminary

6    injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp.

7    1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests for demonstrating

8    preliminary injunctive relief: the traditional test or an alternative sliding scale test. Cassim

9    v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional test, a party must

10   show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable

11   injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the

12   plaintiff, and 4) advancement of the public interest (in certain cases)." Save Our Sonoran,

13   Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that

14   a public interest is involved, a "district court must also examine whether the public interest

15   favors the plaintiff." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir.

16   1992).

17        Alternatively, a party seeking injunctive relief under Fed. R. Civ. P. 65 must show

18   either (1) a combination of likelihood of success on the merits and the possibility of

19   irreparable harm, or (2) that serious questions going to the merits are raised and the

20   balance of hardships tips sharply in favor of the moving party. Immigrant Assistance

21   Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002);

22   Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v.

23   Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two

24   points on a sliding scale in which the required degree of irreparable harm increases as the

25   probability of success decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutri-

26   cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); accord Sun Microsystems, 188 F.3d at

27   1119. "Thus, 'the greater the relative hardship to the moving party, the less probability

28   of success must be shown." Sun Microsystems, 188 F.3d at 1119 (quoting Nat'l Ctr. for

1    Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)).

2        The Ninth Circuit makes clear that a showing of immediate irreparable harm is

3    essential for prevailing on a TRO.  See Caribbean Marine, 844 F.2d at 674.  "Speculative

4    injury does not constitute irreparable injury sufficient to warrant granting a preliminary

5    injunction."  Id.  Moreover, "a plaintiff seeking an injunction against a local or state

6    government must present facts showing a threat of immediate, irreparable harm before a

7    federal court will intervene."  Midgett v. Tri-County Met. Transp. Dist., 254 F.3d 846,

8    851 (9th Cir. 2001).  Thus, a plaintiff must show the presence of an "immediate threatened

9    injury as a prerequisite to preliminary injunctive relief."  Id., citing Los Angeles Memorial

10    Coliseum Commission v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

11    **II.  Analysis**

12        Petitioner seeks an order preventing his transfer to the SHU.  In support of his

13    motion, Petitioner states

> Therefore, because of the "Direct Injury" Petitioner has already suffered
> because of Respondents "transfer policies which is currently a realistic
> threat of being repeated (as a constitutional violation)", along with the
> "imminent danger of a constitutional violation" currently being experienced
> by Petitioner from the Respondent(s), Petitioner is left with no chose expect
> to move this Court for a TRO to preserve the status quo pending a fuller
> hearing, pursuant to Fed.R.Civ.P. Rule 62.

18    Motion at 3.

19        Although not entirely clear, Petitioner appears to argue Respondent wrongfully used

20    a March 11, 2006 incident to "assess Petitioner an additional '3 months' as 'aggravation

21    factors'" in violation of the ex post facto clause of the United States Constitution to

22    permit his "SHU" transfer for a nine month term.[2]  Motion at 10.  Petitioner maintains

23    California Code of Regulations, Title 15, Section 3341.5 (c)(9)(K) prohibits Respondent

24    from assessing a SHU term unless he committed two or more offenses in a twelve month

25    period.  He argues the March 11, 2006 incident occurred over nineteen months prior and

26    therefore was improperly relied upon by Respondent as an aggravating factor.  Petitioner

27

28        [2]Petitioner also alleges the imposition of a "SHU" term is based upon falsified Rule Violation
Reports.

3                                                            07cv2013

1  contends Respondent's failure to follow the regulation violated the ex post facto clause.

2      Petitioner further argues the extended term in the "SHU" was imposed in

3  retaliation for exercising his constitutional right to seek redress for grievances and to

4  separate him from his "legal materials." Motion at 12.  He maintains Respondent's prior

5  action in transferring Petitioner to other prisons, and thereby separating Petitioner from

6  his legal documents, resulted in the dismissal of civil rights actions.

7      Article I of the United States Constitution prohibits the states from passing an ex

8  post facto law. U.S. Const. Art. I, § 10, cl. 1.  The ex post facto clause is "aimed at laws

9  that 'retroactively alter the definition of crimes or increase the punishment for criminal

10  acts.' " California Dep't of Corr. v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 1601,

11  131 L.Ed.2d 588 (1995) (citations omitted).  As such, a law violates the ex post facto

12  clause if it (1) punishes as a crime an act that was not criminal when it was committed; (2)

13  makes a crime's punishment greater than when the crime was committed; or (3) deprives

14  a defendant of a defense available at the time the act was committed. Collins v.

15  Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

16      Petitioner sets forth no facts demonstrating and provides no argument that

17  Respondent retroactively applied a regulation against Petitioner.  In fact, Petitioner argues

18  Respondent failed to apply a new regulation.  Furthermore, the Court's interpretation of

19  the new regulation does not make the violations punishment greater than the punishment

20  provided by the former regulation.  Therefore, Petitioner fails to demonstrate a likelihood

21  of success on the merits of his ex post facto law claim and fails to demonstrate serious

22  questions going to the merits of the claim.[3]

23      Furthermore, although Petitioner argues he was separated from his materials in the

24  past, he fails to demonstrate he has or will be denied access to his legal materials necessary

25

26

27      [3]The Court also notes Petitioner was assessed a SHU term for the offense of indecent exposure.  See
28  SHU Term Assessment Sheet, Petitioner's Exh. 1.  The SHU Assessment Chart requires two or more offenses
   in a twelve month period for the offense of sexual disorderly conduct, not indecent exposure.  See 15 CA
   ADC § 3341.5 (c)(9)(K).

1  to proceed with this matter upon his transfer to the "SHU."[4]  Accordingly, Petitioner fails

2  to demonstrate immediate, irreparable injury.

3  **CONCLUSION AND ORDER**

4  Based upon the foregoing, **IT IS HEREBY ORDERED** Petitioner's motion for a

5  temporary restraining order is **DENIED.**

6  DATED:  January 7, 2008

7

8  JOHN A. HOUSTON
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]Any claim for relief for previous denial of access to courts or for retaliation is more appropriately brought as a action under 42 U.S.C. § 1983.