1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  LORA FOX MARTIN, State Bar No. 168012
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone:  (619) 645-2019
     Fax:  (619) 645-2581
9    Email:  Lora.Martin@doj.ca.gov

10 Attorneys for Respondent

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 **DANNY JAMES COHEA,**                    CV 07-2013 J (JMA)

16                            Petitioner,   **NOTICE OF MOTION AND
                                            MOTION TO DISMISS PETITION**
17         v.                               **FOR WRIT OF HABEAS CORPUS;
                                            MEMORANDUM OF POINTS AND**
18 **L. E. SCRIBNER, Warden,**              **AUTHORITIES IN SUPPORT
                                            THEREOF**
19                            Respondent.
                                            Court:  D
20                                          Judge:  Hon. Jan M. Adler
                                                    U.S. Magistrate Judge
21

22         Respondent, L.E. Scribner, Warden, Calipatria State Prison, Calipatria, hereby moves

23 for dismissal of the instant Petition for Writ of Habeas Corpus filed by Petitioner Danny Cohea

24 on October 17, 2007.  Pursuant to the order of this Court, filed October 29, 2007, and Rule 4 of

25 the Rules Governing 28 U.S.C. section 2254, Respondent moves for dismissal of the entire

26 Petition on the grounds that Petitioner has failed to state a specific claim for federal habeas relief.

27 Moreover, it does not appear that Petitioner has fully exhausted his state court remedies to all

28 claims in the Petition before seeking relief in federal court.  This motion is based on this Notice

1  and Motion, the supporting Memorandum of Points and Authorities, the records and files in this

2  action, and other such matters as may properly come before the Court.  This motion is based on

3  this Notice and Motion, the supporting Memorandum of Points and Authorities, the records and

4  files in this action, and other such matters as may properly come before the Court.

5  **MEMORANDUM OF POINTS AND AUTHORITIES**

6  **INTRODUCTION**

7       Petitioner is a life inmate serving a term of nineteen years to life for second degree murder

8  with a firearm-use allegation.  (Cal. Penal Code §§ 187; 12022.5(a).)  It appears that Petitioner is

9  challenging events which stemmed from the issuing of a Segregation Order on February 21, 2006

10  and/or a Classification Hearing held on March 2, 2006.  In claim one, Petitioner argues there was

11  a "Fourteenth Amendment procedural due process violation" from the institution's "fail[ure] to

12  appoint [an] investigative employee/staff assistant and witness for 'ICC' on 'Segregation

13  Order.'"  (Pet., at 6, 6a.)  In claim two, Petitioner contends there were "First and Fourteenth

14  Amendments violations to petition the government of redress of grievance and procedural due

15  process violation on administrative grievance."  (Pet., at 7.)  In claim three, Petitioner asserts:

16  "Fourteenth Amendment procedural due process and equal protection violations when

17  exculpatory evidence was ignored by bias [sic] hearing officer and staff."  (Pet., at 8.)  In claim

18  four, Petitioner contends that there were procedural due process and equal protection violations

19  "during the rule violation report hearing process and the administrative grievance process."  (Pet.

20  at 9.)

21       First, the Petition should be dismissed for failure to state a specific claim for federal habeas

22  relief because the claims are essentially indecipherable and factually unsupported.  Moreover, it

23  does not appear that all of Petitioner's claims have been fully exhausted in state court.

24  Accordingly, the Petition should be dismissed.

25  ///

26  ///

27  ///

28  ///

**ARGUMENT**

**I.**

**THE PETITION SHOULD BE DISMISSED FOR FAILURE TO STATE SPECIFIC, ARTICULATE GROUNDS FOR RELIEF.**

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c) Foll. 28 U.S.C. § 2254; see also *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c).

On February 21, 2006, Petitioner was placed in the Administrative Segregation Unit (ASU) at Calipatria State Prison due to a Rules Violation Report (RVR) for Sustained Masturbation without Exposure.[1] On March 9, 2006, Petitioner was found guilty of the charged offense and assessed a loss of credits. Petitioner was then referred for an extension of his confinement in the ASU. On March 11, 2006, Petitioner received an additional RVR for indecent exposure, and he was found guilty of this offense on April 19, 2006. (Lodg. 4.) Petitioner filed at least three administrative appeals related to these offenses and hearings. The underlying basis for all of Petitioner's complaints appear to be his contention that he did not commit the offenses. (Lodgs. 2, 3, 4.)

In the instant Petition, although Petitioner does state generalized constitutional grounds for relief, he does not provide any specific, intelligible factual allegations in support of such grounds. For instance, in the heading of claim one, he alleges a "Fourteenth Amendment procedural due process violation," apparently because he was not appointed an investigative employee or staff assistant for his classification hearing. (Pet. at 6.) However, in the supporting facts section of this claim, Petitioner makes a number of unsupported and unrelated statements, not the least of which is a claim that the officer who reported Petitioner's conduct is a liar. (See, e.g., Pet., at 6a

---

1. These facts are taken from a Director's Level Appeal decision which appears to address issues related to the RVRs that are the subject of this Petition. (Lodg. 4.)

1   " . . . when it was <u>evident</u> counselor 'A. Arias' CDC-114-D allegations were <u>not</u> 'factual as

2   reported' requiring petitioner to had been <u>released</u> [sic] from 'Ad-Seg.'" [underlining and

3   internal quotation marks, original].)  In any event, none of the allegations provide any factual

4   support for a federal due process or other constitutional claim.  Likewise, in the heading of claim

5   two, it appears that Petitioner is alleging that his right to procedural due process was somehow

6   violated in the administrative appeals process. (Pet., at 7.)  However, the facts alleged to support

7   his complaint include a litany of accusations against the person assigned to handle his appeal

8   (Pet. at 7a), what appears to be a complaint about the lack of timeliness with which the appeal

9   was handled (Pet. at 7a), and an expression of his dissatisfaction with the denial of his appeal.

10  (Pet. at 7a.)  Claims three and four are similarly problematic.

11      Federal habeas corpus relief is only available to persons who are in custody in violation of

12  the Constitution or laws or treatises of the United States.  28 U.S.C. § 2254(a); *Estelle v.*

13  *McGuire*, 502 U.S. 62, 68 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  The petitioner bears the

14  burden of alleging verified facts pointing to the real possibility of constitutional error.

15  Unverified facts are entitled to no evidentiary weight whatsoever.  Rule 2(c) Foll. 28 U.S.C. §

16  2254.  Conclusory allegations not supported by facts will not suffice.  *Schlette v. California*, 284

17  F. 2d 827, 833 (9th Cir. 1960).  Mere conclusions of violations of federal rights without specifics

18  do not state a basis for federal habeas corpus relief.  *James v. Gomez*, 66 F.3d 199, 205 (9th Cir.

19  1995).

20      Although courts should liberally interpret pro se pleadings with leniency and understanding,

21  they should not place the entire onus of ferreting out grounds for relief on the reviewing court.

22  *Burkey v. Deeds*, 824 F. Supp. 190, 193 (D.Nev. 1993).  Nor should the onus be placed on

23  respondent.  *See Harris v. Allen*, 739 F. Supp. 564, 565 (W.D.Okla.1989)  (The allegations must

24  be sufficiently specific to permit the respondent to assert appropriate objections and defenses.)

25      Although Petitioner has labeled each of his claims with an allegation of a constitutional

26  violation, the substance of his claims provide no factual basis for any recognizable violation of

27  the constitution.  Moreover, not only has Petitioner failed to articulate a clear violation of federal

28  law in his claim, the relief he seeks is equally indecipherable.

---

1    The Imperial County Superior Court dismissed the petition, finding that "[t]he allegations of

2 the petition [were], for the most part, unintelligible and/or unsupported by the attached exhibits."

3 (Lodg. 6 at 2.) This Court should likewise dismiss the Petition for failure to state a specific claim

4 for relief. *Blackledge v. Allison*, 431 U.S. 63, 75 n.7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

5                                              **II.**

6       **THE PETITION SHOULD BE DISMISSED BECAUSE PETITIONER**
        **HAS FAILED TO EXHAUST HIS STATE COURT REMEDIES**.
7

8       It is well-established that exhaustion of state court remedies is a prerequisite to seeking

9 federal habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509. The exhaustion doctrine is

10 fundamentally premised on a policy of federal-state comity designed to give state courts the

11 initial opportunity to correct constitutional deprivations. *Picard v. Connor*, 404 U.S. 270, 92

12 S.Ct. 509, 30 L. Ed. 2d 438 (1971). To prove exhaustion, a petitioner must show that he

13 presented the state's highest court with a fair opportunity to rule on the merits of the issues raised

14 in the petition. 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. at 133-134.

15      In the federal Petition, Petitioner appears to allege that a violation of due process occurred

16 when the institution failed to appoint a staff assistant or investigative employee to assist him in

17 the classification hearing. (Pet., at 6.) It appears that Petitioner at least attempted to raise a

18 similar issue in the state supreme court. (Lodg. 11 at 3.) In claim two in the federal Petition,

19 Petitioner appears to complain about the manner in which his administrative appeal was processed

20 (e.g., that it was assigned to a counselor who was biased [Pet., at 7a], and that it did not

21 adequately address his claims [Pet., at 7a].) However, Petitioner's second claim in the state

22 supreme court petition appears to attack the administrative appeals process on different grounds

23 (e.g., a counselor attempted to get Petitioner to change the allegations in his appeal [Lodg. 11 at

24 2a], the institution did not process his appeal [Lodg. 11 at 2a]). In claim three of the federal

25 Petition, it appears that Petitioner is contending that the institution ignored exculpatory evidence

26 during a disciplinary hearing involving a charge of indecent exposure. (Pet., at 8.) In the third

27 (and final) claim in the state supreme court petition, Petitioner contends that the Imperial County

28 Superior Court erred in denying his petition. (Lodg. 11 at 4.) In claim four of the federal Petition,

1   Petitioner asserts that there were "Fourteenth Amendment procedural due process and equal

2   protection violations" during the disciplinary hearing and in the administrative grievance process.

3   (Pet., at 9.)

4        Even if some similarity can be drawn between claims one and two in the federal and state

5   supreme court petitions, it is clear that, at the very least, claims three and four of the federal

6   Petition were never presented to the state supreme court.  These claims, therefore, have not been

7   fairly presented to the state courts, and are unquestionably unexhausted claims.  *Granberry v.*

8   *Greer*, 481 U.S. at 133-134.  Because the Petition contains both exhausted and unexhausted

9   claims, the Petition must be dismissed in its entirety.  *Lonchar v. Thomas*, 517 U.S. at 324.

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

The allegations in the Petition are unintelligible, at least with respect to any claim of error of constitutional magnitude.  Furthermore, Petitioner has not fairly presented all of the issues in the instant Petition to the state courts.  Accordingly, the Petition must be dismissed.

Dated:  January 11, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General


/s/ Lora Fox Martin

LORA FOX MARTIN
Deputy Attorney General
Attorneys for Respondent

LFM:bm
70110331.wpd
SD2007602019

1  **DECLARATION OF SERVICE BY U.S. MAIL**

2  Case Name:    **Cohea v. Scribner**

3  Case No.:    **CV 07-2013 J (JMA)**

4  I declare:

5  I am employed in the Office of the Attorney General, which is the office of a member of the
   California State Bar, at which member's direction this service is made.  I am 18 years of age or
6  older and not a party to this matter.  I am familiar with the business practice at the Office of the
   Attorney General for collection and processing of correspondence for mailing with the United
7  States Postal Service.  In accordance with that practice, correspondence placed in the internal
   mail collection system at the Office of the Attorney General is deposited with the United States
8  Postal Service that same day in the ordinary course of business.

9  On January 11, 2008, I served the attached **NOTICE OF MOTION AND MOTION TO
   DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF
10 POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof
   enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection
11 system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266,
   San Diego, CA  92186-5266, addressed as follows:

12

13 Danny James Cohea
   CDC # J-13647
14 Calipatria State Prison
   P.O. Box 5002
15 Calipatria, CA  92233-5002

16 In Pro Per

17 I declare under penalty of perjury under the laws of the State of California the foregoing is true
   and correct and that this declaration was executed on January 11, 2008, at San Diego, California.
18

19          B. Magallanes

20          Declarant                                    Signature

21 70111740.wpd

22

23

24

25

26

27

28