Danny James Cohea (J13647)
Calipatria State Prison
P.O. Box 5002, ASU 139L
Calipatria, CA. 92233-5002



FILED
JAN 22 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In Pro Per

ORIGINAL

United States District Court

Southern District of California

Danny James Cohea,
    Petitioner/Appellant,

v.

L.E. Scribner, Warden,
    Respondent/Appellee.

Civil No. 07CV2013 J (JMA) *

Petition for Permission to Appeal; and Request for In Forma Pauperis Status on Appeal

(Pursuant to FRAP 5; and 28 U.S.C. § 1292)

AFFIDAVIT

Courtroom: B
U.S. District Jud: Houston
Time & Date: 1/21/08, 8:00 AM

Petitioner moves this Court for permission to appeal this Court's January 7, 2008 order denying this Petitioner's request for Temporary Restraining Order (TRO), and Petitioner request In Forma Pauperis status on appeal.

* Petitioner request judicial notice (F.R.Evid. 201(a)-(f)) to the fact that this Habeas Corpus case on October 29, 2007 (when filed) was assigned to the Honorable Napoleon A. Jones, Jr., U.S. District Judge, and without any notice to Petitioner (of why), U.S. District Judge John A. Houston has assigned himself to Petitioner's Habeas Corpus case.

(1)

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 29, 2007, Appellant filed a Petition for Writ of Habeas Corpus asserting four (4) grounds of Constitutional violations by Appellee. (See CD 4.)

On October 30, 2007, the Honorable Napoleon A. Jones, Jr., United States District Judge (assigned to the Habeas Case) granted Appellant In Forma Pauperis status.

On or about November 28, 2007, Appellant filed a Request for TRO asserting that Respondent was using the disciplinary charge alleged in the Habeas Petition "Ground 4" (that violated Appellant's Constitutional rights) was being used to assess Appellant a six (6) month Security Housing Unit ("SHU") term and was further using that same disciplinary charge to increase the SHU term to nine (9) months, totalling an assessment of 9 months SHU term. To which Appellant asserted the 9 month SHU term (by usage of the "March 11, 2006" disciplinary charge -- which occurred prior to the new prison regulation enacted on "January 10, 2007") violated the United States Constitution Ex Post Facto Clause, U.S. Constitution, Article I, § 10.

(2)                                07-CV-2013

On January 7, 2008, United States District Judge John A. Houston (after placing himself on this Habeas Corpus case) issued an order denying Appellant's TRO request to preserve the <u>status quo</u>. In District Judge Houston's January 7, 2008 denial order, the district court abused the discretion of the district by making an error of law <u>and</u> resting its decision on clearly erroneous findings of material fact. <u>Cf. United States v. Iverson</u>, 162 F.3d 1015, 1026 (9th Cir. 1998)("A district court abuses its discretion when it makes an error of law or rests its decision on clearly erroneous findings of material fact.").

The Ninth Circuit Court of Appeals will reverse the district court's order denying injunctive relief only if it abused its discretion or based its discretion/decision on an erroneous legal standard or clearly erroneous findings of fact. <u>Does 1-5 v. Chandler</u>, 83 F.3d 1150, 1152 (9th Cir. 1996). <u>Cf. Armstrong v. Davis</u> 275 F.3d 849, 854, 860-861 (9th Cir. 2001).

(3)

Therefore, Appellant asserts also, under the circumstances, in forma pauperis status on appeal is warranted in this Court's denial of injunctive relief.

## Conclusion

Wherefore, Appellant in good faith and for good cause pray for this Court to issue an order of certification to appeal interlocutory this injunctive relief denial order. And pray this Court to grant Appellant application to appeal in forma pauperis status.

Dated: January 16, 2008

Respectfully Submitted,

_Danny James Cohen_
Danny James Cohen

(4)

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, **DANNY JAMES COHEA** DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE **PETITIONER/APPELLANT** IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS **16TH** DAY OF: **JANUARY** 20**08** AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) *Danny James Cohea*
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, **DANNY JAMES COHEA** AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002. CALIPATRIA, CALIFORNIA #92233-5002.

ON **JANUARY 16TH**, 20**08** I SERVED THE FOREGOING: **COHEA V. SCRIBNER, WARDEN 07CV2013 J (JMA) PETITION FOR PERMISSION TO APPEAL; AND REQUEST FOR IN FORMA PAUPERIS STATUS ON APPEAL (PURSUANT TO FRAP 5; AND 28 U.S.C. § 1292)**

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CA 92101-8900

CLERK, U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT
P.O. BOX 193939
SAN FRANCISCO, CA. 94119-3939

CALIFORNIA ATTORNEY GENERAL
(SAN DIEGO OFFICE)
110 WEST "A" STREET, SUITE 1100
SAN DIEGO, CA. 92101
P.O. BOX 85266
SAN DIEGO, CA. 92186-5266
ATTN: Deputy AG LORA FOX MARTIN

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: **JANUARY 16TH, 2008**

*Danny James Cohea*
(DECLARANT/PRISONER)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>L.E.SCRIBNER, Warden,<br><br>　　　　　　　Respondent. | Civil No.07cv2013 JAH (JMA)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 6] |

　　　On October 17, 2007, Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus. Respondent was directed to file a response to the petition. See Order (Doc. No. 4) Shortly thereafter, Petitioner filed the pending motion for temporary restraining order in which he seeks an order preventing Respondent from transferring him to a "SHU program."[1] Respondent filed no response to the motion. After a thorough review of Petitioner's submissions, the Court DENIES the motion for temporary restraining order.

**I. Legal Standard**

　　　The purpose of a temporary restraining order ("TRO") is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the *status quo* and

---

[1] "SHU" refers to the Security Housing Unit.

1  preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). 
2  As such, an applicant for a TRO is required to demonstrate "immediate and irreparable 
3  injury, loss or damage." Fed. R. Civ. P. 65(b); see also Caribbean Marine Serv. Co., Inc. 
4  v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

5      The standard for issuing a TRO is similar to the standard for issuing a preliminary 
6  injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 
7  1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests for demonstrating 
8  preliminary injunctive relief: the traditional test or an alternative sliding scale test. Cassim 
9  v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional test, a party must 
10 show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable 
11 injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the 
12 plaintiff, and 4) advancement of the public interest (in certain cases)." Save Our Sonoran, 
13 Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that 
14 a public interest is involved, a "district court must also examine whether the public interest 
15 favors the plaintiff." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 
16 1992).

17     Alternatively, a party seeking injunctive relief under Fed. R. Civ. P. 65 must show 
18 either (1) a combination of likelihood of success on the merits and the possibility of 
19 irreparable harm, or (2) that serious questions going to the merits are raised and the 
20 balance of hardships tips sharply in favor of the moving party. Immigrant Assistance 
21 Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); 
22 Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. 
23 Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two 
24 points on a sliding scale in which the required degree of irreparable harm increases as the 
25 probability of success decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutri-
26 cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); accord Sun Microsystems, 188 F.3d at 
27 1119. "Thus, 'the greater the relative hardship to the moving party, the less probability 
28 of success must be shown." Sun Microsystems, 188 F.3d at 1119 (quoting Nat'l Ctr. for

1  Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)).

2      The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a TRO. See Caribbean Marine, 844 F.2d at 674. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. Moreover, "a plaintiff seeking an injunction against a local or state government must present facts showing a threat of immediate, irreparable harm before a federal court will intervene." Midgett v. Tri-County Met. Transp. Dist., 254 F.3d 846, 851 (9th Cir. 2001). Thus, a plaintiff must show the presence of an "immediate threatened injury as a prerequisite to preliminary injunctive relief." Id., citing Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

## II. Analysis

    Petitioner seeks an order preventing his transfer to the SHU. In support of his motion, Petitioner states

> Therefore, because of the "Direct Injury" Petitioner has already suffered because of Respondents "transfer" policies which is currently a realistic threat of being repeated (as a constitutional violation)", along with the "imminent danger of a constitutional violation" currently being experienced by Petitioner from the Respondent(s), Petitioner is left with no chose expect to move this Court for a TRO to preserve the status quo pending a fuller hearing, pursuant to Fed.R.Civ.P. Rule 62.

Motion at 3.

    Although not entirely clear, Petitioner appears to argue Respondent wrongfully used a March 11, 2006 incident to "assess Petitioner an additional '3 months' as 'aggravation factors'" in violation of the ex post facto clause of the United States Constitution to permit his "SHU" transfer for a nine month term.[2] Motion at 10. Petitioner maintains California Code of Regulations, Title 15, Section 3341.5 (c)(9)(K) prohibits Respondent from assessing a SHU term unless he committed two or more offenses in a twelve month period. He argues the March 11, 2006 incident occurred over nineteen months prior and therefore was improperly relied upon by Respondent as an aggravating factor. Petitioner

---

[2]Petitioner also alleges the imposition of a "SHU" term is based upon falsified Rule Violation Reports.

contends Respondent's failure to follow the regulation violated the ex post facto clause.

Petitioner further argues the extended term in the "SHU" was imposed in retaliation for exercising his constitutional right to seek redress for grievances and to separate him from his "legal materials." Motion at 12. He maintains Respondent's prior action in transferring Petitioner to other prisons, and thereby separating Petitioner from his legal documents, resulted in the dismissal of civil rights actions.

Article I of the United States Constitution prohibits the states from passing an ex post facto law. U.S. Const. Art. I, § 10, cl. 1. The ex post facto clause is "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" California Dep't of Corr. v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588 (1995) (citations omitted). As such, a law violates the ex post facto clause if it (1) punishes as a crime an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a defendant of a defense available at the time the act was committed. Collins v. Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

Petitioner sets forth no facts demonstrating and provides no argument that Respondent retroactively applied a regulation against Petitioner. In fact, Petitioner argues Respondent failed to apply a new regulation. Furthermore, the Court's interpretation of the new regulation does not make the violations punishment greater than the punishment provided by the former regulation. Therefore, Petitioner fails to demonstrate a likelihood of success on the merits of his ex post facto law claim and fails to demonstrate serious questions going to the merits of the claim.[3]

Furthermore, although Petitioner argues he was separated from his materials in the past, he fails to demonstrate he has or will be denied access to his legal materials necessary

---

[3] The Court also notes Petitioner was assessed a SHU term for the offense of indecent exposure. See SHU Term Assessment Sheet, Petitioner's Exh. 1. The SHU Assessment Chart requires two or more offenses in a twelve month period for the offense of sexual disorderly conduct, not indecent exposure. See 15 CA ADC § 3341.5 (c)(9)(K).

to proceed with this matter upon his transfer to the "SHU."[4] Accordingly, Petitioner fails to demonstrate immediate, irreparable injury.

## CONCLUSION AND ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** Petitioner's motion for a temporary restraining order is **DENIED**.

DATED: January 7, 2008

JOHN A. HOUSTON
United States District Judge

---

[4] Any claim for relief for previous denial of access to courts or for retaliation is more appropriately brought as a action under 42 U.S.C. § 1983.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>                  Petitioner,<br><br>    v.<br><br>L. E. SCRIBNER, Warden,<br><br>                  Respondent. | Civil No. 07-2013 J (JMA)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

      Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

      **IT IS SO ORDERED.**

DATED: October 30, 2007

                                      HON. NAPOLEON A. JONES, JR.
                                      United States District Judge

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  **Date:** 01/24/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Danny James Cohea v. L E Scribner, et al

U.S.D.C. No.: 07cv2013 JAH (JMA)  U.S.D.C. Judge: John A. Houston

Complaint/Indictment/Petition Filed: Petition for Writ of Habeas Corpus

Appealed Order Entered: 1/8/2008

Notice of Appeal Filed: 1/22/2008

Court Reporter: n/a

COA Status:  ☐ Granted in full/part (appeal only)   ☐ Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:  ☐ Paid   ☐ Not Paid   [x] No Fee Required
USA/GOVT. APPEAL:  ☐ Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): 10/30/2007

Was F/P Status Revoked?  ☐ Yes   ☐ No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Danny James Cohea
J-13647

PO Box 5002
Calipatria, CA 92233

**Appellee Counsel:**

Lora Fox Martin
Office of the Attorney General

110 West A Street
Suite 1100
San Diego, CA 92101-3707

(619) 645-2243

Counsel Status:  ☐ Retained   ☐ Appointed   [x] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information
Prisoner ID Number: J-13647

Bail: _____

Custody: __x_____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| x | F/P Order |
| | Minute Order |
| x | Other: Order denying Motion for Temporary Restraining Order entered 1/8/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

**L. Hammer**

Lauren Hammer

Deputy's Name                                    Deputy's Signature

**UNITED STATES DISTRICT COURT**
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
      P.O. Box 193939
      San Francisco, CA 94119-3939

Re:   **USCA No:**
      **USDC No:**   07cv2013 JAH (JMA)
      **Cohea v. Scribner, et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | | |
|---|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | x | Docket Entries | |
| x | Case Information/Docket Fee Payment Notification Form | | | | |
| | Order for Time Schedule (Criminal) | | | | |
| | Original Clerk's Record in | | set(s) of | | volume(s). |
| | Reporter's transcript's transcripts in | | set(s) of | | volume(s). |
| | Exhibits in | envelope(s) | | box(es) | | folders(s) |
| | Judgement Order | | x | F/P Order | |
| | CJA Form 20 | | | Minute Order | |
| | Certificate of Record | | | Mandate Return | |
| | Magistrate Judge's Report and Recommendation | | | | |
| | COA Order | | | | |
| | Amended docket fee notification form | | | | |
| | Order Appointing Counsel for Appeal | | | | |
| x | Order denying Motion for Temporary Restraining Order entered 1/8/2008 | | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 01/24/08                By:     **L. Hammer**
                              Lauren Hammer, **Deputy**