DANNY JAMES COTTEA (J13687)
CALIPATRIA STATE PRISON
P.O. BOX 5002, ASU 139L
CALIPATRIA, CA. 92233-5002

IN PRO PER

FILED

2008 JAN 25 · AM 10: 40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY___RM___DEPUTY

**NUNC PRO TUNC**

JAN 22 2008

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANNY JAMES COTTEA,

              PETITIONER,

      VS.

L.E. SCRIBNER, WARDEN,

              RESPONDENT.

CIVIL No. 07CV2013 JAH(JMA)

MOTION FOR RECONSIDERATION
OF THE COURT'S JANUARY
07, 2008 ORDER DENYING
PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER
COURTROOM: A
U.S. DISTRICT JUDGE: JOHN A. HOUSTON
TIME + DATE: JANUARY 21, 2008; 8:00AM.

AFFIDAVIT

PETITIONER MOVE THIS COURT FOR RECONSIDERATION
OF THE COURT'S JANUARY 07, 2008 ORDER WHICH DENIED
PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER
RELIEF THAT REQUEST THE COURT TO PRESERVE THE STATUS
QUO. AND THIS RECONSIDERATION MOTION IS FOR GOOD CAUSE
AS SET FORTH ON ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES.

(1)

CR

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. STANDARD OF RECONSIDERATION

PETITIONER REQUEST FOR RECONSIDERATION IS SUBMITTED PURSUANT TO FEDERAL RULE CIVIL PROCEDURE RULE 60(b)(6). THE SUPREME COURT IN <u>LILJEBERG V. HEALTH SERVICES ACQUISTION CORP.</u> (1988) 486 U.S. 847, HELD THAT THERE EXISTED EXTRAORDINARY CIRCUMSTANCES [1] THAT WERE SUFFICIENT TO JUSTIFY THE GRANTING OF A COMPANY'S MOTION, UNDER RULE 60(b)(6), TO VACATE A PARTICULAR JUDGMENT IN FAVOR OF A PHARMACIST, WHERE THE FEDERAL DISTRICT COURT JUDGE WHO RENDERED THE JUDGMENT WAS DETERMINED BY THE SUPREME COURT TO HAVE VIOLATED § 455(a).

THE NINTH CIRCUIT HAVE ADMONISHED THAT, AS A GENERAL MATTER, RULE 60(b) IS "REMEDIAL IN NATURE AND . . . MUST BE LIBERALLY APPLIED." <u>FALK V. ALLEN</u>, 739 F.2d 461, 463 (9TH CIR. 1984)(PER CURIAM). WHERE THERE HAS BEEN <u>NO MERITS DECISION</u>, APPROPRIATE EXERCISE OF DISTRICT

---

1. PETITIONER ASSERTS, "EXTRAORDINARY CIRCUMSTANCES" DO EXIST IN LIGHT OF THE FACT THAT "GROUND 4" OF THE INSTANT HABEAS CASE DIRECTLY RELATE TO THE TRO REQUESTED RELIEF.

07CV2013

(2)

COURT DISCRETION UNDER Rule 60(b) REQUIRES THAT THE FINALITY INTEREST SHOULD GIVE WAY FAIRLY READILY, TO FURTHER THE COMPETING INTEREST IN REACHING THE MERITS OF A DISPUTE.

FURTHERMORE, ALTHOUGH Rule 60(b)(6) "GIVES THE DISTRICT COURT POWER TO VACATE JUDGMENTS WHENEVER SUCH ACTION IS APPROPRIATE TO ACCOMPLISH JUSTICE," U.S. v. SPARKS, 685 F.2d 1128, 1130 (9TH CIR. 1982)(QUOTING KLAPPROTT V. U.S., 335 U.S. 601, 615 (1949)), SUCH RELIEF REQUIRES A SHOWING OF "EXTRAORDINARY CIRCUMSTANCES." ACKERMANN V. U.S., 340 U.S. 193, 199-201 (1950).

Rule 60(b) PERMITS RECONSIDERATION OF A DISTRICT COURT ORDER BASED ON: . . . (6) ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT. SEE FED.R.CIV.P. 60(b)(1)-(b)(6) (1992). TO SUCCEED, A PARTY MUST SET FORTH FACTS OR LAW OF A STRONGLY CONVINCING NATURE TO INDUCE THE COURT TO REVERSE ITS PRIOR DECISION. Rule 60 RECON-SIDERATION IS GENERALLY APPROPRIATE IN [AN] INSTANCE[] WHEN NECESSARY TO CORRECT A CLEAR ERROR OR PREVENT MANIFEST INJUSTICE. SEE U.S. V. WESTLANDS WATER DIST., 134 F. Supp.2d 1111, 1130-1131 (E.D. Cal. 2001).

07CV2013

B. THE CLEAR ERROR

THIS COURT IN ITS DENIAL ORDER REGARDING
TRO, THIS COURT NOTED IT HAD "THOROUGH REVIEW OF
PETITIONER'S SUBMISSIONS" (CO10:1) BEFORE DENYING TRO
RELIEF. BUT, DISTRICT JUDGE HOUSTON (IN THE COURT'S TRO
DENIAL) MAKES AN ERROR OF LAW(S) AND RESTED HIS DECISION
ON CLEARLY ERRONEOUS FINDINGS OF MATERIAL FACTS.
SEE U.S. V. IVERSON, 162 F.3d 1015, 1026 (9TH CIR. 1998)
("A DISTRICT COURT ABUSES ITS DISCRETION WHEN IT
MAKES AN ERROR OF LAW OR RESTS ITS DECISION ON
CLEARLY ERRONEOUS FINDINGS OF MATERIAL FACT.").

IN PETITIONER'S MATERIAL FACTS PRESENTED TO THIS
COURT REGARDING PETITIONER'S TRO "EX POST FACTO" CLAUSE
VIOLATION CLAIM, PETITIONER INFORMED THIS COURT (WITH
TRO EXHIBIT #2) THAT RESPONDENT'S "NEW REGULATION, CDCR
CCR RULE § 3341.5(C)(9)(K) WENT INTO EFFECT ON 'JANUARY
10, 2007', AND AS OF THAT DATE 'SEXUAL MISCONDUCT' BECAME
A 'SHU TERM' ASSESSABLE REGULATION VIOLATION." (SEE
TRO EXHIBIT #2 AT PAGES 8,11) AS PRIOR TO (JANUARY 10, 2007)
"SEXUAL BEHAVIOR" WAS NOT A "SHU TERM" OFFENSE.

(4)                                              07CV2013

THIS COURT IN ITS DECISION WHEN MAKING FINDINGS OF THE MATERIAL FACTS CONSTRUED, "PETITIONER SETS FORTH <u>NO</u> FACTS DEMONSTRATING AND PROVIDES <u>NO</u> ARGUMENT THAT RESPONDENT RETROACTIVELY APPLIED A REGULATION AGAINST PETITIONER. IN FACT, PETITIONER ARGUES RESPONDENT FAILED TO APPLY A NEW REGULATION." (CO 10:4; 16-18.)(EMPHASIS AND UNDERSCORES ADDED.)

BUT, PETITIONER COMPELLED TO ASSERTS, THIS COURT'S DENIAL ORDER CLEARLY ILLUSTRATE BY NOTING THAT PETITIONER'S ASSERTION<u>S</u> WERE "RESPONDENT[S] WRONGFULLY USED A 'MARCH 11, 2006' INCIDENT TO 'ASSESS PETITIONER AN ADDITIONAL '3 MONTHS' AS 'AGGRAVATION FACTORS' IN VIOLATION OF THE EX POST FACTO CLAUSE... TO PERMIT HIS 'SHU' <u>TRANSFER</u> FOR A NINE MONTH TERM", THEREFORE PETITIONER HAD SET FORTH FACTS DEMONSTRATING RESPONDENT HAD USED THE "MARCH 11, 2006" INCIDENT (WHICH OCCURRED BEFORE THE "JANUARY 10, 2007" NEW SHU REGULATION), THUS VIOLATING EX POST FACTO. (SEE TRO MOTION AT P. 7.)(CF. CD 10:3:19-4:1.) <u>SEE</u> <u>LITEKY V. U.S.</u>, 510 U.S. 540 (1994).

ADDITIONALLY, THIS COURT IN ITS DECISION WHEN MAKING FINDINGS OF THE MATERIAL FACTS CONSTRUED, "THE COURT'S INTERPRETATION OF THE NEW REGULATION DOES NOT MAKE THE VIOLATIONS PUNISHMENT GREATER THAN THE PUNISHMENT PROVIDED BY THE FORMER REGULATION." (CO 10:4;18-20.)

(5)                    07CV2013

HERE, THIS COURT COMPELL PETITIONER TO REITERATE THAT, WHEN PETITIONER RECEIVED THE "MARCH 11, 2006" RULE VIOLATION REPORT (RVR), "INDECENT EXPOSURE" WAS NOT A "SHU TERM" OFFENSE, AND THAT AS OF "JANUARY 10, 2007" "INDECENT EXPOSURE" BECAME A "SHU TERM" OFFENSE, THEREFORE RESPONDENT USING THE "MARCH 11, 2006" OFFENSE AS AN "AGGRAVATION FACTORS" VIOLATED THE EX POST FACTO CLAUSE. THIS, FACT WAS MATERIALLY PRESENTED TO THIS COURT IN THE TRO MOTION FOR RELIEF THAT WAS ERRONEOUSLY DETERMINED BY THE COURT'S ORDER OF DENIAL. (SEE CO 10:4 AT FN. 3, AS THE COURT NOTES IT EXAMINED PETITIONER'S "EXHIBIT #1".)

IN OTHER WORDS, PETITIONER'S TRO MOTION PRESENTED TO THIS COURT THE MATERIAL FACTS THAT RESPONDENT HAD APPLIED THE NEW REGULATION CCR RULE § 3341.5(c)(9)(k) (OF JANUARY 10, 2007) TO THE "MARCH 11, 2006" "INDECENT EXPOSURE" OFFENSE IN ORDER TO APPLY AN "AGGRAVATION FACTORS" TO INCREASE THE "SHU TERM" AN ADDITIONAL "THREE (3) MONTHS".[2] (CO 10:3-4.) SEE PETITIONER'S TRO MOTION AT PAGE 10, CITING WEAVER V. GRAHAM, 450 U.S. 24, 29 (1981); AND LYNCE V. MATHIS, 519 U.S. 433, 441 (1997) (QUOTING, WEAVER, 450 U.S. AT 29, AND CITING COLLINS V. YOUNGBLOOD, 497 U.S. 37, 50 (1990)).

---

2. PETITIONER IS COMPELLED TO FURTHER ASSERT, WHEN THE RESPONDENT POLICY/REGULATION THAT WAS IN EFFECT ON "MARCH 11, 2006" WHEN PETITIONER RECEIVED THAT RVR "INDECENT EXPOSURE" DIDN'T EXIST.

(6)                                    07CV2013

ADDITIONALLY, THE COURT'S DENIAL ORDER HAS CONSTRUED THAT, "THE SHU ASSESSMENT CHART REQUIRES TWO OR MORE OFFENSES IN A TWELVE MONTH PERIOD FOR THE OFFENSE OF 'SEXUAL DISORDERLY CONDUCT', NOT 'INDECENT EXPOSURE'. SEE 15 CA ADC § 3341.5(c)(9)(K)", (CO 10:4 Fn.3.) (EMPHASIS AND UNDERSCORES ADDED.)

PETITIONER IN PRESENTING TO THIS COURT, (AS EXHIBIT #2) 15 CA ADA § 3341.5(c)(9)(K), (MOTION AT 7 + EXH.#2), PETITIONER ASSERTED PRECEDENT THAT THIS COURT WERE TO UNDERSTAND IF IT WERE TO FIND THE "TWO OR MORE OFFENSES IN A TWELVE MONTH PERIOD" APPLIED ONLY FOR "SEXUAL DISORDERLY" CONDUCT AND NOT "INDECENT EXPOSURE" (AS THIS COURT HAS DONE, CO 10:4 AT Fn.3), THEN ITS WAS/IS PETITIONER'S ASSERTION THAT RESPONDENT'S NEW REGULATION "3341.5(c)(9)(K)" VIOLATED THE "VAGUENESS AND OVERBREADTH DOCTRINE" BECAUSE IT NEITHER GAVE PETITIONER "A REASONABLE OPPORTUNITY TO KNOW WHAT IS PROHIBITED, SO THAT HE MAY ACT ACCORDINGLY" NOR PREVENTED THE AD HOC AND SUBJECTIVE BASIS ALLOWING AN "ATTENDANT DANGER[S] OF ARBITRARY AND DISCRIMINATORY APPLICATION" OF CCR Rule § 3341.5(c)(9)(K) AS AN IMPERMISSIBLY DELEGATION OF BASIC POLICY MATTERS TO CORRECTIONAL STAFF,

THUS. TRAPPING PETITIONER WITH THIS "NEW REGULATION(S)" BY NOT PROVIDING FAIR WARNING. (SEE TRO MOTION AT P. 7, CITING KOLENDER V. LAWSON, 461 U.S. 352, 358 (1983) (THE "VAGUENESS AND OVERBREADTH DOCTRINES"); VILLAGE OF HOFFMAN ESTATES V. FLIPSIDE, 455 U.S. 489; AND SEE GRAYNED V. CITY OF ROCKFORD, 408 U.S. 104, 108-109 (1972)). [3]

AND FINALLY, THE COURT'S DENIAL ORDER CONSTRUES. THAT, "ALTHOUGH PETITIONER ARGUES HE WAS SEPARATED FROM HIS MATERIALS IN THE PAST, HE FAILS TO DEMONSTRATE HE HAS OR WILL BE DENIED ACCESS TO HIS LEGAL MATERIALS NECESSARY TO PROCEED WITH THIS MATTER UPON HIS TRANSFER TO THE 'SHU'." AS THE COURT'S FOOTNOTE 4 INFORMS THIS PETITIONER "ANY CLAIM FOR RELIEF FOR PREVIOUS DENIAL OF 'ACCESS TO COURTS' OR FOR 'RETALIATION' IS MORE APPROPRIATELY BROUGHT AS A ACTION UNDER 42 U.S.C. § 1983." (CD 10:4-5 + fn.4)

PETITIONER ASSERTS, NOT ONLY DID PETITIONER SUBMIT TWO EXHIBITS WITH THE TRO MOTION EXPLICITLY ILLUSTRATING THAT RESPONDENT'S "TRANSFER" POLICY HAD REQUIRED TWO PREVIOUS FEDERAL COURT ORDERS TO ADDRESS RELEASING PETITIONER'S "LEGAL MATERIALS" FOLLOWING TWO (2) PREVIOUS "TRANSFERS" (TRO

---

3. PETITIONER ASSERTS, THE DISTRICT JUDGE'S DECISION "IS SO EXTREME AS TO DISPLAY CLEAR INABILITY TO RENDER FAIR JUDGMENT"; AND DISPLAY A DEEP-SEATED FAVORITISM OR ANTAGONISM THAT WOULD MAKE FAIR JUDGMENT IMPOSSIBLE. SEE LITEKY, 510 U.S. AT 488, 491.

(8)                                      07CV2013

EXHIBITS "E" & "F"), CITING PRATT V. HOWLAND, 856 F. Supp. 565, 569-520 N.8 (N.D. Cal. 1994), (TRO MOTION AT P. 12). But PETITIONER ALSO EXPLICITLY ASSERTED TO THIS COURT THAT RESPONDENT'S "TRANSFER 'POLICY'" IS THE WRITTEN POLICY, AND THAT THE INJURY "STEMS FROM" THAT POLICY, AND THE HARM IS TRACABLE TO THAT "TRANSFER 'POLICY'" WHICH WAS AN IMPLICIT LIKELIHOOD OF ITS REPETITION IN THE IMMEDIATE FUTHER, AND THAT THE HARM IS PART OF A "PATTERN OF OFFICIALLY SANCTIONED ... BEHAVIOR, VIOLATIVE OF PETITIONER'S FEDERAL RIGHT" CITING ARMSTRONG V. DAVIS, 275 F.3d 849, 860-861 (9TH CIR. 2001). (SEE TRO MOTION AT PP. 17-23.) SEE U.S. V. WINSTON, 613 F.2d 221, 222 (9TH CIR. 1980).

AND AS FOR THIS COURT REQUIRING PETITIONER'S CLAIMS OF "ACCESS TO THE COURTS" AND "RETALIATION" TO BE APPROPRIATELY BROUGHT AS A ACTION UNDER "42 U.S.C. § 1983", INSTEAD OF ON REQUEST FOR TRO RELIEF, (CO 10:5 AT FN. 5), COMPELLS PETITIONER TO ASSERT THE FOLLOWING REGARDING THE RIGHT TO TRO RELIEF.

IF AN UNLAWFUL PRACTICE RESUMES OR IF A PRISONER IS IN IMMINENT DANGER OF A CONSTITUTIONAL VIOLATION, THE PRISONER HAS PROMPT AND COMPLETE REMEDIES THROUGH A NEW ACTION FILED IN STATE OR FEDERAL COURT AND PRELIMINARY AND INJUNCTIVE RELIEF. SEE GILMORE V. CALIFORNIA, 220 F.3d 987, 1009 FN. 27 (9TH CIR. 2000). (SEE TRO MOTION AT PP. 8-9.)

(9)                    07CV2013

HENCEFORTH, PETITIONER ASSERTS, SINCE UNITED STATES DISTRICT JUDGE NAPOLEON A. JONES, JR., WAS ORIGINALLY ASSIGNED TO THIS HABEAS CASE, AND THERE'S NO "RELATED CASE" TO HAVE REPLACED JUDGE JONES, JR., WITH JUDGE HOUSTON, PETITIONER REQUEST THAT THE ASSIGNED DISTRICT JUDGE PRESIDE OF THIS CASE, AND IF NOT, PETITIONER SUBMITS THIS "AFFIDAVIT" PURSUANT TO 28 U.S.C. §§ 144, 455 TO HAVE DISTRICT JUDGE JOHN A. HOUSTON RECUSE HIMSELF FROM THIS HABEAS CASE. MOREOVER, PETITIONER CERTIFY THAT THIS AFFIDAVIT IS MADE IN GOOD FAITH. SEE LITEKY, 510 U.S. AT 555; U.S. V. SIBLA, 624 F.2d 864 867 (9TH CIR. 1980); AND BERNARD V. COYNE, 31 F.3d 842, 843 (9TH CIR. 1994).

PETITIONER ASSERTS, CONSTITUTIONAL RIGHTS TO THE EX POST FACTO CLAUSE IS A VESTED RIGHT WARRANTING TRO RELIEF. SEE STONE V. CITY & COUNTY OF SAN FRANCISCO, 968 F.2d 850, 861 (9TH CIR. 1992).

Conclusion.

WHEREFORE, WITH THE AFOREMENTIONED DULY NOTED, TRO RELIEF IS WARRANTED ON RECONSIDERATION. (SEE F.R.CIV.P. RULE 60 (b)(6).

DATED: JANUARY 16, 2008

RESPECTFULLY SUBMITTED

DANNY JAMES COHEA

(10)                                          07CV2013

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _DANNY JAMES COHEA_ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _PETITIONER_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION; AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _16TH_ DAY OF: _JANUARY_, 20 _08_ AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) _Danny James Cohea_
(DECLARANT/PRISONER)

---

# PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _DANNY JAMES COHEA_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON _JANUARY 16_, 2008 I SERVED THE FOREGOING: _COHEA V. SCRIBNER, WARDEN_
_C7V-07CV2013 5(JMA)_
_MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 07,2008 ORDER DENYING_
_PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [F.R.C7V.P. 60(b)(6)]_

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

_UNITED STATES DISTRICT COURT_
_SOUTHERN DISTRICT OF CALIFORNIA_
_OFFICE OF THE CLERK_
_880 FRONT STREET, SUITE 4290_
_SAN DIEGO, CA. 92101-8900_

_CALIFORNIA ATTORNEY GENERAL_
_[SAN DIEGO OFFICE]_
_110 WEST "A" STREET, STE. 1100_
_SAN DIEGO, CA. 92186-5266_
_ATTN: DEPUTY AG_
_LORA FOX MARTIN_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _JANUARY 16, 2008_

_Danny James Cohea_
(DECLARANT/PRISONER)