|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| DANNY JAMES COHEA,<br><br>   Plaintiff,<br>v.<br><br>L.E.SCRIBNER, Warden<br><br>   Defendants. | Civil No.07cv2013 JAH (JMA)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY [Doc. No. 14]** |

Petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on October 17, 2007, challenging the loss of good time credits and placement in administrative segregation for a rule violation at a state prison. On November 30, 2007, Petitioner filed a motion for a temporary restraining order seeking an order preventing Respondent from transferring him to the Security Housing Unit ("SHU"). Petitioner argued that Respondent failed to apply a regulation in assessing the SHU term in violation of the ex post facto clause of the United States Constitution. Upon finding Petitioner set forth no facts demonstrating and failed to argue that Respondent retroactively applied a regulation against Petitioner, this Court denied the motion. Petitioner has now filed a notice of appeal of the Court's January 7, 2008 order, along with a motion for a certificate of appealability.

   A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists

1 of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the
2 questions are adequate to deserve encouragement to proceed further. <u>Lambright v.
3 Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473
4 (2000) and <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983)).

     Here, Petitioner appeals this Court's order denying his motion for temporary restraining order. The Court determined Petitioner failed demonstrate or even argue that Respondent retroactively applied a regulation and, therefore, failed to demonstrate a likelihood of success on the merits or serious questions going to the merits of his claim. This Court finds that a certificate of appealability is not warranted in this instance because the denial of the motion for a temporary restraining order under the circumstances here is not an issue debatable among jurists of reason nor could any other court resolve the issue in a different manner. <u>Lambright</u>, 220 F.3d at 1024-25. Accordingly, this Court **DENIES** Petitioner's motion for a certificate of appealability.

DATED: February 14, 2008

                                                JOHN A. HOUSTON
                                                United States District Judge