DANNY JAMES COHEA (J13647)
CSP-CORCORAN
4001 KING AVE.
P.O. BOX 8800, 4A2R-45L
CORCORAN, CA. 93212-8309

IN PRO PER

FILED

2008 APR 15  PM 4:04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___Rm_____ DEPUTY

**NUNC PRO TUNC**

APR 10 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA

        PETITIONER,

V.

L. E. SCRIBNER, WARDEN,

        RESPONDENT.

No. CV 07-2013 J (JMA)

NOTICE OF OPPOSITION AND
OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS HABEAS
CORPUS PETITION; MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
COURT: D
JUDGE: JAN M. ADLER
        U.S. MAGISTRATE JUDGE

## AFFIDAVIT

PLEASE TAKE NOTICE, L. E. SCRIBNER, WARDEN CALIFORNIA
STATE PRISON-CALIPATRIA, AND EDMUND G. BROWN, JR., CALIFORNIA
ATTORNEY GENERAL. PETITIONER, DANNY JAMES COHEA, HEREBY MOVES
THIS COURT ON OPPOSITION TO DENY IN FULL RESPONDENT'S JANUARY
11, 2008 FILED MOTION TO DISMISS.

DATED: APRIL 06, 2008

                                RESPECTFULLY SUBMITTED,

                                DANNY JAMES COHEA

(1)

## TABLE OF AUTHORITIES

CASES                                                                    PAGE

Anthony v. Cambra, 236 F.3d 568, 575 (9TH CIR. 2000)                      21

Bateman v. U.S. Postal Service, 231 F.3d 1220 (9TH CIR. 2000)            22

Boerne v. Flores, 521 U.S. 507, 524, 529 (1997)                          18

Booth v. Churner, 532 U.S. 731, 737 (2001)                               13

Bradley v. Hall, 64 F.3d 1276, 1279 nn.1-4 (9TH CIR. 1995)               13

Brown v. Valoff, 422 F.3d 926, 943 n.18 (9TH CIR. 2005)                  13-14, 18

Bruce v. Ylst, 351 F.3d 1283, 1388 (9TH CIR. 2003)                       9

Burnsworth v. Gunderson, 179 F.3d 771, 774-775 nn.5,6 (9TH CIR. 1999)    12-19, 24

Cato v. Rushen, 824 F.2d 703, 705 (9TH CIR. 1987)                        9

Chaker v. Crogan, 428 F.3d 1215, 1221 + n.6, 1226, 1229 (9TH CIR. 2005)  14, 17-18

Clark v. U.S., 289 U.S. 1, 11 (1933)                                     15

Clutchette v. Enomoto, 471 F. Supp. 1113, 1117 n.3 (N.D. Cal. 1979)      10, 18

Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821)      25

Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976)     25

Commodity Futures Trading Com'n v. Topworth Int'l, 205 F.3d 1107, 1112 (9TH CIR. 1999)   21

Cruz v. Abbate, 812 F.2d 571, 574 (9TH CIR. 1987)                        14

Doe v. U.S., 58 F.3d 494, 497 (9TH CIR. 1995)                            24

Dyer v. Calderon, 151 F.3d 970, 983 (1998)                              14-15, 18-19

Edward v. Balisok, 520 U.S. 641, 647 (1997)                             18

Foman v. Davis, 371 U.S. 178, 182 (1962)                               24

Frias v. Wilson, 373 F.2d 61, 62 (9TH CIR. 1967)                        23

Gertz v. Robert Welch, Inc., 418 U.S. 323, 343 (1974)                  17

Gilbert v. Frazier, 931 F.2d 1581, 1582 (7TH CIR. 1991)                10

Gilmore v. California, 220 F.3d 987, 996, 1002, 1006 (9TH CIR. 2000)    19

Haines v. Kerner, 404 U.S. 519, 520-521 (1972)                         5

Hamilton v. City of San Bernardino, 107 F. Supp. 2d 1239, 1244, 1248 (C.D. Cal. 2000)   14, 17-18

Hewitt v. Helms, 459 U.S. 460, 469-472, 476 (1983)                     10

Hines v. Gomez, 108 F.3d 265, 268-269 (9TH CIR. 1997)                  9, 17-18

Houston v. Lack, 487 U.S. 266, 275-276 n.3 (1988)                      20

Huizar v. Carey, 273 F.3d 1220, 1223-1224 (9TH CIR. 2001)              21

(i)                          CV 07-2013

TABLE OF AUTHORITIES Cont.

CASES                                                      PAGES

In re French (1980) 106 Cal.App.3d 24, 85 n.24, 164 Cal.Rptr 800 — 16

Imig, 70 Cal.App.3d at 56 — 17

Irons v. Carey, 479 F.3d 658, 665-670 (9th Cir. 2007) — 19

James v. Madison Street Jail, 122 F.3d 27, 28 (9th Cir. 1997) — 22

Jones v. Bock, 127 S.Ct. 910 (2007) — 13

Lacy v. Lewis, 123 F.Supp.2d 533, 539-540 (C.D. Cal. 2000) — 20

Lopez v. Smith, 203 F.3d 1122, 1126-1127, 1130-1131 (9th Cir. 2000) — 24

Lucas v. Department of Corrections, 66 F.3d 245, 248-249 n.7 (9th Cir. 1995) — 24

Matsuda v. Wada, 101 F.Supp.2d 1315, 1322-1323 (D. Hawai'i 1999) — 21

McCarthy v. Madigan, 503 U.S. 140, 146 (1992) — 25

McDonough Power Equip. v. Greenwood, 464 U.S. 548, 556-57 (1984) — 12

McHenry v. Renne, 84 F.3d 1172, 1178-1179 nn.4-5 (9th Cir. 1996) — 24

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) — 24

Offutt v. U.S., 348 U.S. 11, 14 (1954) — 14

Park v. California, 202 F.3d 1146, 1153-1154 n.14 (9th Cir. 2000) — 23

Picard v. Connor, 404 U.S. 270, 272-279 (1971) — 20

Piesiak v. Glendale Adventist Medical Center 112 F.Supp.2d 970, 999 (C.D. Cal. 2000) — 21

Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) — 9

Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884) — 19

Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000) — 21

Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) — 21

Saucier v. Katz, 533 U.S. 194, 201-202 (2001) — 9

Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 961 (9th Cir. 2001) — 21

Serrano v. Francis, 345 F.3d 1071, 1079-1080 + n.7-1080 (9th Cir. 2003) — 16, 18

Stone v. City + County of San Francisco, 968 F.2d 850, 861 (9th Cir. 1992) — 19

Superintendent v. Hill, 472 U.S. 445, 455 (1985) — 8-9, 18

Surowitz v. Hilton Hotel, Corp., 383 U.S. 363, 373 (1966) — 5

Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986) — 20

Toussaint v. Rushen, 553 F.Supp. 1365, 1378 (N.D. Cal. 1983) — 16

Tumey v. Ohio, 273 U.S. 510, 532 (1927) — 15

CV 07-2013

(ii)

## TABLE OF AUTHORITIES CONT.

### CASES
                                                              PAGE
TURNER V. SAFLEY, 484 U.S. 78, 84 (1987)                       25
U.S. V. ALLSUP, 566 F.2d 68, 71-72 (9TH CIR. 1977)            12
U.S. V. EUBANKS, 591 F.2d 513, 517 (9TH CIR. 1979)           12
U.S V SWEENEY, 914 F.2d 1260, 1264 (9TH CIR. 1990)           24
VERDIN V. O'LEARY, 972 F.2d 1467, 1474 (7TH CIR. 1992)        20
WHITINGTON V. ORTIZ, 472 F.3d 804, 807-808 (10TH CIR. 2007)  13
WOLFF V. McDONNELL, 418 U.S. 539, 555-556 (1994)             19, 24
WOODFORD V. NGO, 126 S.Ct. 2378 (2006)                       13
YICK WO V. HOPKINS, 118 U.S. 356, 370, 6 S.Ct.1064, 30 LEd. 220 (1886)  25
YLST V. NUNNEMAKER, 501 U.S. 797, 803 (1991)                 20

### CONSTITUTIONAL PROVISIONS

U.S. CONST. ART. I, §9, Cl.2.                                 19
FIRST AMENDMENT                                               14
FOURTEENTH AMENDMENT                                          1-25

### STATUTES AND RULES

TITLE 28 UNITED STATES CODE
    SECTION 1746                                              21
           2254                                               19, 20, 24

CALIFORNIA PENAL CODE
    SECTION 148.6                                             14, 17-18
           192(a)                                             2
           118.1                                              17
           832.5                                              14
           995.                                               2
           1385                                               2
           2079                                               16

### OTHER

CALIFORNIA CODE OF REGULATION, TITLE 15
    SECTION    3084                                           12, 13, 19
               3316                                           12
               3320                                           10
               3335                                           9, 10
               3337                                           9, 10, 16
               3338                                           8, 10
               3339                                           8, 10
               3381                                           14

1 DANNY JAMES COHEA (J13657)
2 CSP-CORCORAN
  4001 KING AVE.
3 P.O. BOX 8800, 4A2R-45L
  CORCORAN, CA. 93212-8309
4 IN PRO PER
5

6

7

8           IN THE UNITED STATES DISTRICT COURT
9       FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10
11 DANNY JAMES COHEA,              CV 07-2013 J (JMA)
12              PETITIONER,        NOTICE OF OPPOSITION AND
                                   OPPOSITION TO RESPONDENT'S
13      V.                         MOTION TO DISMISS HABEAS CORPUS
                                   PETITION; MEMORANDUM OF POINTS
14 L.E. SCRIBNER, WARDEN,          AND AUTHORITIES IN SUPPORT
15           RESPONDENT.           THEREOF
16
17                                 COURT: D
                                   JUDGE: JAN M. ADLER
18                                      U.S. MAGISTRATE JUDGE
19
20       PETITIONER, DANNY JAMES COHEA, HEREBY MOVES THIS
21 COURT ON OPPOSITION TO RESPONDENT'S MOTION TO DISMISS
22 TO BE DENIED FILED JANUARY 11, 2008. PURSUANT TO THE ORDERS
23 OF THIS COURT DATED OCTOBER 29, 2007 AND DECEMBER 21, 2007,
24 PETITIONER MOVES FOR DENIAL OF THE ENTIRE MOTION TO
25 DISMISS, AND ORDERING RESPONDENT TO ANSWER TO THE MERITS
26 OF PETITIONER'S FOUR (4) GROUND PETITION FOR HABEAS CORPUS
27 RELIEF, BECAUSE PETITIONER'S PETITION DOES STATE SPECIFIC CLAIMS
28 FOR FEDERAL HABEAS RELIEF. ADDITIONALLY, ALL PETITIONER'S CLAIMS

                         (1)

1  HAS BEEN FULLY EXHAUSTED, THUS EXHAUSTING STATE COURT
2  REMEDIES BEFORE SEEKING RELIEF BY PETITION IN THIS FEDERAL COURT.
3      THIS OPPOSITION IS BASED ON THIS NOTICE AND
4  OPPOSITION, THE SUPPORTING MEMORANDUM OF POINTS AND
5  AUTHORITIES, THE RECORDS AND FILES IN THIS COURT'S ACTION,
6  AND OTHER SUCH MATTERS AS MAY PROPERLY COME BEFORE THE
7  COURT. THIS OPPOSITION IS BASED ON THIS NOTICE AND OPPOSITION,
8  THE SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, THE
9  RECORDS AND FILES IN THIS ACTION, AND OTHER SUCH MATTERS
10 AS MAY PROPERLY COME BEFORE THE COURT.

11      MEMORANDUM OF POINTS AND AUTHORITIES

12     PETITIONER IN CALIFORNIA STATE PRISON WHOM HAVE SERVED
13 HIS LIFE SENTENCE OF NINETEEN YEARS TO LIFE (OF AN CLEARLY
14 UNCONSTITUTIONAL CONVICTION) OF SECOND DEGREE MURDER WITH A
15 FIREARM-USE ALLEGATION (THAT WAS AN ORIGINAL CHARGE AND ALSO
16 DISMISSED PURSUANT TO CAL. PEN. CODE §§ 995, 1385 OF VOLUNTARY
17 MANSLAUGHTER, CAL. PEN. CODE § 192(a)), NEVERTHELESS HAVE BEEN SERVED.
18     PETITIONER'S INSTANT PETITION FOR HABEAS CORPUS RELIEF
19 RELATES TO A FEBRUARY 21, 2006 FALSIFIED SEGREGATION ORDER
20 (CDCR FORM 114-D) THAT UNCONSTITUTIONALLY PLACED PETITIONER IN
21 ADMINISTRATIVE SEGREGATION ("AD-SEG OR ASU") WITHOUT ALLOW-
22 ING HIS PROCEDURAL DUE PROCESS RIGHTS TO INVESTIGATIVE
23 EMPLOYEE OR STAFF ASSISTANT ("IE" AND "SA") AND WITHOUT THE
24 ALLOWANCE OF "WITNESSES" FOR THE SEGREGATION ORDER'S
25 RETENTION IN AD-SEG HEARING HELD BY CALIPATRIA'S
26 MARCH 02, 2006 INSTITUTIONAL CLASSIFICATION COMMITTEE ("ICC")
27 (PETITION GROUND ONE). ADDITIONALLY, THE INSTANT PETITION FOR
28 HABEAS CORPUS RELIEF RELATES TO PETITIONER'S MARCH 06, 2006

(2)                    CV 07-2013

1  SUBMITTED, MARCH 21, 2006 FILED ADMINISTRATIVE GRIEVANCE

2  ("APPEAL") LOG# CAL-A-06-00639, WHICH GRIEVED THE CLEARLY

3  UNCONSTITUTIONAL DEPRIVATION OF IE OR SA AND WITNESSES AT

4  THE MARCH 02, 2006 SEGREGATION ORDER'S ICC RETENTION HELD

5  HEARING; AND GRIEVED BIAS OFFICIAL HANDLING OF THE AD-

6  SEG LOCK-UP PROCEEDING/PROCEDURES AND GRIEVED CALIPATRIA'S

7  SEX AND RACE DISCRIMINATION (THE SEX AND RACE DISCRIMINATION

8  CLAIMS STATE AND ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

9  BUT NOT RAISED IN THE INSTANT HABEAS CORPUS PROCEEDINGS).

10  AS PETITIONER'S INSTANT PETITION GROUND TWO ASSERTS CLEAR

11  CONSTITUTIONAL VIOLATIONS OF CALIPATRIA OFFICIALS DELAYING

12  THE APPEAL PROCESS AND IGNORING PETITIONER'S GRIEVED CLAIMS,

13  WHILE ALSO ALLOWING AN ICC HEARING OFFICIAL OF THE MARCH

14  02, 2006 MEMBERS TO REVIEW PETITIONER'S FORMAL APPEAL ISSUES

15  REGARDING GRIEVANCE/APPEAL "CAL-A-06-00639", ALL CLAIMS

16  OF PROCEDURAL DUE PROCESS VIOLATIONS BY RESPONDENT (PETITION

17  GROUND TWO). MOREOVER, PETITIONER'S INSTANT PETITION GROUND

18  THREE ASSERTS "ACTUAL INNOCENCE" OF THE ALLEGATIONS FILED IN THE

19  FEBRUARY 22, 2006 RULE VIOLATION REPORT ("RVR") (THAT FOLLOWED THE

20  CORRECTIONAL OFFICIAL'S FEBRUARY 21, 2006 CDCR-1140 SEGREGATION ORDER)

21  AS THEREIN (GROUND THREE) PETITIONER ASSERTS UNCONSTITUTIONAL BIAS

22  BY THE RVR HEARING OFFICER ("SHO"), SCREENING AND IGNORING OF

23  PETITIONER'S "EXCULPATORY" EVIDENCE, THE RVR HEARING EVIDENCE

24  NOT MEETING THE "SOME EVIDENCE" STANDARD, AND THE RVR HEARING

25  EVIDENCE PROVED TO BE "FALSIFIED", BUT PETITIONER WAS NEVERTHE-

26  LESS STILL FOUND "GUILTY" OF THE RVR ALLEGATIONS. AS THEREIN

27  PETITIONER'S GROUND THREE (3) WHEN APPEAL WAS UNCONSTITUTIONALLY

28  DENIED, RVR HEARING EVIDENCE MANIPULATED, AND CLAIMS IGNORED.

(3)                          CV 07-2013

1   As Petitioner's instant Petition Ground Four asserts that
2   while in Ad-Seg on the February 21, 2006 unconstitutional CDCR-
3   114-D Segregation order and February 22, 2006 unconstitutional RVR,
4   and March 02, 2006 unconstitutional Ad-Seg RETENTION ICC hearing,
5   Petitioner was issued (in Ad-Seg) yet another falsified RVR on
6   March 11, 2006 (by a second female correctional staff member) that
7   the bias senior hearing officer ("SHO") of the March 11, 2006 RVR
8   screened, ignored and circumvented Petitioner's exculpatory evidence,
9   the fact that Petitioner was informed (in writing and orally) that the
10  March 11, 2006 RVR allegations were NOT a "D.A. Referral" case when
11  it clearly (depriving Petitioner's rights to postponement of the RVR
12  hearing), that was compounded by the SHO changing charges and
13  disposition AFTER the RVR hearing TO Referral to the local D.A.;
14  that also deprived Petitioner of a SA a right to "confidentiality"
15  especially after the SHO had "already determined [Petitioner's clear
16  confinement in Ad-Seg] was NOT competent to proceed on his own");
17  Moreover Petitioner's instant Petition Ground Four asserts, that
18  on administrative grievance (appeal) of the March 11, 2006 RVR
19  SHO's guilty finding, the appeal asserted specifically every element
20  of the violations to both second level appeal review (i.e., the
21  Calipatria Wardens office ~ Respondent) and to the Departmental
22  Director's level appeal review, which both ignored, sidestepped,
23  and plainly "denied" Petitioner's assertions unjustifiably;
24  As Petitioner's Ground Four asserted, ALL the aforementioned
25  (herein/therein) violations was in fact violations of Petitioner's
26  rights to Due Process and Equal Protection of the United
27  States Constitution's Fourteenth Amendment, and that the
28  Respondent encouraged resolution of the matter BY THIS COURT.

(4)                              CV 07-2013

## OPPOSITION

A. ALL FOUR GROUNDS OF PETITIONER'S HABEAS CORPUS PETITION EXPLICITLY STATES GROUNDS FOR RELIEF REQUIRING APPROPRIATE ORDERS

FIRST AND FOREMOST, PETITIONER IS COMPELLED TO ASSERT HERE THAT RESPONDENT'S MOTION TO DISMISS CLAIMS ARE CLEARLY UNORTHODOX AND THUS REQUIRE SERIOUS REVIEW BY THIS COURT FOR SANCTIONS FOR NON-COMPLIANCE WITH THIS COURT'S OCTOBER 29, 2007 ORDER TO SHOW CAUSE ("OSC"). (CO 4, CO 9.)[1]

RESPONDENT'S MOTION TO DISMISS (ARGUMENT I, AT PP. 3-5) WHICH HAS ALLEGED PETITIONER'S PETITION "FAILED TO ARTICULATE A CLEAR VIOLATION OF FEDERAL LAW IN HIS CLAIM[S], THE RELIEF HE SEEKS IS CLEARLY INDECIPHERABLE ... [AND] FAIL[S] TO STATE A SPECIFIC CLAIM FOR RELIEF" THUS SHOULD BE DISMISSED, (MOTION TO DISMISS (HEREAFTER "MOTION") AT 4:25-28, 5:3-4.) HERE IS CUNNING (GEN: 3:1) BUT SURELY ISN'T TRUE (JOHN 8:32). BECAUSE A CLOSE LOOK AT RESPONDENT'S MOTION CONTENTIONS IN HIS ARGUMENT I, ITS CLEARLY ILLUSTRATED THAT IT MAKES NOT FACTUAL BASIS. THE MOTION NOTES FIRST OFF THAT PETITIONER WAS PLACED IN AD-SEG ON FEBRUARY 21, 2006 DUE TO A RVR, BUT THATS SIMPLY NOT TRUE AND CHANGES GROUND ONE FACTUAL BASIS OF

---

1. RESPONDENT ON DECEMBER 20, 2007 FILED A MOTION TO EXTEND TIME TO FILE HIS MOTION TO DISMISS (THAT THE COURT GRANTED ON DECEMBER 21, 2007--THE DAY THE MOTION TO DISMISS WAS DUE FOR FILING) THOUGH PETITIONER SUBMITTED FOR FILING MOTION OF "OPPOSITION" TO EXTEND TIME ASSERTED "ANY MOTION TO DISMISS BY RESPONDENT WOULD BE "BOGUS" BECAUSE PETITIONER HAD MET ALL PROCEDURAL REQUIREMENTS BEFORE FILING THE INSTANT PETITION" (THAT THIS COURT "REJECTED" FILING AS "MOOT AND "NON-COMPLIANCE WITH L.R. 5.1" DESPITE THE CLEAR ELEMENT OF IMPARTIALITY INVOLVED"), AS ALSO THIS COURT'S "REJECTED" FILING OF PETITIONER'S "OBSTRUCTION OF JUSTICE" (MOTION WHICH ASSERTED SEIZURE OF PETITIONER'S CASE(S) "LEGAL MATERIALS" AND REFUSAL OF ACCESS TO LAW AND SUPPLIES + SERVICES, DESPITE PETITIONER'S REQUEST FOR TRO (THAT WAS DENIED BY THIS COURT ON JANUARY 07, 2008) THAT INFORMED THIS COURT AHEAD OF TIME OF THESE VIOLATIONS, TO NO AVAIL..., THIS COURT'S "REJECTING" THE FILING OF PETITIONER'S PLEADING'S PLACING "PROCEDURAL BOOBY TRAPS" UPON PETITION DEPRIVING PETITIONER'S HAVING HIS DAY IN COURT. AND THIS COURT BY "REJECTING" FILING PETITIONER'S PLEADING IS WITHOUT DOUBT HOLDING PETITIONER'S PRO-SE LITIGATION TO STRINGENT STANDARDS, SEE HAINES V. KERNER, 404 U.S. 519, 520-21 (1972)(PRO SE PLEADINGS ARE HELD TO LESS STRINGENT STANDARDS THAN THOSE PREPARED BY ATTORNEYS); AND SUROWITZ V. HILTON HOTELS CORP., 383 U.S. 363, 373 (1966)(...THE PURPOSE OF THE FEDERAL RULES [IS] TO ELIMINATE "PROCEDURAL BOOBY TRAPS" WHICH COULD PREVENT "UNSOPHISTICATED LITIGANTS FROM EVER HAVING THEIR DAY IN COURT)

(5)                                    CV 07-2013

1  THE PETITION, BECAUSE IT WAS THE SEGREGATION ORDER CDCR-114-D

2  THAT PLACED PETITIONER IN AD-SEG on FEBRUARY 21, 2006 (AS GROUND ONE

3  exclusively ASSERTED, WITH NO CLAIMS REGARDING ANY RVR), THE SEGREGA-

4  TION ORDER' IS COMPLETELY SEPARATE FROM THE RVR AND SERVES

5  A COMPLETELY SEPARATE FUNCTION, TO WHICH PETITIONER'S Petition

6  GROUND ONE ADDRESSES THE PROCEDURAL DUE PROCESS VIOLATIONS

7  OF RESPONDENT EXCLUSIVELY RELATED TO THE FUNCTIONS OF THE

8  SEGREGATION ORDER (CDCR-114-D) PROCEDURAL FUNCTIONS. AND TO

9  FURTHER CIRCUMVENT THE FACTUAL BASIS OF PETITIONER'S PETITION

10  GROUND ONE ASSERTIONS, RESPONDENT STATES, "ON MARCH 9, 2006,

11  PETITIONER WAS FOUND GUILTY OF THE CHARGED OFFENSE AND

12  ASSESSED A LOSS OF CREDITS. PETITIONER WAS THEN REFERRED FOR

13  AN EXTENSION OF HIS CONFINEMENT IN THE ASU." (SEE MOTION

14  AT P. 3:11-15.)(EMPHASIS AND UNDERSCORES ADDED.) THIS COURT

15  IS NOT ALLOWED TO LET RESPONDENT CHANGE ALL PETITIONER'S

16  FACTUAL ASSERTED (THATS CORROBORATED BY DOCUMENT PROOF) CLAIMS

17  AS PETITIONER'S INSTANT PETITION GROUND ONE EXPLICITLY ASSERT

18  THAT THE ICC AD-SEG EXTENSION HEARING OCCURRED ON "MARCH 02,

19  2006" (PET. AT P. 6(b); SEE ALSO, RESPONDENT'S LODGMENT #11 AT PP. 15-

20  21 FN. 9+10, P. 32 AND THEREWITH EXHIBITS "C" + "E"), NOR WAS PETITIONER

21  "FOUND GUILTY OF [ANY] CHARGED OFFENSE ON MARCH 09, 2006" AS

22  UNFOUNDLY CHANGED BY RESPONDENT'S MOTION. (MOTION AT P. 3:13-14.)

23      PETITIONER ASSERTS, IF THIS COURT IS GOING TO ALLOW (ON A

24  MOTION TO DISMISS) RESPONDENT TO CHANGE THE DATES AND FACTS OF

25  PETITIONER'S PETITION ASSERTIONS, RESPONDENT CAN MAKE-UP HIS CLAIM

26  OF "[PETITIONER] DOES NOT PROVIDE ANY SPECIFIC, INTELLIGIBLE

27  FACTUAL ALLEGATIONS IN SUPPORT OF SUCH GROUNDS" (MOTION AT P.

28  3:20-21), WITHOUT COMPLYING WITH THE CONSTITUTION UNJUSTIFIABLY.

(6)                    CV 07-2013

1   MOREOVER, WITH REGARD TO PETITIONER'S GROUND ONE CLAIM

2   OF PROCEDURAL DUE PROCESS VIOLATIONS, RESPONDENT'S MOTION CLEARLY

3   ACKNOWLEGED "IN THE HEADING OF CLAIM ONE" PETITIONER ALLEGES

4   A "FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATIONS"

5   "BECAUSE HE WAS NOT APPOINTED AN INVESTIGATIVE EMPLOYEE OR

6   STAFF ASSISTANCE FOR HIS CLASSIFICATION HEARING" (AS RESPONDENT

7   EXCLUDES IN HIS CONTENTION THE FACT PETITIONER'S GROUND ONE

8   HEADING ASSERTS "AND WITNESS FOR 'ICC' ON 'SEGREGATION

9   ORDER'"), THOUGH RESPONDENT CONTENDS, "IN THE SUPPORTING FACTS

10  SECTION OF THIS CLAIM,' PETITIONER MAKES A NUMBER OF UNSUP-

11  PORTED AND UNRELATED STATEMENTS, NOT THE LEAST OF WHICH IS

12  A CLAIM THAT THE OFFICER WHO REPORTED PETITIONER'S CONDUCT

13  IS A LIAR!" (MOTION AT P.3:20-26.) (MULTIPLE QUOTATION MARKS

14  AND UNDERSCORES ADDED.)

15      PETITIONER ASSERTS, NONETHELESS RESPONDENT'S ATTEMPTS IN

16  HIS MOTION TO CIRCUMVENT PETITIONER'S GROUND ONE FACTUAL

17  ASSERTIONS OF PROCEDURAL DUE PROCESS USING CUNNING WORDS, THE

18  FACT OF THE MATTER PETITIONER'S GROUND ONE STATES FACTUALLY A

19  CONSTITUTIONAL PROCEDURAL DUE PROCESS VIOLATION TO HAVE BEEN

20  APPOINTED AN INVESTIGATIVE EMPLOYEE AND/OR A STAFF ASSISTANT

21  TO PRESENT "DOCUMENTARY EVIDENCE" AND "TO CALL WITNESSES" ON

22  AT THE "MARCH 02,2006" ICC "CLASSIFICATION HEARING" ON

23  THE REASON OR NEED FOR RETENTION IN SEGREGATION HOUSING.

24      PETITIONER ASSERTS, THE PROCEDURAL DUE PROCESS ASSERTIONS

25  WITHIN THE INSTANT PETITION GROUND ONE ARE CLEAR AND CONVINCING

26  AND FACTUALLY ASSERTED. FIRST, EXCLUSIVELY RELATED TO THE FEBRUARY

27  21,2006 "SEGREGATION ORDER" FILED BY CORRECTIONAL COUNSELOR I,

28  A. ARIAS (CDCR.114-0), WHICH CONTEND THAT "AT 3:00 P.M. PETITIONER

1  WAS ENGAGED IN 'SUSTAIN MASTURBATION WITHOUT EXPOSURE'
2  IN HIS ASSIGNED CELL 'C3-110' WHICH IS LOCATED ACROSS FROM
3  THE COUNSELOR'S OFFICE WINDOW IN HOUSING UNIT C3.''

4        ITS PETITIONER'S ASSERTION THAT ARIES' SEGREGATION
5  ORDER ALLEGING ''SUSTAIN MASTURBATION WITHOUT EXPOSURE'' 
6  CAN NOT BE FACTUALLY BASED, BECAUSE THESE ALLEGATIONS OF
7  ''SUSTAIN MASTERBATION'' (DESCRIBES SOMETHING VISIBLE)
8  WHILE '' WITHOUT EXPOSURE'' (DESCRIBES SOMETHING NOT VISI-
9  ABLE), AS THE PROCEDURAL SAFEGUARDS DOES NOT ALLOW THE
10 RESPONDENT TO ACCEPT ARIAS' ALLEGATION OF SEEING ''SUSTAIN
11 MASTURBATION'' WHILE ACKNOWLEDGING SHE CANNOT WITNESS
12 PETITIONER'S (ALLEGED) ''SUSTAIN MASTURBATION'' WHEN CLEARLY
13 STATING '' WITHOUT EXPOSURE''. (EITHER SHE CAN SEE IT OR SHE
14 CANNOT, AND IN THIS CASE SHE IS CLEARLY STATING ON THE RECORD
15 SHE CANNOT SEE ANYTHING, BUT IS BEING ALLOWED TO ALLEGE
16 SHE CAN.) (SEE CALIFORNIA CODE OF REGULATIONS (HEREAFTER ''CCR'')
17 § 3339(a)(b).) AS CCR RULE § 3338(e) STATES IN PERTINENT PART
18 THAT, ''...THE HEARING WILL ASSUME THE ALLEGED MISCONDUCT
19 OR CRIMINAL ACTIVITIES TO BE FACTUAL AS REPORTED IN THE
20 SEGREGATION ORDER....'' (SEE CCR RULE § 3338(e).) THUS, THIS
21 ASSUMPTION STANDARD SET FORTH IN CCR RULE § 3338(e) WITH
22 REGARD TO ARIAS' FEBRUARY 21, 2006 SEGREGATION ORDER
23 ALLEGATIONS OF ''...SUSTAIN MASTURBATION WITHOUT EX-
24 POSURE'' CONSTITUTE AN APPLICATION OF THE DEFERENTIAL Super-
25 INTENDENT V. HILL, 472 U.S. 445, 455 (1985) ''SOME EVIDENCE'' STAN-
26 DARD OF REVIEW TO A PRISON GUARD'S INITIAL ACCUSATION OF
27 A RULE VIOLATION WHERE THE GUARD'S ACCUSATION ITSELF ALLEGEDLY
28 IS FALSE AND RETALIATORY, WHICH VIOLATES THE DUE PROCESS CLAUSE.

CV 07-2013

1  SEE HINES V. GOMEZ, 108 F.3d 265, 268-269 (9TH CIR 1997)(...THERE ARE NO

2  PROCEDURAL SAFEGUARDS PROTECTING A PRISONER FROM FALSE RETALIATORY

3  ACCUSATIONS; A GUARD MAY, AND OFTEN DOES, FILE AN ACCUSATION SOLELY

4  ON HIS OWN WORD, MAKING HIS MERE ACCUSATION THE ONLY "MODICUM OF

5  EVIDENCE"); AND CATO V. RUSHEN, 824 F.2d 703, 705 (9TH CIR. 1987)(THERE "MUST

6  BE SOME INDICIA OF RELIABILITY OF THE INFORMATION THAT FORMS THE BASES

7  FOR PRISON DISCIPLINARY ACTIONS"). COMPARE, BRUCE V. YLST, 351 F.3d 1283,

8  1288 (9TH CIR. 2003)(IN PRATT, 65 F.3d AT 808, WE RECOGNIZED THAT "TIMING

9  CAN PROPERLY BE CONSIDERED AS CIRCUMSTANTIAL EVIDENCE OF RETALIATORY

10  INTENT"); AND SAUCIER V. KATZ, 533 U.S. 194, 201-202 (2001)(THE INITIAL IN-

11  QUIRY IS WHETHER THE ALLEGED FACTS SHOW THAT THE DEFENDANT VIOLATED

12  THE PLAINTIFF'S CONSTITUTIONAL RIGHTS). (SEE MOTION LODGEMENT II AT

13  EXHIBIT "I" "HEARING" PAGES 1-3 DATED SIGNED "5/3/06".)

14  THEREFORE, PETITIONER'S GROUND ONE ASSERTS, THERE WAS A COMPLETE

15  BREAKDOWN IN THE PROCEDURAL DUE PROCESS REQUIREMENT BY CALIPATRIA'S

16  OFFICIALS FOLLOWING ARIAS' FEBRUARY 21, 2006 FALSE RETALIATORY ACCUSATIONS

17  SEGREGATION ORDER, AS THE CORRECTIONAL SERGEANT, LIEUTENANT AND CAPTAIN

18  FAILED TO WITHDRAW THE SEGREGATION ORDER BEFORE "RETENTION" OF

19  PETITIONER IN AD-SEG PAST THE 24-HOUR GRACE PERIOD. (SEE CCR RULE §§

20  3337, 3339 (a).) SEE BRUCE, 351 F.3d AT 1287 N.3 (CITING HILL, 472 U.S. AT 455-56).

21  MOREOVER, PETITIONER'S GROUND ONE ASSERTS PROCEDURAL DUE PROCESS

22  VIOLATIONS AGAIN OCCURRED WHEN PETITIONER (IN COMPLIANCE WITH CCR

23  RULE § 3337(b)) ON FEBRUARY 27, 2006 SUBMITTED "WRITTEN" REQUEST FOR

24  APPOINTMENT OF AN "INVESTIGATIVE EMPLOYEE FOR THE PRESENTATION OF

25  'DOCUMENTARY EVIDENCE' AND FOR THE QUESTIONING AND 'CALLING WITNESS(ES)'

26  FOR THE 'MARCH 02, 2006' ICC CLASSIFICATION HEARING ON THE RETENTION

27  OF AD-SEG PLACEMENT RELATING TO ARIAS' FEBRUARY 21, 2006 SEGREGATION

28  ORDER." AS THE MARCH 02, 2006 ICC HEARING OCCURRED WITHOUT THESE RIGHTS.

(9)                    CV 07-2013

1  SEE CLUTCHETTE V. ENOMOTO, 471 F.Supp. 1113, 1117 n.3 (N.D. Cal. 1929).

2      PETITIONER ASSERTS, THE INSTANT PETITION GROUND ONE FILED
3  PROCEDURAL DUE PROCESS VIOLATIONS ARE CLEARLY AND CONVINCINGLY FACTUAL
4  AND SUPPORT A FEDERAL DUE PROCESS CONSTITUTIONAL CLAIM FOR RELIEF.
5  MOREOVER, RESPONDENT'S REGULATIONS HAS ESTABLISHED A 24-HOUR PERIOD
6  WINDOW TO DETERMINE WITHDRAWAL OF UNFACTUAL SEGREGATION ORDER,
7  (CCR RULE §§ 3337, 3339(a)), AND REGULATIONS HAS ESTABLISHED A 10-DAY
8  PERIOD WINDOW TO DETERMINE RETENTION IN AD-SEG FOLLOWING THE
9  FILING OF A SEGREGATION ORDER (CCR RULE §§ 3335(c), 3338(a)) TO THUS
10  DETERMINE A RIGHT CLASSIFIABLE AS A FORM OF "LIBERTY" WITHIN THE
11  MEANING OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.
12  COMPARE, GILBERT V. FRAZIER, 931 F.2d 1581, 1582 (7TH CIR. (Ill.) 1991).

13      THE SUPREME COURT IN HEWITT V. HELMS, 459 U.S. 460, 476
14  (1983) HELD THAT, DUE PROCESS REQUIRES THAT A PRISONER HAVE "AN
15  OPPORTUNITY TO PRESENT HIS VIEWS" TO THE OFFICIAL "CHARGED
16  WITH DECIDING WHETHER TO TRANSFER HIM TO ADMINISTRATIVE SEGREGA-
17  TION." Id. A STATUTE, REGULATION, OR OTHER LEGISLATIVE-TYPE ENACTMENT
18  THAT ESTABLISHES A DEFINITE STANDARD TO GUIDE THE DECISION
19  WHETHER TO (FURTHER) RESTRAIN A PRISONER'S FREEDOM OF ACTION,
20  RATHER THAN CONFIDING THE DECISION TO THE DISCRETION OF THE
21  ADMINISTERING AUTHORITIES, IS DEEMED TO CREATE A CONSTITUTIONALLY
22  ENFORCEABLE ENTITLEMENT TO BE FREE FROM THAT RESTRAINT UNLESS
23  THE STANDARD IS APPLIED TO THE PRISONER IN ACCORDANCE WITH
24  PROCEDURES THAT SATISFY THE REQUIREMENTS OF THE DUE PROCESS LAW.
25  SEE GILBERT, 931 F.2d AT 1582 (CITING HEWITT, 459 U.S. AT 469-472).
26      HENCEFORTH, PETITIONER'S GROUND ONE HEADING IS SUPPORTED BY
27  THE SUBSTANCE AND FACTUAL BASIS AND LEGAL THEORY CLEARLY RECOGNIZA-
28  BLE AS VIOLATIONS OF FEDERAL LAW(S) AND FEDERAL CONSTITUTION.

(10)                CV 07-2013

1. ADDITIONALLY, PETITIONER ASSERTS, LIKEWISE, RESPONDENT'S
2. USE OF CUNNING WORDS WITH REGARD TO PETITIONER'S INSTANT PETITION
3. GROUND TWO NOT PROVIDING ANY SPECIFIC, INTELLIGIBLE FACTUAL
4. ALLEGATIONS IN SUPPORT OF SUCH GROUNDS, HERE TOO SIMPLY NOT TRUE.
5. RESPONDENT'S MOTION (AT P. 4:4-10) CONTENDS "IN THE HEADING OF CLAIM
6. TWO, IT APPEARS THAT PETITIONER IS ALLEGING THAT HIS RIGHT TO
7. PROCEDURAL DUE PROCESS WAS SOMEHOW VIOLATED IN THE ADMINISTRATIVE
8. APPEALS PROCESS", BUT FURTHER CONTEND THAT PETITIONER'S GROUND
9. TWO "FACTS ALLEGED TO SUPPORT HIS COMPLAINT" IS "PROBLEMATIC".
10.     PETITIONER ASSERTS, OF COURSE PETITIONER'S GROUND TWO FACTS
11. ARE GOING TO BE "PROBLEMATIC" TO RESPONDENT ANSWERING TO
12. THEM, BECAUSE THE FACTS ASSERTED THEREIN ARE ALL TRUE AND
13. SUPPORTED CORROBORATING DOCUMENTS PROVE POSITIVE OF THE CLEAR
14. AND CONVINCING PROCEDURAL DUE PROCESS VIOLATION CONCERNING
15. PETITIONER'S ADMINISTRATIVE GRIEVANCE ("APPEAL") THAT ADDRESSED
16. RESPONDENT'S FAILURE TO COMPLY WITH THE DEPARTMENT'S ESTABLISHED
17. PROCEDURAL APPEAL PROCESSING REGULATIONS REQUIREMENTS.
18.     WHEN ARIAS FILED HER UNFACTUAL SEGREGATION ORDER ON FEBRUARY
19. 21, 2006, AND THE SERGEANT, LIEUTENANT AND CAPTAIN FAILED TO
20. WITHDRAW THE CDCR 114-D BY THE END OF FEBRUARY 22, 2006 HOLDING
21. PETITIONER IN AD-SEG PENDING THE MARCH 02, 2006 ICC AD-SEG
22. RETENTION CLASSIFICATION WITHIN THE 10-DAY HEARING REGULATION
23. REQUIREMENT. AND FOLLOWING PETITIONER'S TWO (2) "WRITTEN" SUBMITTED
24. REQUEST ON FEBRUARY 27, 2006 FOR APPOINTMENT OF INVESTIGATIVE
25. EMPLOYEE TO PRESENT DOCUMENTARY EVIDENCE AND TO CALL WITNESS
26. TO THE MARCH 02, 2006 ICC CLASSIFICATION HEARING ON RETENTION
27. IN AD-SEG HAD BEEN IGNORED BY THE MARCH 02, 2006 ICC MEMBERS
28. AND PETITIONER HAD GRIEVED THE PROCEDURAL DUE PROCESS SEGREGATION

1  HEARING BY FILING APPEAL (CAL-A-06-00639) ON MARCH 05,2006

2  (ASSIGNED ON MARCH 21, 2006), RESPONDENT VIOLATED SEVERAL OF

3  PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS ON THAT APPEAL IN

4  CLEAR VIOLATION OF THE FEDERAL LAWS AND FEDERAL CONSTITUTION.

5  PETITIONER ASSERTS, THE FACTUAL ELEMENTS OF RESPONDENT'S

6  PROCEDURAL DUE PROCESS VIOLATION ON PETITIONER'S APPEAL (CAL-A-

7  06-00639) ARE CLEARLY AND CONVINCINGLY ASSERTED IN THE CONTEXT

8  OF THE INSTANT PETITION GROUND TWO, THAT RESPONDENT'S MOTION

9  IS REFUSING TO ACKNOWLEDGE AND REFUSING TO ANSWER TO.

10  FIRST, PETITIONER'S APPEAL (CAL-A-06-00639) REGARDING THE

11  "MARCH 02, 2006 'ICC CLASSIFICATION' SEGREGATION HEARING"

12  WAS ASSIGNED TO "COUNSELOR II 'J. NAUDRA' WHOM WAS THE

13  RECOMMENDING CORRECTIONAL COUNSELOR TO THE MARCH 02, 2006

14  ICC COMMITTEE REGARDING AD-SEG RETENTION OF PETITIONER. THIS

15  WAS A CLEAR PROCEDURAL DUE PROCESS VIOLATION OF THE Department's

16  REGULATION CCR RULE § 3084.5(e) WHICH STATE IN PERTINENT PART:

17  "APPEAL REVIEW. FORMAL APPEALS SHALL NOT BE REVIEWED BY A STAFF

18  PERSON WHO PARTICIPATED IN THE EVENT OR DECISION BEING APPEALED

19  ... ". (SEE CCR RULE §§ 3084.5(c)(e).) (SEE ALSO, CCR RULE § 3320(h).)

20  PETITIONER ASSERTS, THE GOVERNING PRINCIPLE REQUIREMENT IN

21  THE AFOREMENTIONED SUBSECTION OF 3084.5(e) IS TO ELIMINATE THE KIND

22  OF CIRCUMSTANCES THAT GIVE RISE TO A FINDING OF IMPLIED BIAS.

23  IN EXTRAORDINARY CASES, COURTS MAY PRESUME BIAS BASED ON THE

24  CIRCUMSTANCES. SEE MCDONOUGH POWER EQUIP. V. GREENWOOD, 464 U.S.

25  548, 556-57 (1984)(BLACKMUN, STEVENS AND O'CONNOR JJ., CONCURRING)

26  (ACCEPTING DOCTRINE OF IMPLIED BIAS IN EXCEPTIONAL CIRCUMSTANCES)

27  id. AT 558 (BRENNAN AND MARSHALL, JJ., CONCURRING IN JUDGMENT)(SAME);

28  U.S. V. EUBANKS, 591 F.2d 513, 517 (9TH CIR. 1979); U.S. V. ALLSUP, 566 F.2d 68, 71-72 (9TH CIR. 77)

(12)                    CV 07-2013

1  SECOND, AFTER ASSIGNMENT OF APPEAL (CAL-A-06-00639) TO
2  CORRECTIONAL COUNSELOR II "J. MUDRA" (WHOM WAS ALSO AT THAT TIME
3  CORRECTIONAL COUNSELOR I, A-ARIAS' IMMEDIATE SUPERVISOR), WHICH HAD
4  A SECOND LEVEL APPEAL REVIEW DUE DATE OF "MAY 03, 2006", THAT WHEN
5  J. MUDRA FILED HIS APPEAL REVIEW RESPONSE TO PETITIONER'S APPEAL
6  ASSERTIONS IT WAS FILED ON "AUGUST 18, 2006" THREE (3) MONTHS OVER
7  DUE WITH out ANY once FILING "DELAY" RESPONSE NOTICES INFORMING
8  PETITIONER OF ANY REASONS FOR DELAY. THUS, HERE WAS PROCEDURAL
9  DUE PROCESS VIOLATIONS OF THE DEPARTMENT'S REGULATIONS CCR RULE
10  §§ 3084.5(c),(e),(e)(1), 3084.6(b)(3)(6), PREVENTING PETITIONER FROM
11  PROCEEDING TO THIRD LEVEL FORMAL APPEAL EXHAUSTION. (SEE CCR RULE
12  §§ 3084.1(a), 3084.5(d)(e)(2), 3084.6(b)(4),) SEE BRADLEY V. HALL, 64 F.3d
13  1276, 1279 nn. 14 (9TH CIR. 1995); BROWN V. VALOFF, 422 F.3d 926, 943 FN. 18 (9TH
14  CIR. 2005); AND WHITENGTON V. ORTIZ, 472 F.3d 804, 807-808 (10TH CIR. 2007)
15  ("[W]HEN PRISON OFFICIALS FAILS TO TIMELY RESPOND TO A GRIEVANCE,
16  THE PRISONER HAS EXHAUSTED 'AVAILABLE' REMEDIES UNDER THE PLRA"),
17  BUT SEE, JONES V. BOCK, 127 S.Ct. 910 (2007); WOODFORD V. NGO, 126 S.Ct. 2378 (2006).
18  THIRD, "J. MUDRA" AUGUST 18, 2006 SECOND LEVEL APPEAL REVIEW RESPONSE
19  IN APPEAL (CAL-A-06-00639) FAILED TO OFFICIALLY ADDRESS PETITIONER'S APPEAL
20  "REQUESTED ACTION", AND J. MUDRA'S BIAS RESPONSE WAS SIMPLY REITERATED IN
21  THE JANUARY 30, 2007 DIRECTOR'S LEVEL APPEAL DECISION IGNORING PETITIONER'S
22  ASSERTED PROCEDURAL DUE PROCESS RIGHTS VIOLATIONS. SEE BOOTH V. CHURNER,
23  532 U.S. 731, 737 (2001)(..."THE VERY FACT OF BEING HEARD AND PROMPTING
24  ADMINISTRATIVE CHANGE" MAY BE SUFFICIENT IN ITSELF TO REQUIRE EX-
25  HAUSTION OF THE ADMINISTRATIVE PROCESS.". INSISTING THAT A PRISONER
26  NONETHELESS CONTINUE TO MAKE APPEALS TO ADMINISTRATORS WHO WILL NOT
27  READ OR CONSIDER THEM CANNOT PROVIDE THE SATISFACTION THAT "VERY
28  FACT OF BEING HEARD", CAN SOMETIMES PROVIDE.); BUT SEE, BROWN, 422

(13)                    CV 07-2013

1  F.3d AT 940 (AN "OPPORTUNITY TO BE HEARD" MEANS THAT SOMEONE

2  MUST BE LISTENING.) PETITIONER ASSERTS, THE PROCEDURAL DUE PROCESS

3  VIOLATIONS IN APPEAL (CAL-A-06-000639) PROVES THAT NO ONE WAS

4  LISTENING TO PETITIONER'S ASSERTIONS OF CONSTITUTIONAL VIOLATIONS.

5       HENCEFORTH, PETITIONER ASSERTS, THE FACT THAT "J. MUDRA" BEING

6  ASSIGNED BY RESPONDENT TO INVESTIGATE PETITIONER'S GRIEVANCE OF

7  THE MARCH 02, 2006 "SEGREGATION HEARING" (CAL-A-06-00639) WHOM WAS

8  THE RECOMMENDING MEMBER (COUNSELOR II) OF THE "RETENTION IN 'AD-SEG'

9  OF PETITIONER BY ICC" (AS J. MUDRA WAS ALSO THE IMMEDIATE SUPERVISOR

10  OF COUNSELOR I, A. ARIAS WHO FILED THE FEBRUARY 21, 2006 SEGREGATION

11  ORDER THAT WAS UNDER REVIEW BY ICC), TO WHICH J. MUDRA'S CLEAR

12  OVERDUE 3 MONTH FILED SECOND LEVEL APPEAL REVIEW RESPONSE THAT

13  COMPLETELY FAILED TO ADDRESS PETITIONER'S GRIEVANCE CLAIMS IN (CAL-A-

14  06-00639), MUST BE CONSTRUED AS IMPLIED BIAS.[2]

15       THE NINTH CIRCUIT IN DYER V. CALDERON, 151 F.3d 970, 983 (1998)

16  HELD THAT, MORE IS AT STAKE HERE THAN THE RIGHTS OF PETITIONER; "JUSTICE

17  MUST SATISFY THE APPEARANCE OF JUSTICE." (QUOTING OFFUTT V. U.S., 348 U.S.

18  11, 14 (1954). AN IRREGULARITY IN THE SELECTION OF THOSE WHO WILL SIT

19  IN JUDGMENT "CASTS A VERY LONG SHADOW." CRUZ V. ABBATE, 812 F.2d 571,

20  574 (9TH CIR. 1987). Ibid.  IMPLIED BIAS MAY INDEED BE THE SINGLE OLDEST

21  ────────────────────────────

22  2. PETITIONER NOTES: WHEN PETITIONER SUBMITTED GRIEVANCE (CAL-A-06-00639)
   ON MARCH 05, 2006 (ASSIGNED ON MARCH 21, 2006), PETITIONER FILED A STAFF COMPLAINT
   PURSUANT TO CCR RULE § 3391(d) ATTACHING A CDC FORM 1858 PURSUANT TO CAL. PEN.

23  CODE §§ 148.6, 830.5 THAT WAS RECEIVED AND ATTACHED TO THE GRIEVANCE ON MARCH
   15, 2006, AS PETITIONER'S APPEAL "REQUESTED ACTION" POINTS #1 AND #2 REQUESTED AN

24  "INVESTIGATION BE CONDUCTED" INTO A. ARIAS' "FALSE ALLEGATIONS" AND INTO THE "ARIAS
   TO KEEP [PETITIONER] IN AD-SEG", TO NO AVAIL... PETITIONER'S STAFF/CITIZEN COMPLAINT

25  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS. SEE BROWN, 422 F.3d AT 931 + PN. 7, 933 +
   PN. 9, 937-939 N. 10 + PN. 11 + 12, 947 (THE ADMINISTRATIVE BULLETIN [98/10] DOES APPEAR TO CREATE

26  A SEPARATE AND COLLATERAL ADMINISTRATIVE PROCEDURE FOR ALLEGATIONS OF STAFF MIS-
   CONDUCT FOR THE ADMINISTRATION OF ITS OWN PERSONNEL PROCEEDINGS (REINHARDT, J.,
   CONCURRING IN PART, AND DISSENTING IN PART).

27       IN CONTRAST, IN HAMILTON V. CITY OF SAN BERNARDINO, 107 F.Supp.2d 1239 (C.D.
   CAL. 2000), THE COURT HELD THAT CAL. PEN. CODE § 148.6 VIOLATES THE FIRST AMENDMENT AND

28  THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE. Id. AT 1242, 1248, SEE ALSO, CHAKER
   V. CROGAN, 428 F.3d 1215, 1221 + PN.6, 1226, 1229 (9TH CIR. 2005) ("...STATUTE [148.6] RUNS AFOUL OF
   THE FIRST AMENDMENT...").

                    (14)                    CV 07-2013

1 RULE IN THE HISTORY OF JUDICIAL REVIEW. DYER, 151 F.3d AT 984.

2   IN TUMEY V. OHIO, 273 U.S. 510, 532 (1927), THE COURT MADE IT
3 CLEAR THAT BIAS MUST SOMETIMES BE PRESUMED, EVEN THOUGH THE DECISION
4 MAKER MAY BE COMPLETELY UNBIASED. THE SUPREME COURT HELD, SUBJECTIVE
5 STATE OF MIND IS NOT DISPOSITIVE WHERE THE CIRCUMSTANCES CREATE AN
6 INFERENCE OF BIAS. THE COURT HELD, WE MUST LOOK TO THE FAIRNESS OF THE
7 PROCEDURE AND WHETHER BIAS SHOULD BE PRESUMED FROM THE CIRCUMSTANCES
8 : "EVERY PROCEDURE WHICH WOULD OFFER A POSSIBLE TEMPTATION TO THE
9 AVERAGE MAN AS A JUDGE TO FORGET THE BURDEN OF PROOF REQUIRED TO
10 CONVICT THE DEFENDANT, OR WHICH MIGHT LEAD HIM NOT TO HOLD THE
11 BALANCE NICE, CLEAR AND TRUE BETWEEN THE STATE AND THE ACCUSED,
12 DENIES THE LATTER DUE PROCESS OF LAW." Id. AT 532. AS IN CLARK V.
13 U.S., 289 U.S. 1, 11. (1933), THE COURT IN TUMEY NEVER STOPPED TO QUESTION
14 WHETHER BIAS CAN BE PRESUMED FROM CIRCUMSTANCES. RATHER, IT ACCEPTED
15 THE DOCTRINE OF IMPLIED BIAS AS A GIVEN AND APPLIED IT TO THE FACTS
16 OF THE CASE. DYER, 151 F.3d AT 984-985. SEE CLARK, 289 U.S. AT 11 ("IF A
17 KINSMAN OF ONE OF THE LITIGANTS HAD GONE INTO THE JURY ROOM
18 DISGUISED AS THE COMPLAISANT JUROR, THE EFFECT WOULD HAVE BEEN NO
19 DIFFERENT." JUST AS WE WOULD PRESUME BIAS IF THE BROTHER OF THE
20 PROSECUTOR WERE ON A JURY, WE PRESUME BIAS WHERE A JUROR LIES IN
21 ORDER TO SECURE A SEAT ON THE JURY.) SEE DYER, 151 F.3d AT 983.

22   HENCEFORTH, PETITIONER ASSERTS, WITH THE AFOREMENTIONED DULY
23 NOTED AS TO THE IMPLIED BIAS OF J. MUDRA'S SECOND LEVEL APPEAL REVIEW
24 RESPONSE REGARDING PETITIONER'S GRIEVANCE (CAL-A-06-00639) RELATING
25 TO THE MARCH 02, 2006 ICC HEARING "RETENTION" OF PETITIONER IN AD-
26 SEG AS TO COUNSELOR A. ARIAS' FALSIFIED "SEGREGATION ORDER" OF FEBRUARY
27 21, 2006 WITHOUT COMPLYING WITH THE DEPARTMENT'S REGULATIONS
28 WHICH ALLOWED PETITIONER TO BE ASSIGNED AN INVESTIGATIVE EMPLOYEE

1  TO CALL WITNESSES AND SUBMIT OTHER DOCUMENTARY EVIDENCE AT

2  THAT "MARCH 02, 2006 'ICC AD-SEG RETENTION' CLASSIFICATION HEARING"

3  (AS EXPLICITLY AND FACTUALLY ASSERTED IN THE INSTANT PETITION GROUND

4  TWO), CLEARLY CONSTITUTE PROCEDURAL DUE PROCESS VIOLATIONS. SEE

5  SERRANO V. FRANCIS, 345 F. 3d 1074, 1079-1080 AN. 7, 1081-1082 (9TA CR. 2003)

6  ("PRISONERS ARE PROTECTED UNDER THE EQUAL PROTECTION CLAUSE ... FROM

7  INVIDIOUS DISCRIMINATION BASED ON RACE,"). PRISON OFFICIALS WHO

8  ENGAGE IN DEPRIVING PRISONERS OF THEIR CONSTITUTIONAL RIGHTS WILL BE

9  ALLOTTED NO DEFERENCE FROM THE FEDERAL COURTS. ADDITIONALLY, THE INSTITUTION

10  HEADS HAVE A STATE-MANDATED DUTY TO FOLLOW THE RULES AND REGULATIONS

11  PRESCRIBED BY THE DIRECTOR OF THE ADMINISTRATION OF STATE PRISONS. CAL.

12  ADMIN. CODE, TIT. 15, DIV. 3 ; CAL. PEN. CODE § 2029 ; SEE ALSO, IN RE FRENCH (1980)

13  106 CAL. APP. 3d 74, 85 N. 24, 164 CAL. RPTR. 800. TOUSSAINT V. RUSHEN, 553 F. SUPP. 1365,

14  1378 (N. D. CAL. 1983). (SEE CCR RULE § 3337 (6); AND PETITION GROUND TWO.)

15      THEREFORE, PROCEDURAL DUE PROCESS IS A FUNDAMENTAL RIGHT. 2 RONALD

16  D. ROTUNDA + JOHN E. NOWAK, CREATISE ON CONSTITUTIONAL LAW: SUBSTANCE

17  AND PROCEDURE § 15.7, AT 434 (2d Ed. 1992)(STATING, "THE SUPREME COURT HAS

18  RECOGNIZED THAT THERE IS A RIGHT TO FAIRNESS IN PROCEDURES CONCERNING

19  INDIVIDUAL CLAIMS AGAINST GOVERNMENTAL DEPRIVATIONS OF LIFE, LIBERTY,

20  OR PROPERTY. . . . . [T]HIS RIGHT IS NOT REFLECTED IN A SPECIFIC DECISION BUT

21  IS, RATHER, AN IMPLIED RECOGNITION OF THE FUNDAMENTAL NATURE OF THE

22  DUE PROCESS CLAUSE IN THOSE DECISIONS DEALING WITH 'PROCEDURAL DUE

23  PROCESS' RIGHTS,'" AND CITING VARIOUS SUPPORTING CASES IN FOOTNOTE 29.)

24      FOURTH, REGARDING RESPONDENT'S MOTION (AT P. 4:10) CONTENDING,

25  "CLAIMS THREE AND FOUR ARE SIMILARLY PROBLEMATIC" (WITHOUT CONTEN-

26  DING MORE), COMPELS PETITIONER TO ASSERT THE FOLLOWING, AMONGST OTHER

27  ASSERTIONS OF DENIAL OF DUE PROCESS AND EQUAL PROTECTION VIOLATIONS WITH

28  REGARD TO COUNSELOR A. ARIAS' FEBRUARY 22, 2006 "RVR" BEING A FALSE CRIME

(16)                    CV 07-2013

1. _REPORT_ IN VIOLATION OF CAL. PEN. CODE § 118.1, AS PETITIONER HAD EXPLICITLY
2. FILED A _STAFF COMPLAINT_ (IN APPEAL CAL-A-06-00639) PURSUANT TO CAL. PEN.
3. CODE § 148.6 TO _INVESTIGATE_ COUNSELOR ARIAS' "_FALSE ALLEGATIONS_" (AS THIS
4. _STAFF COMPLAINT_ WAS SUBMITTED _BY_ PETITIONER ON MARCH 05, 2006, THAT WAS
5. ASSIGNED LOG # CAL-A-06-00639 _ON_ MARCH 21, 2006 -- WHICH WAS _PRIOR TO_ THE
6. MARCH 29, 2006 HEARING REGARDING COUNSELOR ARIAS' FEBRUARY 22, 2006 "RVR"),
7. WHERE PETITIONER WAS FOUND _GUILTY_ OF COUNSELOR ARIAS' FEBRUARY 22, 2006
8. "FALSE ALLEGATIONS" CONTAINED IN HER _FALSE CRIME REPORT._ _SEE HINES, SUPRA,_ 108
9. F.3d AT 268-269 (... A GUARD MAY, AND OFTEN DOES, FILE AN ACCUSATION SOLELY ON
10. HIS OWN WORD, MAKING HIS MERE ACCUSATION THE ONLY "MODICUM OF
11. EVIDENCE"); _CHAKER,_ 428 F.3d AT 1226, 1228 + FN. 11 (... "IT INEVITABLY WILL COME
12. DOWN TO THE WORD OF THE CITIZEN AGAINST THE WORD OF THE POLICE OFFICER
13. OR OFFICERS, IN WHICH CASE LAW ENFORCEMENT AUTHORITIES WILL CONDUCT AN
14. INVESTIGATION TO DETERMINE WHO IS TELLING THE TRUTH" (CITATION OMITTED));
15. AND _HAMILTON,_ 107 F.Supp.2d AT 1245-1246 (... PRIVATE INDIVIDUALS TEND TO
16. LACK EFFECTIVE OPPORTUNITIES FOR REBUTTING FALSE STATEMENTS (_CITING GERTZ V._
17. _ROBERT WELCH, INC.,_ 418 U.S. 323, 343 (1974)); "WE AGREE WITH PLAINTIFF THAT IT
18. IS DISTRESSING AND DEMORALIZING FOR POLICE OFFICERS TO BE SUBJECTED TO
19. FALSE ACCUSATIONS OF BRUTALITY, BUT THAT MAY BE ONE OF THE CROSSES THAT
20. A POLICE OFFICER MUST BEAR, IN LIGHT OF THE POWER AND DEADLY FORCE
21. THE STATE PLACES IN HIS HAND" (QUOTING _IMIG,_ 20 CAL.App.3d AT 56)).
22.    ACCORDINGLY, PETITIONER'S INSTANT PETITION GROUND _THREE_ ASSERTS THEREIN
23. "_ACTUAL INNOCENCE_" OF COUNSELOR ARIAS' FEBRUARY 22, 2006 FALSE _CRIME_
24. _REPORT_ "RVR", AS THE MARCH 15, 2006 INVESTIGATIVE EMPLOYEE B. BARGAINER'S
25. REPORT AND MARCH 29, 2006 RVR HEARING TESTIMONIAL STATEMENTS ILLUSTRATED
26. NO SHRED OF EVIDENCE OF PETITIONER'S GUILT IS PRESENTED, THUS VIOLATING
27. THE "SOME EVIDENCE" STANDARD OF _HILL._ _SEE BURNSWORTH V. GUNDERSON,_ 179
28. F.3d 771, 774-775 NN.5-6 (9TH CIR. 1999)(... BUT IT IS INCORRECT TO STATE THAT

(17)    CV 07-2013

1  DUE PROCESS IS NOT VIOLATED WHEN A PRISON DISCIPLINARY HEARING BOARD

2  CONVICTS AN INMATE OF ESCAPE AFTER THAT BOARD HOLDS A HEARING AT WHICH

3  NO SHRED OF EVIDENCE OF THE INMATE'S GUILT IS PRESENTED... THE COURT IN

4  HILL DID NOT ADDRESS A SITUATION WHERE A CONVICTION WAS TOTALLY UN-

5  SUPPORTED BY EVIDENCE (CITING HILL, 472 U.S. AT 450)).

6      ADDITIONALLY, PETITIONER'S INSTANT PETITION GROUND FOUR (WITH

7  REGARD TO RESPONDENT'S MOTION AT PAGE 4:10 CONTENDING "CLAIMS THREE AND

8  FOUR ARE SIMILARLY PROBLEMATIC", WHICH DOESN'T CONTEND FURTHER), COMPELS

9  PETITIONER TO ASSERT THE FOLLOWING. PETITIONER ALSO FILED A STAFF Complaint

10 AS TO CORRECTIONAL OFFICER ("C/O") T. ARMSTRONG PURSUANT TO CAL. PEN. CODE § 148.6

11 ON MARCH 26, 2006 (THAT WAS RECLASSIFIED AS A "DISCIPLINARY APPEAL", THAT WHEN

12 COMPLAINED OF THE "RECLASSIFICATION" OF THE "STAFF Complaint" REGARDING C/O

13 ARMSTRONG'S MARCH 11, 2006 FALSE CRIME REPORT THAT ALLEGED "PETITIONER WAS

14 MASTURBATING 'IN THE SHOWER' FOR TWENTY MINUTES AS SHE WATCHED 'OFF &

15 ON'", THAT ON MAY 18, 2006, MAY 30, 2006 AND JUNE 13, 2006 THE CHIEF DEPUTY

16 WARDEN REFUSED TO FILE THE "STAFF Complaint" AGAINST C/O ARMSTRONG DESPITE

17 KNOWING PETITIONER HAD FILED A COMPLETELY SEPARATE GRIEVANCE REGARDING

18 THE "DISCIPLINARY" ISSUES CONCERNING C/O ARMSTRONG'S MARCH 11, 2006 FALSE CRIME

19 REPORT "RVR" ALLEGATIONS). SEE HINES, SUPRA, 108 F.3d AT 268-269; CHAKER, SUPRA,

20 428 F.3d AT 1226, 1228 & FN. 11; HAMILTON, SUPRA, 107 F.Supp.2d AT 1245-1246.

21     AMOUNGST OTHER ASSERTIONS OF DENIAL OF DUE PROCESS AND EQUAL PRO-

22 TECTION VIOLATIONS CONCERNING C/O T. ARMSTRONG'S MARCH 11, 2006 FALSE CRIME REPORT

23 "RVR", PETITIONER INSTANT PETITION GROUND FOUR ALSO ASSERTS "ACTUAL INNOCENCE",

24 BURNSWORTH, SUPRA, 179 F.3d AT 774-775 NN. 5, 6, IMPLIED BIAS BY THE SHO, DYER, SUPRA,

25 151 F.3d AT 983-985, ACTUAL DECEIT AND BIAS BY THE SHO, SEE EDWARD V. BALISOK,

26 520 U.S. 641, 647, (1997); SERRANO, 345 F.3d AT 1079-1080 NN. 7-8, CONFIDENTIALITY,

27 CLUTCHETTE, 471 F.Supp. AT 1117 N.1, AND THE RIGHT TO BE "HEARD" ON APPEAL, BROWN,

28 422 F.3d AT 936, 940, THUS ARTICULATING VIOLATIONS OF FEDERAL CONSTITUTIONAL LAW.

1    AND FINALLY, REGARDING RESPONDENT'S MOTION ARGUMENT ONE (AT P.

2    3-5) CONTENDING PETITIONER'S PETITION SHOULD BE DISMISSED FOR FAILURE TO

3    STATE SPECIFIC, ARTICULATE GROUNDS FOR RELIEF, WHICH IS CLEAR NON-SCIENCE

4    AS THE AFOREMENTIONED DULY NOTED, RESPONDENT HAS ALSO CONTEND "THE RELIEF

5    HE SEEKS IS EQUALLY INDECIPHERABLE", COMPELS PETITIONER TO ASSERT THE

6    FOLLOWING. PETITIONER'S FOUR GROUND PETITION FOR WRIT OF HABEAS CORPUS IN

7    THIS COURT FILED PURSUANT TO 28 U.S.C. §2254 WAS FILED ON THIS COURT'S

8    OFFICIAL JUDICIAL FORM "CIV 68" WHICH DOESN'T GIVE PETITIONER THE LUXURY

9    OF STATING THE "RELIEF HE SEEKS", BUT EXPLICITLY STATE THEREIN, "WHEREFORE

10   PETITIONER PRAYS THAT THE COURT GRANT PETITIONER RELIEF TO WHICH HE MAY

11   BE ENTITLED IN THIS PROCEEDING." (PET. AT P.11.) THUS, EXPLICITLY RELYING ON

12   THIS COURT TO (INTERPRET THE CONSTITUTION AND GRANT "RELIEF" ACCORDINGLY.

13   SEE IRONS V. CAREY, 479 F.3d 658, 665-670 (9TH CIR. 2007) (NOONAN, J. CONCURRING);

14   CF. CCR RULE § 3316(C)(3) (...IF A COURT FINDS THE INMATE NOT GUILTY AFTER A

15   FINDING OF GUILTY IN A DISCIPLINARY HEARING, THE RULE VIOLATION CHARGES

16   SHALL BE DISMISSED). BUT SEE, GILMORE V. CALIFORNIA, 220 F.3d 987, 991, 1002, 1006

17   (9TH CIR. 2000) (..."[T]HERE IS NO IRON CURTAIN DRAWN BETWEEN THE CONSTITUTION

18   AND THE PRISONS OF THIS COUNTRY" (CITING WOLFF V. McDONNELL, 418 U.S.

19   539, 555-56 (1974)); (..."THE POWER TO INTERPRET THE CONSTITUTION IN A

20   CASE AND CONTROVERSY REMAINS IN THE JUDICIARY..." (CITING BOERNE V. FLORES,

21   521 U.S. 507, 524, 529 (1997)); ("FEDERAL COURTS POSSESS WHATEVER POWERS ARE

22   NECESSARY TO REMEDY CONSTITUTIONAL VIOLATIONS BECAUSE THEY ARE CHARGED

23   WITH PROTECTING THESE RIGHTS" (CITING STONE V. CITY + COUNTY OF SAN FRANCISCO,

24   968 F.2d 850, 861 (9TH CIR. 1992). [3/] SEE BURNSWORTH, 179 F.3d AT 775 N.7.

---

3.  RESPONDENT'S MOTION (AT P.S:1-4) CONTEND THIS FEDERAL COURT SHOULD "DISMISS
25  THE PETITION FOR FAILURE TO STATE A SPECIFIC CLAIM FOR RELIEF" BASED ON THE "SUPERIOR
    COUNTY SUPER COURT DISMISSED THE PETITION, FINDING THAT THE ALLEGATIONS OF THE
26  PETITION WERE, FOR THE MOST PART, UNINTELLIGIBLE AND/OR UNSUPPORTED BY THE ATTACHED
    EXHIBITS." PETITIONER ASSERTS, THE SUPERIOR COURT'S FINDING + DENIAL WAS A VIOLATION
27  OF THE GREAT WRIT. (U.S. CONST. ART. I, § 9, CL.2.) AS PETITIONER STATE SUPREME COURT
    HABEAS (GROUND THREE) EXPLICITLY ASSERTED, SEE OVER, 151 F.3d AT 988 + FN.2 (STATE COURT
28  JUDGES ARE OUR CO-EQUAL PARTNERS IN THE PROTECTION OF FEDERAL CONSTITUTIONAL RIGHTS
    (CITING ROBB V. CONNOLLY, 111 U.S. 624, 637, 4 S.CT. 544, 28 L.Ed. 542 (1884).

**B. ALL FOUR GROUNDS OF PETITIONER'S INSTANT FEDERAL PETITION HAVE BEEN FULLY EXHAUSTED REQUIRING RESPONDENT TO ANSWER THE MERITS**

IN RESPONDENT'S MOTION (AT PP. 5-6), RESPONDENT CONCEDE THAT PETITIONER HAS EXHAUSTED THE INSTANT PETITION GROUNDS ONE AND TWO, THOUGH RESPONDENT CONTEND THAT "SOME SIMILARITY CAN BE DRAWN BETWEEN CLAIMS ONE AND TWO IN THE FEDERAL AND STATE SUPREME COURT PETITIONS, WHICH PETITIONER ASSERTS IS LUDICIOUS BECAUSE THE SUBSTANCE OF THE FEDERAL CLAIM WAS FAIRLY PRESENTED TO THE STATE COURTS. SEE VERDIN v. O'LEARY, 972 F.2d 1467, 1474 (7TH CIR. 1992)(CITING PICARD v. CONNOR, 404 U.S. 270, 277-279 (1971); AND TAMAPUA v. SHIMODA, 796 F.2d 26, 262 (9TH CIR. 1986)).

BUT, RESPONDENT CONTENDS, "IT IS CLEAR THAT, AT THE VERY LEAST, CLAIMS THREE AND FOUR OF THE FEDERAL PETITION WERE NEVER PRESENTED TO THE STATE SUPREME COURT" AND SINCE THE FEDERAL PETITION IS A MIXED PETITION "THE PETITION MUST BE DISMISSED IN ITS ENTIRETY" (MOTION AT P. 6:4-9). PETITIONER ASSERTS, RESPONDENT'S FAILURE TO EXHAUST CLAIM SIMPLY IS NOT TRUE, AND MUST BE DENIED. SEE LACY v. LEWIS, 123 F. Supp.2d 533, 539-540 (C.D. CAL. 2000)(QUOTING YLST v. NUNNEMAKER, 501 U.S. 797, 803 (1991)).

FIRST AND FOREMOST, WITH REGARD TO EXHAUSTION OF ALL FOUR GROUNDS OF THE INSTANT PETITION, RESPONDENT HAS FAILED TO "LODGE" IN THIS COURT THREE (3) GROUNDS THAT WAS PRESENTED TO THE CALIFORNIA SUPREME COURT ON "MAY 31, 2007" AS "SUPPLEMENTAL PLEADING--'GROUNDS 4-6'" THAT THEREIN (EXHAUSTED INSTANT PETITION GROUND ONE + TWO), GROUND 5 (EXHAUSTED GROUND 4 (EXHAUSTED INSTANT PETITION GROUND THREE), AND GROUND 6 (EXHAUSTED INSTANT PETITION GROUND FOUR), THUS RESPONDENT HAS VIOLATED THIS COURT'S OCTOBER 29, 2007 OSC. (SEE CO 4: 5-6 "AT TIME THE MOTION TO DISMISS IS FILED, RESPONDENT SHALL LODGE WITH THE COURT ALL RECORDS BEARING ON RESPONDENT'S CONTENTION IN THIS REGARD...!"). SEE RULES 4+5 OF THE RULES GOVERNING § 2254 CASES.

SECOND, RESPONDENT IN FACT KNOWS PETITIONER FILED THREE (3) ORIGINAL GROUNDS AND THREE (3) GROUNDS "SUPPLEMENTAL PLEADING" IN

(20)                                CV 07-2013

THE CALIFORNIA SUPREME COURT ON "MAY 31, 2007" (ORIGINAL PETITION GROUNDS 1-3 AND "SUPPLEMENT PLEADING" GROUNDS 4-6), BECAUSE PETITIONER SERVED RESPONDENT'S COUNSEL OF RECORD, i.e., THE CALIFORNIA ATTORNEY GENERAL, SAN DIEGO, CALIFORNIA OFFICE, ON MAY 18, 2007 (LODGMENT A) MAIL OUT FROM CALIPATRIA STATE PRISON ON MAY 29, 2007 (LODGMENT B, 5/29/07 ENTRY "CA ATTY. GEN. 110 W. "A" ST., SUITE [700] S.D. CA CONFIDENTIAL") A COPY OF CALIFORNIA SUPREME COURT HABEAS CORPUS GROUNDS 1-3 ORIGINAL PETITION AND GROUNDS 4-6 "SUPPLEMENTAL PLEADING" (THAT WAS ALSO MAILED TO THE CALIFORNIA SUPREME COURT ON "MAY 29, 2007" -- SEE LODGMENT B ENTRY 5/29/07 "CA SUPREME COURT 350 MCALLISTER ST. S.F., CA. ATTN: CLERK").[4]

THEREFORE, WHEN PETITIONER DIDN'T RECEIVE ANY RESPONSE FROM THE CLERK OFFICE OF THE CALIFORNIA SUPREME COURT WITH REGARD TO THE FILING OF THE MAY 29, 2007 MAILED ORIGINAL THREE GROUND PETITION AND THREE GROUND "SUPPLEMENTAL PLEADING". SEE ANTHONY V. CAMBRA, 236 F.3d 568, 575 (9TH CIR. 2000) (". . . THE PRISONER IS POWERLESS AND UNABLE TO CONTROL THE TIME OF DELIVERY OF DOCUMENTS TO THE COURTS" (QUOTING SAFFOLD V. NEWLAND, 224 F.3d 1087, 1091 (9TH CIR 2000)). PETITIONER ON JUNE 14, 2007 WROTE A LETTER INQUIRING ABOUT THE "ORIGINAL" AND "SUPPLEMENTAL PLEADING" HABEAS CORPUS "TOTALLING SIX (6) GROUNDS" FROM THE CALIFORNIA SUPREME COURT'S CLERK OFFICE (LODGMENT C). SEE SAFFOLD V. NEWLAND, 250 F.3d 1262, 1268 (9TH CIR. 2001).

---

4. PETITIONER'S PROOF OF SERVICE BY MAIL OF THE CALIFORNIA SUPREME COURT HABEAS CORPUS "ORIGINAL" PETITION (GROUNDS 1-3) AND HABEAS CORPUS "SUPPLEMENTAL PLEADING" PETITION (GROUNDS 4-6) DATED "MAY 18, 2007" MAILED BY THE INSTITUTION ON "5/29/07" (LODGMENT A + B) WAS PURSUANT TO 28 U.S.C. § 1746 WHEN MAILED TO THE CLERK AND ATTORNEY GENERAL, SEE COMMODITY FUTURES TRADING COMM'N V. TOPWORTH INT'L, 205 F.3d 1107, 1112 (9TH CIR. 1999); MATSUDA V. WADA, 101 F.Supp. 2d 1315, 1322-1323 (D. HAWAI'I 1999); AND PIESZAK V. GLENDALE ADVENTIST MEDICAL CENTER, 112 F.Supp.2d 970, 999 (C.D. CAL. 2000). CF. HUIZAR V. CAREY, 273 F.3d 1220/1223-1224 (9TH CIR. 2001) (CITING SCHIKORE V. BANKAMERICA SUPPLEMENTAL RET. PLAN, 269 F.3d 956, 961 (9TH CIR. 2001)).

THE CLERK'S OFFICE OF THE CALIFORNIA SUPREME COURT DATED PETITIONER'S LETTER RECEIVED "JUNE 18, 2007" WRITING THEREUPON THE LETTER CASE# S151296, THUS RETURNING A COPY OF PETITIONER'S JUNE 14, 2007 DATED LETTER WITH A COPY OF THE COURT'S "DOCKET LISTING FOR HABEAS CORPUS CASE# S151296" WHICH LISTED PETITIONER "SUPPLEMENTAL PLEADING-'GROUNDS 4-6' WAS RECEIVED ON '5/31/2007'", ILLUSTRATING THAT PETITIONER'S "MAY 31, 2007 'SUPPLEMENTAL PLEADING'-'GROUNDS 4-6' HAD BEEN FILED ON HABEAS CORPUS CASE# S151296 THAT PETITIONER HAD FILED ON "MARCH 26, 2007" AND WAS STILL PENDING. (SEE LODGMENT B ENTRY DATED "6/18/07"--THE MAILED LETTER, LODGMENT C, AND LODGMENT D.) [5]

THEREFORE, PETITIONER ON JULY 09, 2007 (LODGMENT B ENTRY "7/9/07") WROTE ANOTHER LETTER TO THE CLERK OF THE CALIFORNIA SUPREME COURT INFORMING THE CLERK'S OFFICE THAT THE COURT HAD FILED THE "MAY 31, 2007 RECEIVED 'SUPPLEMENTAL PLEADING-GROUNDS 4-6'" UNDER THE "WRONG CASE NUMBER," WHEN FILING THE 'SUPPLEMENTAL PLEADING'--'GROUNDS 4-6' UNDER CASE# 'S151296' BECAUSE 'S151296' THAT HAD BEEN FILED BY PETITIONER ON '03/26/2007' INVOLVED AN ALTOGETHER SEPARATE MATTER AND CLAIM INVOLVING A RVR FROM CSP-SACRAMENTO." SEE BATEMAN V. U.S. POSTAL SERVICE, 231 F.3d 1220 (9TH CIR. 2000).

NEVERTHELESS, PETITIONER NEVER HEARD FROM THE CLERK'S OFFICE OF THE CALIFORNIA SUPREME COURT REGARDING THE ERRONEOUS FILING OF THE "SUPPLEMENTAL PLEADING--GROUNDS 4-6" UNDER CASE# "S151296". INSTEAD, PETITIONER TWO (2) HABEAS CORPUS DENIALS DATED "JULY 25, 2007" FOR CASES "S151296" AND "S154383" (LODGMENTS E+F), THUS DENYING "SUPPLEMENTAL PLEADING--'GROUND 4-6'" UNDER CASE# "S151296".

5. THE CLERK OF THE CALIFORNIA SUPREME COURT SIMPLY MADE A "MISTAKE" AND FILED PETITIONER "SUPPLEMENTAL PLEADING-GROUNDS 4-6" UNDER CASE# "S151296". SEE HOUSTON V. LACK, 487 U.S. 266, 275-276 FN.3 (1988)(A PRISONER CONFINED TO HIS CELL CAN USUALLY ONLY GUESS WHETHER . . . THE COURT CLERK IS TO BLAME FOR ANY DELAY). CF. JAMES V. MADISON STREET JAIL, 122 F.3d 27, 28 (9TH CIR. 1997).

(22)                    CV-07-2013

HENCEFORTH, PETITIONER ASSERTS, THOUGH THE INSTANT PETITION GROUNDS ONE AND TWO WAS EXHAUSTED IN CALIFORNIA SUPREME COURT HABEAS CORPUS CASE NUMBER "S154383" THE "ORIGINAL" PETITION'S GROUNDS 1-3 CONCEDED TO BY RESPONDENT (MOTION AT P.5:15-28, P.6:4-5) AS BEING EXHAUSTED. (SEE RESPONDENT'S LODGMENT 11+12.) ACCORDINGLY, ITS PETITIONER'S ASSERTION THAT "SUPPLEMENTAL PLEADING-GROUNDS 4-6" FILED BY THE CLERK OF THE SUPREME COURT OF CALIFORNIA UNDER THE HABEAS CORPUS CASE# "S151296" ERRONEOUSLY, (OPPOSITION'S LODGMENTS A, B, C, D, E+F), ILLUSTRATES THEREIN THAT THE INSTANT PETITION'S GROUNDS ONE-FOUR HAS BEEN FULLY EXHAUSTED WITHIN THE CALIFORNIA SUPREME COURT ON HABEAS CORPUS AND ADMINISTRATIVELY WITHIN THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS. WHICH, IN NON-COMPLIANCE WITH THIS COURT'S OCTOBER 29, 2007 OSC, RESPONDENT HAS FAILED TO "LODGE" WITHIN THIS COURT PROCEEDING. MOREOVER, PETITIONER ASSERTS, THE "SUPPLEMENTAL PLEADING-GROUNDS 4-6" DENIED BY THE CALIFORNIA SUPREME COURT ON "JULY 25, 2007 CASE# S151296", IS THE SAME "SUPPLEMENTAL PLEADING-GROUNDS 4-6" THAT THE CALIFORNIA COURT OF APPEAL-FOURTH APPELLATE DISTRICT-DIVISION ONE TOOK "JUDICIAL NOTICE" OF IN THE COURT'S MAY 10, 2007 DENIAL ORDER AND OPINION IN APPELLATE CASE# "D050641". (SEE RESPONDENT'S LODGMENT 9 AT P.1, PARA.1.)

"OF COURSE A STATE COURT MAY APPLY MORE LIBERAL STANDARDS THAT THOSE DECLARED BY THE SUPREME COURT; HOWEVER, THE ISSUE IN A FEDERAL COURT REMAINS WHETHER JUDGED BY FEDERAL STANDARDS A PETITIONER WAS ACCORDED THE MINIMUM GUARANTEES AFFORDED BY THE UNITED STATES CONSTITUTION." SEE FRIAS V. WILSON, 373 F.2d 61, 62 (9TH CIR. 1967). Cf. PARK V. CALIFORNIA, 202 F.3d 1146, 1153-1154 n.14 (9TH CIR. 2000).

(23)

07 CV-2013

ACCORDINGLY, PETITIONER ASSERTS, REGARDING RESPONDENT'S MOTION CONTENDING THAT "THE ALLEGATIONS IN THE PETITION ARE UNINTELLIGIBLE, AT LEAST WITH RESPECT TO ANY CLAIM OF ERROR OF CONSTITUTIONAL MAGNITUDE" (MOTION AT P. 2:1-2). THIS COURT'S OCTOBER 29, 2007 OSC HELD THAT "IN ACCORDANCE WITH RULE 4 OF THE RULES GOVERNING PETITIONS FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254, AND UPON A PRELIMINARY REVIEW OF THE PETITION, 'IT IS ORDERED' THAT" (CD4:18-20), THUS ORDERING RESPONDENT TO "RESPOND" TO PETITIONER'S ASSERTIONS FOUND WITHIN (THE CLAIMS OF CONSTITUTIONAL VIOLATIONS) FILED FOUR (4) GROUND PETITION. AND IF THE COURT HADN'T FOUND PETITIONER'S PETITION CLAIMS WERE OF "CONSTITUTIONAL MAGNITUDE" RULE 4 FOLLOWING 28 U.S.C. § 2254 DOESN'T ALLOW SUCH AN ORDER AS WAS ISSUED BY THIS COURT ON OCTOBER 29, 2007. (CD4.) COMPARE LUCAS v. DEPARTMENT OF CORRECTIONS, 66 F.3d 245, 248-249 N.7 (1995) (... A PRO SE LITIGANT IS ENTITLED TO NOTICE OF THE COMPLAINT'S DEFICIENCIES AND AN OPPORTUNITY TO AMEND PRIOR TO DISMISSAL OF THE ACTION (CITING NOLL v. CARLSON, 809 F.2d 1446, 1448 (9TH CIR. 1987)); AND SEE LOPEZ v. SMITH, 203 F.3d 1122, 1126-1127, 1130-1131 (9TH CIR. 2000) (... COURT SHALL GRANT LEAVE TO AMEND FREELY "WHEN JUSTICE SO REQUIRES", "THIS MANDATE IS TO BE HEEDED" (QUOTING FOMAN v. DAVIS, 371 U.S. 178, 182 (1962); "A DISTRICT COURT SHOULD GRANT LEAVE TO AMEND EVEN IF NO REQUEST TO AMEND THE PLEADING WAS MADE..." (CITING DOE v. U.S., 58 F.3d 494, 497 (9TH CIR. 1995)); ... PRESUMABLY UNSKILLED IN THE LAW, THE PRO SE LITIGANT IS FAR MORE PRONE TO MAKING ERRORS IN PLEADING THAN THAT OF THE PERSON WHO BENEFITS FROM THE REPRESENTATION OF COUNSEL" (QUOTING NOLL, 809 F.2d AT 1448))). 6/ CP. MCHENRY v. RENNE, 84 F.3d 1172, 1178-1179 NN.4-5 (9TH CIR. 1996).

6. FURTHERMORE, REGARDING RESPONDENT'S MOTION (AT P. 4:28) CONTENDING THAT "THE RELIEF HE SEEKS IS EQUALLY INDECIPHERABLE", PETITIONER ASSERTS, RESPONDENT (AND THE COURT) NEED LOOK NO FURTHER THAN PETITIONER'S CALIFORNIA SUPREME COURT HABEAS CORPUS PETITIONS "PRAYER FOR RELIEF" IN CASES "S151296" "SUPPLEMENTAL PLEADING - GROUNDS 4-6" (OPPOSITION LODGMENTS A, D & E), AND "S154383" "ORIGINAL PLEADING - GROUNDS 1-3" (OPPOSITION LODGMENT F). SEE BURNSWORTH, 129 F.3d AT 775 N.7 (CITING U.S. v. SWEENEY, 914 F.2d 1260, 1264 (9TH CIR. 1990); AND CITING WOLFF, 418 U.S. AT 558).

(24)                                            CV 07-2013

HENCEFORTH, PETITIONER ASSERTS, THE INSTANT FOUR (4) GROUND FEDERAL PETITION FOR WRIT OF HABEAS CORPUS FILED PURSUANT TO 28 U.S.C. §2254 IS IN FACT COGNIZABLE AND JURISDICTIONAL IN EVERY WAY CONCERNING THIS MATTER.

"FEDERAL COURTS ARE VESTED WITH A 'VIRTUALLY UNFLAGGING OBLIGATION' TO EXERCISE THE JURISDICTION GIVEN THEM. 'WE HAVE NO MORE RIGHT TO DECLINE THE EXERCISE OF JURISDICTION WHICH IS GIVEN, THAN TO USURP THAT WHICH IS NOT GIVEN.'" McCARTHY V. MADIGAN, 503 U.S. 140, 146 (1992) (CITATION OMITTED)(CITING AND QUOTING COLORADO RIVER WATER CONSERVATION DIST. V. U.S., 424 U.S. 800, 817-18 (1976); COHENS V. VIRGINIA, 19 U.S. (6 WHEAT.) 264, 404, 5 L.Ed. 257 (1821)). "'[T]HE PRINCIPLES THAT NECESSARILY FRAME OUR ANALYSIS OF PRISONERS' CONSTITUTIONAL CLAIMS' IS THAT 'FEDERAL COURTS MUST TAKE COGNIZANCE OF THE VALID CONSTITUTIONAL CLAIMS OF THE PRISON INMATES.' BECAUSE A PRISONER ORDINARILY IS DIVESTED OF THE PRIVILEGE TO VOTE, THE RIGHT TO FILE A COURT ACTION MIGHT BE SAID TO BE HIS REMAINING MOST 'FUNDAMENTAL POLITICAL RIGHT, BECAUSE PRESERVATIVE OF ALL RIGHTS.'" Id. AT 153 (CITATION OMITTED)(QUOTING TURNER V. SAFLEY, 482 U.S. 78, 84 (1987) AND YICK WO V. HOPKINS, 118 U.S. 356, 370, 6 S.Ct. 1064, 30 L.Ed. 220 (1886)).

## Conclusion

WHEREFORE, PETITIONER PRAY, SINCE ALL FOUR GROUNDS OF THE INSTANT PETITION FOR HABEAS CORPUS HAS BEEN FULLY EXHAUSTED, AND STATE ARGUABLE CLAIMS OF CONSTITUTIONAL MAGNITUDE, RESPONDENT'S MOTION TO DISMISS MUST BE DENIED. AND RESPONDENT MUST BE ISSUED THE APPROPRIATE ORDER(S) REQUIRING RESPONDENT TO "ANSWER" TO THE MERITS OF PETITIONER'S HABEAS CORPUS CLAIMS AS SET FORTH AND GOVERNED BY STATUTORY AND UNITED STATES FEDERAL LAWS.

DATED: APRIL 06, 2008

RESPECTFULLY SUBMITTED,

DANNY JAMES COHEA

CV 07-2013

(25)