UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>          Petitioner,<br>v.<br>L.E. SCRIBNER, Warden<br><br>          Respondent. | Civil No. 07cv2013 JAH (JMA)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>[Doc. No. 16] |

In an order filed January 8, 2008, this Court denied Petitioner's motion for a temporary restraining order. On January 22, 2008, Petitioner filed a motion for reconsideration of this Court's order denying his motion for a temporary restraining order.[1]

Petitioner seeks reconsideration of the denial of his motion for temporary restraining order pursuant to Federal Rule of civil Procedure 60(b)(6).[2] Rule 60(b)(6)

---

[1] Petitioner has also appealed the Court's order denying his motion for a temporary restraining order. Generally, the filing of a notice of appeal divests the district court of jurisdiction over "the aspects of the case involved in the appeal." See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, a notice of appeal from a nonappealable order will not divest the court of jurisdiction. Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993); United States v. Garner, 663 F.2d 834, 838 (9th Cir. 1981); Ruby v. Secretary of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966). This Court's order denying Petitioner's motion for a temporary restraining order is not an appealable order. See Religious Technology Center, Church of Scientology Intern., Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir. 1989). Therefore, this Court retains jurisdiction to rule on the motion for reconsideration.

[2] Petitioner also requests this Court recuse from this matter without elaboration. The Court finds a motion for reconsideration of a court's denial of a temporary restraining order is not a proper motion for seeking a Judge's recusal from an action. The request should be made in an appropriation motion and set forth sufficient argument in support.

provides, in relevant part, "upon motion and upon such terms as are just, the court may relieve a party. . .from a final judgment, order or proceedings for. . .any other reason justifying relief from the operation of judgment." Rule 60(b)6 "has been used sparingly as an equitable remedy to prevent injustice.  The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

Petitioner argues the Court committed clear error in denying his motion, because it did not properly consider his argument that application of the new regulation to the March 11, 2006 rule violation violated the ex post facto clause of the United States Constitution.  Petitioner argues the use of the March 11, 2006 offense as an aggravation factor to increase the SHU[3] term three months violates the ex post facto clause, because at the time he committed the March 11, 2006 violation, indecent exposure was not an offense warranting a SHU term.  As noted by the Court in its order, Petitioner's argument in support of his motion for a temporary restraining order was unclear.  Petitioner appears to clarify his argument in his motion for reconsideration.  Although the Court did not fully consider Petitioner's current argument that assessing additional time based upon an offense that took place before the amended regulations were instituted violated his constitutional rights, the Court now finds it lacks merit and does not warrant the issuance of a temporary restraining order.[4]

Based upon the documents filed in support of his motion for temporary restraining order and Petitioner's current argument, it appears Petitioner was assessed a SHU Term for a rule violation occurring on September 17, 2007.  Petitioner was assessed a total of

---

[3] Security Housing Unit.

[4] Petitioner must demonstrate either (1) a combination of likelihood of success on the merits and of his petition and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D.Cal. 1995) (Determining the standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction).

nine months for indecent exposure. The nine month term included an additional three months for aggravating factors which included a rule violation for indecent exposure that occurred on March 11, 2006. According to the California Code of Regulations, a classification committee may impose a greater period of confinement if aggravating factors exist to warrant the greater period. 15 CA ADC § 3341.5(c)(10). An inmate's prior "acts of misconduct of the same or similar nature" are considered aggravating factors. Id.

Petitioner argues the committee's imposition of an increased SHU term pursuant to the regulations that went into a effect in February 2007[5] based upon an incident that occurred in March 2006 violated his constitutional rights. Because Petitioner's rule violation for indecent exposure on September 17, 2007, took place after the effective date of the regulations at issue, the assessment of a greater term for a past similar incident did not violate the ex post facto clause of the constitution. See Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) vacated on other grounds, Mayle v. Brown, 538 U.S. 901 (2003) ("The application of a sentencing enhancement due to a prior conviction does not violate the Ex Post Facto Clause as long as the statute was in effect before the trigger offense was committed."). Accordingly, Petitioner fails to demonstrate a likelihood of success on the merits of his claim that imposition of the term violated the ex post facto clause.

In further support of his request, Petitioner sets forth a new argument for issuance of a temporary restraining order. He argues, that based upon this Court's statement in a footnote, that the requirement of "two or more offenses" applies to the violation for sexual disorderly conduct rather than indecent exposure, the regulation is unconstitutional vague and overbroad. He maintains section 3341.5(c)(9)(K) violates "the vagueness and overbreadth doctrine" because he is not provided "'a reasonable opportunity to know what is prohibited so that he may act accordingly' nor prevented that ad hoc and subjective basis allowing an 'attendant danger[s] arbitrary and discriminatory application' of CCR

---

[5]Although Petitioner argues the effective date was January 2007, according to the regulation, the amendment and relettering became operative on February 23, 2007. See 15 CA ADC § 3341.5 History.

Rule § 3341.5(c)(9)K) as an impermissibly [sic] delegation of basic policy matters to correctional staff, thus trapping Petitioner with this 'new regulation' by not providing fair warning." Motion at 7 - 8.

Petitioner's conclusory assertion that the regulation fails to provide him an opportunity to know what is prohibited and allows arbitrary and discriminatory application is insufficient to demonstrate the regulation is unconstitutionally vague and overbroad. The regulation clearly gives a person of ordinary intelligence a reasonable opportunity to know that indecent exposure is prohibited and results in a SHU term of either three, six or nine months, and two or more incidents of sexual disorderly conduct within a twelve month period will result in a SHU term of either three, six or nine months. See Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); see also 15 CA ADC § 3341.5(c)(9)(K). The Court also finds, the directions for imposing SHU terms for indecent exposure and sexual disorderly conduct are sufficiently explicit to avoid arbitrary and discriminatory enforcement. Grayned, 408 U.S. at 108. Additionally, Petitioner sets forth no argument and the Court finds no evidence that the regulation reaches constitutionally protected conduct. See City of Houston, Texas v. Hill, 482 U.S. 451 (1987). Accordingly, Petitioner fails to demonstrate a likelihood of success of his claim for vagueness or overbreadth.

As discussed above, Petitioner fails to demonstrate a likelihood of success on the merits of his claim or that serious questions go to the merits, and therefore, he is not entitled to a temporary restraining order.[6] Therefore, Petitioner fails to demonstrate the Court committed clear error and that reconsideration of the Court's order denying his motion for temporary restraining order is otherwise appropriate.

---

[6]Petitioner also argues the Respondent's transfer policy denies him his legal documents upon his transfer to the SHU as evidence of irreparable injury. Because the Court finds he fails to meet the first of the test for a temporary restraining order, the Court need not address the argument.

1   Accordingly, **IT IS HEREBY ORDERED** Petitioner's motion for reconsideration
2 is **DENIED**.
3 DATED: April 18, 2008

5 JOHN A. HOUSTON
  United States District Judge