UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>        Petitioner,<br><br>v.<br><br>L.E. SCRIBNER, etc., et al.<br><br>        Respondents. | Case No. 07-CV-2013-JAH (JMA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RECOMMENDING DENIAL OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND ISSUANCE OF ORDER REQUIRING BRIEFING ON THE MERITS** |

**I.    Introduction and Background**

Petitioner is a state prisoner serving a sentence of 19 years to life after a 1994 conviction by jury of second degree murder with use of a firearm (Cal. Penal Code §§ 187 & 12022.5(a)). (See Lodgment No. 1.) Petitioner filed this Petition for Writ of Habeas Corpus by a Person in State Custody on October 17, 2007, contending generally that he was found guilty of two institutional rules violations in violation of his right to due process. (Petition at 6-22.[1])

---

[1] The page numbers cited in reference to papers filed herein are the page numbers assigned by the Court's docketing system to each filed document. Those page numbers are printed at the top of each docketed page.

On February 21, 2006, Petitioner was placed in the Administrative Segregation Unit at Calipatria State Prison ("ASU") following a Rules Violation Report ("RVR") for "Sustained Masturbation Without Exposure." (See Petition at 7 & Lodgment No. 2.) On March 9, 2006, Petitioner was found guilty of the charged offense after an administrative hearing and was assessed 60 days forfeiture of credit. (Id.) On March 11, 2006, while in the ASU, Petitioner received another RVR for indecent exposure, and he was found guilty of the charged offense after an administrative hearing on April 19, 2006. (Lodgment No. 3.) He was assessed 90 days forfeiture of credit and ten (10) days "loss of yard." (Id.) Petitioner then filed a series of administrative appeals related to the administrative hearings on the charged offenses and the findings of guilt. (See Lodgment Nos. 2, 3 & 4.) His administrative appeals were denied. (Id.) Petitioner contends in this Court that he was placed in the ASU from February 21, 2006 to March 29, 2007 as a result of the RVRs and subsequent findings of guilt. (Petition at 2.)

On September 11, 2006, Petitioner filed a petition for writ of habeas corpus in Imperial County Superior Court, alleging that he was improperly placed in the ASU and that the administrative hearings on the charged offenses and findings of guilt violated his right to due process. The petition was denied on November 21, 2006. (See Lodgment Nos. 5 & 6.) Petitioner then filed two petitions for habeas relief in the California Court of Appeal on December 6, 2006 and April 12, 2007 (although the second petition appears to have been intended as a "Supplemental Pleading" to the original petition) raising the same claims. (Lodgment Nos. 7 &

1  9.)  Those petitions were denied on March 27, 2007 and May 10,
2  2007, respectively.  (Lodgment Nos. 8 & 10.)  Petitioner then
3  filed a petition for habeas relief in the California Supreme
4  Court on March 26, 2007, which was denied without reasoned
5  decision on July 25, 2007.  (Lodgment Nos. 11 & 12.)[2]  Petitioner
6  then filed this federal Petition on October 17, 2007.

7      On January 11, 2008, Respondent filed a Motion to Dismiss
8  the Petition [Doc. No. 12, "Motion"], contending that the Peti-
9  tion should be dismissed: (1) for failure to state specific,
10 articulate grounds for relief, and (2) because Petitioner has
11 failed to exhaust state court remedies regarding "at the very
12 least" Grounds Three and Four of the Petition.  (Motion at 3-6.)
13 On April 15, 2008, Petitioner filed an Opposition to the Motion
14 ("Opposition") and a "Notice of Lodgment in Support of Opposi-
15 tion" to the Motion ("Opposition Lodgment").  [Doc. Nos. 25 & 25-
16 2]

**II.  Respondent's contention that the Petition's allegations are "unintelligible" or "indecipherable" is unpersuasive**

19     Respondent contends that Petitioner's allegations, set out
20 in Grounds One through Four of the Petition, fail to "set forth
21 in summary form the facts supporting each of the grounds ...
22 specified [in the Petition]."  Rule 2(c) Foll. 28 U.S.C. § 2254.
23 Respondent further contends that Petitioner's contentions amount

---

[2] Lodgments supplied by Petitioner as part of his Opposition to Respondent's Motion to Dismiss indicate that Petitioner additionally filed a "Supplemental Pleading - grounds 4-6" in the California Supreme Court on May 31, 2007.  (See, e.g., Notice of Lodgement in support of Opposition filed nunc pro tunc on April 10, 2008 [doc. no. 25-2] at Lodgment D.)  The issue of Petitioner's filing of a supplemental pleading in the California Supreme Court will be discussed in greater detail below.

1 to nothing more than conclusory allegations and cannot support
2 federal habeas relief.  See <u>James v. Gomez</u>, 66 F.3d 199, 205 (9th
3 Cir. 1995).  Respondent requests that the Court dismiss the
4 Petition for failure to state a specific claim for relief.
5 <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977).  Petitioner
6 opposes the Motion and requests the Court to order Respondent to
7 file an answer addressing the Petition's merits.  (<u>See</u> <u>generally</u>
8 Opposition.)

9    The Petition's four grounds for relief are stated in 16
10 hand-written pages, partly on the Petition form itself and partly
11 on attached pages.  (Petition at 6-22.)  As such, the allegations
12 of the Petition are somewhat rambling and narratively verbose.
13 As part of his opposition, however, Petitioner clarifies and more
14 succinctly states his claims:

> **[Ground One]** Petitioner's instant Petition for Habeas Corpus relief relates to a February 21, 2006 falsified <u>segregation order</u> (CDCR Form 114-D) that unconstitutionally placed Petitioner in Administrative Segregation ("AD-SEG" or "ASU") <u>without</u> allowing his procedural due process rights to investigative employee or staff assistant ("IE" and "SA") and <u>without</u> the allowance of "witnesses" for the segregation order's <u>retention</u> in AD-SEG hearing held by Calipatria's March 02, 2006 Institutional Classification Committee ("ICC") (Petition Ground One).  Additionally, the instant Petition for habeas corpus relief relates to Petitioner's March 05, 2006 submitted, March 21, 2006 filed administrative grievance ("Appeal") Log # CAL-A-06-00639, which grieved the clearly unconstitutional deprivation of IE or SA and witnesses at the March 02, 2006 segregation order's ICC <u>retention</u> held hearing, and grieved <u>bias</u> official handling of the AD-SEG lock-up proceeding/procedures <u>and</u> grieved Calipatria's sex and race discrimination (the sex and race discrimination claims state and administrative remedies have been exhausted but <u>not</u> raised in the instant habeas corpus proceedings).
>
> **[Ground Two]** As Petitioner's instant petition Ground Two asserts clear constitutional violations of Calipatria officials delaying the appeal process and ignoring Petitioner's grieved claims, while also

allowing an ICC Hearing Official of the March 02, 2006 members to review Petitioner's formal appeal issues regarding grievance/appeal "CAL-A-06-00639", all claims of procedural due process violations by Respondent (Petition Ground Two).

**[Ground Three]** Moreover, Petitioner's instant Petition Ground Three asserts "actual innocence" of the allegations filed in the February 22, 2006 Rule Violation Report ("RVR") (that followed the Correctional Official's February 21, 2006 CDCR-114-D Segregation Order), as therein (Ground Three) Petitioner asserts unconstitutional bias by the RVR Hearing Officer ("SHO"), screening and ignoring of Petitioner's "exculpatory" evidence, the RVR hearing evidence not meeting the "some evidence" standard, and the RVR hearing evidence proved to be "falsified", but Petitioner was nevertheless still found "guilty" of the RVR allegations. As therein, Petitioner's Ground Three (3) when appeal was unconstitutionally denied, RVR hearing evidence manipulated, and claims ignored.

**[Ground Four]** As Petitioner's instant Petition Ground Four asserts that while in AD-SEG on the February 21, 2006 unconstitutional CDCR-114-D Segregation Order and February 22, 2006 unconstitutional RVR, and March 02, 2006 unconstitutional AD-SEG retention ICC hearing, Petitioner was issued (in AD-SEG) yet another falsified RVR on March 11, 2006 (by a second female correctional staff member) that the bias Senior Hearing Officer ("SHO") of the March 11, 2006 RVR screened, ignored and circumvented Petitioner's exculpatory evidence, the fact that Petitioner was informed (in writing and orally) that the March 11, 2006 RVR allegations were not a "D.A. Referral" case when it clearly (depriving Petitioner's rights to postponement of the RVR hearing), that was compounded by the SHO changing charges and disposition after the RVR hearing to referral to the local D.A.; that also deprived Petitioner of a SA a right to "confidentiality" especially after the SHO had "already determined [Petitioner's clear confinement in Ad-SEG] was not competent to proceed on his own"; moreover Petitioner's instant Petition Ground Four asserts, that on administrative grievance (appeal) of the March 11, 2006 RVR SHO's guilty finding, the appeal asserted specifically every element of the violations to both second level appeal review (i.e., the Calipatria Warden's Office - Respondent) and to the Departmental Director's level appeal review, which both ignored, sidestepped, and plainly "denied" Petitioner's assertions unjustifiably. As Petitioner's Ground Four asserted, all the aforementioned (herein/therein) violations was in fact violations of Petitioner's rights to due process and equal protection of the United States Constitution's Fourteenth Amendment, and

5

1      that the Respondent encouraged resolution of the matter
       <u>by</u> <u>this</u> <u>Court</u>.

(Opposition at 6-8.)

The undersigned magistrate judge finds that Petitioner has stated his claims with sufficient factual specificity and accordingly recommends that the Court deny Respondent's Motion insofar as it is based on the ground that Petitioner's claims are insufficiently stated.  The undersigned magistrate judge further recommends that the Court deem Petitioner's most recent statement of his claims, Grounds One through Four as set forth above, the operative allegations of the Petition and those to which Respondent shall direct future response or briefing.[3]

**III. <u>Respondent has not adequately supported its contention that Petitioner has failed to exhaust available state remedies</u>**

Respondent contends that Petitioner failed to exhaust available state remedies as to Grounds Two, Three, and Four of the Petition. (Motion at 5-6.)  Petitioner opposes the Motion on this ground, contending that "Respondent has <u>failed</u> to "lodge" with this Court three (3) grounds that [were] presented to the California Supreme Court on May 31, 2007 as "<u>Supplemental Pleading</u> - - 'Grounds 4-6'" that [contained] therein Ground 4 (exhausted instant Petition Ground One & Two), Ground 5 (exhausted instant Petition Ground Three), and Ground 6 (exhausted instant Petition Ground Four) ... ." (Opposition at

---

[3]The Court notes that Respondent does an admirable job of summarizing Petitioner's unintelligible and indecipherable claims in part II of its Motion, even without the clarification provided by Petitioner in his Opposition (at pp. 5-6), which further undermines Respondent's argument that the Petition's allegations are not stated with the requisite specificity.

24.)

In support of his Opposition to the Motion, Petitioner has lodged the following: a copy of a "Calipatria State Prison Legal Log Outgoing," indicating that Petitioner sent mail to the California Supreme Court on May 29, 2007 (Opposition Lodgment B at p. 5); a copy of a page from "Supreme Court of California Docket Listing," Case No. S151296, containing the entry "05/31/2007 Received: Supplemental Pleading - grounds 4-6" (Opposition Lodgment D at 7); a copy of the California Supreme Court's summary denial of Case No. S151296 filed July 25, 2007 (Opposition Lodgment E at 8); and a copy of the California Supreme Court's summary denial of Case No. S154383, also filed on July 25, 2007 (Opposition Lodgment F at 9).

While it is impossible to reconstruct with certainty what transpired with respect to Petitioner's California Supreme Court filings, it is reasonable to infer the following, given the information before the Court: that Petitioner's "Supplemental Pleading - grounds 4-6" was initially received and entered on the docket in California Supreme Court Case No. S151296 on May 31, 2007 (Opposition Lodgment D at 7); that on a date uncertain, but prior to July 25, 2007, the "Supplemental Pleading - grounds 4-6" was removed from the docket of Case No. S151296 and given a separate California Supreme Court case number – S154383; and that on July 25, 2007, both petitions (in case nos. S151296 & S154383) were denied. (Opposition Lodgments E & F at 8-9.)

Respondent lodged as Lodgment No. 11 to the Motion a Petition for Writ of Habeas Corpus form, signed by Petitioner on May 18, 2007, which contains the handwritten words "original

7

pleading (see herewith Supplemental Pleading Grounds 4-6 Enclosed)." Lodgment No. 11 appears to contain Grounds 1-3 of a petition submitted by Petitioner to the California Supreme Court, but the copy lodged does not reflect a California Supreme Court case number. (See Lodgment No. 11 at 1 and final page, "Proof of Service by Mail.") It appears that grounds 4-6 of Petitioner's submission to the California Supreme Court (and which Petitioner contends contain the substance of Grounds One through Four of his federal Petition) are not part of the lodgment submitted by Respondent. The magistrate judge suspects that the "Supplemental Pleading - Grounds 4-6" may contain the substance of Petitioner's claims raised in this federal Petition, may ultimately have been filed in California Supreme Court case number S154383, and was not submitted by Respondent in support of its contention that Petitioner has failed to exhaust available state remedies regarding certain claims in his federal Petition.

A portion of Lodgment No. 9 (Petitioner's April 12, 2007 petition to the California Court of Appeal submitted by Respondent in support of the Motion) consists of 75 pages beginning after the petition form, attachments, and proof of service with a page entitled "Supplemental Pleading." Contained in these pages are the following claims, detailed at length:

>    "Supplemental Pleading" [¶] Ground Four [¶] Petitioner's First and Fourteenth Amendment rights and state and federal due process and equal protection rights were violated when Petitioner sought relief from February 21, 2006 false "Segregation Order" administratively.
>
>    "Supplemental Pleading" [¶] Ground Five [¶] Petitioner's due process and equal protection violations, when on February 22, 2006 a falsified rule violation report was filed and issued to Petitioner on March 07, 2006 and that RVR reviewing staff (in hearing

1    and on appeal) denied the truth for the lies.

2    "Supplemental Pleading" [¶] <u>Ground Six</u> [¶] Petitioner's
     due process and equal protection rights were further
3    violated when while already in AD-SEG on one falsified
     "Segregation Order and RVR" Petitioner was issued a
4    second falsified RVR on March 11, 2006.

(Lodgment No. 9 at p. 9 of "Supplemental Pleading" portion.) While the magistrate judge cannot be certain, it appears that the content of these "Supplemental Pleading" pages filed by Petitioner in the California Court of Appeal <u>may</u> contain the same content as that contained in the "Supplemental Pleading - Grounds 4-6," which Petitioner contends he filed on May 31, 2007 in the California Supreme Court. If so, it appears that Petitioner has exhausted available state remedies to the claims presented here.

Accordingly, the undersigned magistrate judge finds and recommends that Respondent's Motion on this ground be denied.

## IV. Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has stated his claims with sufficient particularity and, while Petitioner has alleged full exhaustion of available state remedies, Respondent has not shown that his claims are unexhausted. The magistrate judge recommends that the Court adopt the findings contained in this report and recommendation and:

(1)    **DENY** Respondent's Motion to Dismiss the Petition;

(2)    Deem Petitioner's most recent statement of his claims, Grounds One through Four as set forth above, the operative allegations of the Petition and those to which Respondent shall direct future response or briefing; and

     (3)   Order the issuance of a briefing schedule on the merits of Petitioner's claims.

This Report and Recommendation is submitted to the Honorable John A. Houston, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **August 26, 2008**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed no later than **September 8, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 14, 2008

Jan M. Adler
U.S. Magistrate Judge